(EXHIBIT-A-3)

CHRISTOPHER DAVID BROWN #57800
Name
HUTCHINSON CORRECTIONAL FACILITY
500 REFORMATORY ROAD
P.O. BOX 1568

HUTCHINSON, KANSAS 67504
Address

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

CHRISTOPHER DAVID BROWN, Plaintiff
(Full Name)

CASE NO. 21-3105-SAC
(To be supplied by the Clerk)

V.

DANIEL L. SCHNURR et al, Defendant(s)
JEFFREY NEAL PETTIJOHN,
TODD E. SWENSON, CARMEN G. BAYNHAM

JURY TRIAL DEMAND, FED. R. CIV. P. 38 (b) BY PLAINTIFF
CIVIL RIGHTS COMPLAINT
PURSUANT TO 42 U.S.C.
§1983

THIS IS A VERIFIED COMPLAINT

### A. JURISDICTION

1) CHRISTOPHER DAVID BROWN, is a citizen of KANSAS
   (Plaintiff)                                    (State)

   who presently resides at HUTCHINSON CORRECTIONAL FACILITY
                            (Mailing address or place
   500 REFORMATORY ROAD, HUTCHINSON, KANSAS 67504
   of confinement.)

2) Defendant DANIEL L. SCHNURR is a citizen of
              (Name of first defendant)

   HUTCHINSON, KANSAS, and is employed as
   (City, State)

   WARDEN OF HUTCHINSON CORRECTIONAL FACILITY. At the time the
   (Position and title, if any)

   claim(s) alleged in this complaint arose, was this defendant acting under the color of state

   law? Yes ☒ No ☐. If your answer is "Yes", briefly explain:

   DEFENDANT SCHNURR WAS THE WARDEN WHEN MY RIGHTS
   WERE VIOLATED AND BY STATUTE HAS A DUTY TO ENSURE THE
   HEALTH AND SAFEKEEPING OF PLAINTIFF. DEFENDANT SCHNURR
   IS BEING SUED IN HIS INDIVIDUAL CAPACITY. FOR HIS FAILURE
   TO PROTECT ME, HIS POLICY TO GIVE STAFF IMMUNITY FOR THEIR
   ILLEGAL ACTS/BEHAVIORS...

XE-2 8/82 WRONG DOING OF CIVIL RIGHTS COMPLAINT §1983

1

(EXHIBIT-A-4)

3) Defendant **JEFFREY NEAL PETTIJOHN** is a citizen of
   (Name of second defendant)

   **HUTCHINSON, KANSAS**, and is employed as
   (City, state)

   **A-2 CELLHOUSES UNIT TEAM COUNSELOR/SECURITY**. At the time the
   (Position and title, if any)

   claim (s) alleged in this complaint arose was this defendant acting under the color of state

   law? Yes [X] No [ ]. If your answer is "Yes", briefly explain:

   DEFENDANT PETTIJOHN WAS ON DUTY AND WORKING IN A-2 CELLHOUSE WHEN PLAINTIFF'S RIGHTS WERE VIOLATED AND IS PARTLY AT FAULT FOR REFUSING TO INTERVENE. DEFENDANT IS BEING SUED IN HIS INDIVIDUAL CAPACITY.

   (Use the back of this page to furnish the above information for additional defendants.)

4) Jurisdiction is invoked pursuant to 28 U.S.C. §1343(3); 42 U.S.C. §1983. (If you wish to

   assert jurisdiction under different or additional statutes, you may list them below.)
   42 U.S.C. SECTION 1983, 1331 AND 1343 (4)(3), 28 U.S.C. SECTION 2201 AND 2202, 28 U.S.C. SECTION 1983, 2283, 2284, AND RULE 65 OF THE FED. R. OF CIV. P., K.S.A. - §75-5252, U.S. AND K.S. CONSTITUTIONS, FED. R. OF CIV. P. 38(b), 28 U.S.C. §- 1367(a), IMPP 0-2 #180 B, V, R, AND 3, K.A.R. 44-15-104(a), K.S.A. §60-513, PENDENT JURISDICTION/SUPPLEMENTAL JURISDICTION.

## B. NATURE OF THE CASE

1) Briefly state the background of your case:
   DEF SWENSON SOUGHT PLF. OUT TO HARASS, MISTREAT, AND ABUSE HIS AUTHORITY OVER PLF. DEF. SWENSON WAS AGGRESSIVE, DISRESPECTFUL, CUSSING, YELLING, AND THREATENING PLF. PLF TOLD DEF. HE WAS WRITING HIM UP (GRIEVANCE). DEF SWENSON BECAME ENRAGED AND CONFRONTATIONAL AND THREW PLF'S CUP ON THE FLOOR, DENYING PLF DINNER DRINKS (TEA & COFFEE) AND WAS GOING TO CLOSE THE FOOD PASS DOOR, BUT PLF PUT HIS HAND/ARM IN IT PREVENTING IT FROM BEING CLOSED, WHILE CALLING FOR DEF. PETTIJOHN (UNIT TEAM) TO PLEASE COME HERE DUE TO WHAT DEF SWENSON HAD DONE SO FAR, BUT DEF. PETTIJOHN REFUSED, ALTHOUGH HE WAS ONLY TWO (2) CELLS AWAY. DEF. SWENSON TOLD PLF HE'S NOT GETTING DINNER NOW EITHER, AFTER SEE DEF. U.T. WASN'T GOING TO HELP. DEF SWENSON YELLED THAT HE WAS GOING TO RIP PLF. FUCKEN ARM OFF. DEF. PETTIJOHN STILL REFUSED TO DO ANYTHING ENCOURAGING DEF. SWENSON'S ACTS/BEHAVIORS. DEF. SWENSON USED THE METAL FOOD PASS DOOR AS A WEAPON TO ATTACK PLF, SLAMMING IT AGAINST PLF HAND, WRIST, ARM AND FINGERS CAUSING PLF TO CRY OUT IN PAIN. PLF TRIED TO MOVE HIS HAND BUT DEF SWENSON ORDERED PLF NOT TO MOVE HIS FUCKED ARM, AND DEF CONTINUED TO ASSAULT, BATTER AND ATTACK PLF USING HIS WEAPON, PLF CRYING OUT FROM EVERY PAINFUL CRUSH OR SLAM OR BLOW, PLF WAS CUT, GASHED AND BLEEDING, CRYING FOR HELP. DEF SWENSON CLIMBS ON A 3RD RAILING TO BETTER AID DEFS ATTACK OUT USING BOOTS AND LEG, FEET, AND BODY WEIGHT TO HARM PLF. PLF RECEIVED EMERGENCY MEDICAL CARE (APPX 2

XE-2 8/82   ON DEF BAYNHAM   CIVIL RIGHTS COMPLAINT §1983 DENIED PLF MEDICAL CARE. AND THE WARDEN REFUSED TO REMEDY THE WRONGS OVER AND OVER AGAIN, AS ITS THE UNWRITTEN POLICY TO LIE/COVER FOR STAFF AND GIVE GUILTY STAFF IMPUNITY........

(EXHIBIT A-5)

(BACK OF PAGE-2)

● Defendant __TODD E. SWENSON__ is a citizen of
   (Name of first defendant)

__HUTCHINSON, KANSAS__, and is employed as
   (City, State)

__MASTER SERGEANT__. At the time the
   (Position and title, if any)

claim(s) alleged in this complaint arose, was this defendant acting under the color of state law? Yes ☒ No ☐. If your answer is "Yes", briefly explain:

DEFENDANT SWENSON WAS ON DUTY WORKING IN A-2 CELLHOUSE AT HUTCHINSON CORR. FAC. WHEN HE VIOLATED PLAINTIFFS RIGHTS, ON 9-13-2018 AND IS BEING SUED IN HIS INDIVIDUAL CAPACITY FOR SUBJECTING ME TO EXCESSIVE FORCE, AGGRAVATED BATTERY IN VIOLATION OF PLAINTIFF 8th AMENDMENT RIGHT UNDER THE UNITED STATES CONSTITUTION AND KANSAS CONSTITUTIONS.


● Defendant __CARMEN G. BAYNHAM__ is a citizen of
   (Name of second defendant)

__HUTCHINSON, KANSAS__, and is employed as
   (City, state)

__RN, NP, MEDICAL NURSE WITH CORIZON-CENTURION__. At the time the
   (Position and title, if any)

claim (s) alleged in this complaint arose was this defendant acting under the color of state law? Yes ☒ No ☐. If your answer is "Yes", briefly explain:

DEFENDANT NURSE WAS ON DUTY AT H.C.F. CON


● Defendant _____ is a citizen of
   (Name of second defendant)

_____, and is employed as
   (City, state)

_____. At the time the
   (Position and title, if any)

claim (s) alleged in this complaint arose was this defendant acting under the color of state law? Yes ☐ No ☐. If your answer is "Yes", briefly explain:

(EXHIBIT- A-6)

## C. CAUSE OF ACTION

1) I allege that the following of my constitutional rights, privileges or immunities have been violated and that the following facts form the basis for my allegations: (If necessary you may attach up to two additional pages (8h" x 11") to explain any allegation or to list additional supporting facts.)

   **A)** (1) Count I: <u>DEFENDANT SCHNURR KNOWINGLY AND INTENTIONALLY SUBJECTED PLAINTIFF BROWN TO DELIBERATE INDIFFERENCE, VIOLATING PLF'S 8TH AMENDMENT RIGHT TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT</u> →→

   (2) Supporting Facts: (Include all facts you consider important, including names of persons involved, places and dates. Describe exactly how each defendant is involved. State the facts clearly in your own words without citing legal authority or argument.):
   <u>KANSAS STATUTE K.S.A. § 75-5225 STATES WHAT THE WARDENS DUTIES ARE, AND ITS DEF. SCHNURR'S DUTY TO OVERSEE THE GOVERNMENT AND DISCIPLINE OF THE FACILITY, AND TO GIVE DIRECTIONS TO OFFICERS/STAFF. THE WARDEN HAS FAILED IN HIS JOB/DUTY AND PLF WAS SUBJECTED TO MISTREATMENT, ABUSE, AND HARM BECAUSE OF DEF. SCHNURR</u> (EX.H-4) →→

   **B)** (1) Count II: <u>DEFENDANT PETTIJOHN KNOWINGLY AND INTENTIONALLY WAS DELIBERATELY INDIFFERENT TO PLAINTIFF'S HEALTH AND SAFETY BY FAILING/REFUSING TO INTERVENE AND PROTECT</u> ... (NEXT PAGE →→

   (2) Supporting Facts: <u>DEFENDANT PETTIJOHN ADMITS DEFENDANT SWENSON USED EXCESSIVE USE OF FORCE AGAINST PLAINTIFF, AS DEF. WITNESSED THE ATTACK, BUT REFUSED TO INTERVENE. DEFENDANT PETTIJOHN ADMITS DEFENDANT SWENSON'S WRONG DOING AGAINST PLAINTIFF.</u>

(EXHIBIT-A-7)

RE: CAUSE OF ACTION ATTACHMENT (A)

**A)(1) COUNT I:** UNDER THE UNITED STATES AND KANSAS CONSTITUTION WHEN DEF. SCHNURR FAILED/REFUSED TO: 1) PROPERLY TRAIN STAFF TO INTERVENE WHEN THEY WITNESS OTHER STAFF USING ILLEGAL, UNAUTHORIZED, EXCESSIVE FORCE NO MATTER STAFFS RANK. 2) PROPERLY TRAIN STAFF TO INTERVENE WHEN THEY WITNESS OTHER STAFF ASSAULT AND BATTER AN INMATE WITH A WEAPON WHEN NO FORCE IS NEEDED. 3) ACT ON INFORMATION INDICATING PLF'S RIGHTS WERE VIOLATED AND ATTEMPTING TO REMEDY THE WRONGS. 4) REMOVE STAFF WITH A HISTORY OF ABUSIVE ACTS/BEHAVIORS FROM POSITIONS WHERE THEY HAVE POWER, CONTROL AND/OR AUTHORITY OVER INMATES LIVES THEY CAN CONTINUE TO MISTREAT AND ABUSE. 5) DISCHARGE HIS DUTY TO DISCIPLINE STAFF INVOLVED IN ILLEGAL, UNNECESSARY, EXCESSIVE FORCE, DELIBERATELY PERMITTING A PATTERN OF EXCESSIVE FORCE TO DEVELOPE AND PERSIST. 6) END A UNWRITTEN POLICY/CUSTOM TELLING STAFF THEY WILL RECEIVE IMPUNITY FOR THEIR WRONGDOING. 7) CORRECT THE FACILITIES CORRUPT, BIASED, RETALIATORY, RUBBER STAMP REPLY, COUNTER PRODUCTIVE, BROKEN GRIEVANCE SYSTEM, SO THAT AN INMATE CAN OBTAIN RESOLUTIONS FOR WRONGS AGAINST THEM, AS WELL AS INJURY CLAIMS.

**2) SUPPORTING FACTS:** UPON INFORMATION AND BELIEF DEF SCHNURR HAS CREATED A ISSUE OF SPOLIATION OF EVIDENCE IN THIS CASE, AND PLF REQUEST THE COURT ORDER DEF TO PAY $10,000.00 IF IN FACT THE PHOTOS OF PLF'S INJURIES FOR THREE DAYS (X3) AND THE TAPE OF THE ATTACK ON PLF IS MISSING OR DESTROYED/OR RECORDED OVER. THE WARDEN HAS HAD SEVERAL OPPORTUNITIES TO CORRECT THE ISSUES AT HAND. PLF STATED AND RESTATES ALL FACTS IN THE ATTACHED DOCUMENTS AND INCORPORATES THEM INTO THE SUPPORTING FACTS AS IF THEY WERE RESTATED FULLY HEREIN. PLF ALSO POINTS OUT THAT STILL TO DATE STAFF WILL DENY PLF DRINKS/FOOD IN RETALIATION FOR PLF EXERCISING HIS FIRST AMENDMENT RIGHTS (SEE EXHIBITS J-1 - J-40) AND DEF. SCHNURR REFUSES TO CORRECT THIS TYPE OF ILLEGAL RETALIATION AND/OR

(PAGE-1-OF-2)

(EXHIBIT- A-8)

RE: CAUSE OF ACTION   ATTACHMENT (A)

Amendment per IMPP 12-111 K.D.O.C.'s use of force policy states before the end of the shift the warden is to receive a written report of the use of force incident. Plf Brown filed a injury claim # BA00C7940 and submitted it on 9-21-2018 (see exhibit B-1). Def received the claim on 10-4-2018. (See exhibit B-1 and B-6) A biased alleged investigation was completed and the findings sent to the warden on 11-26-2018. (See ex. B-7) Although payment was wrongfully denied, it was done so based on lies. It was also found that Def Swenson did in fact use excessive force against Plf Brown. (See ex. B-7) Due to the lies medical staff in use of force claims, including staff tell, in an attempt to help/cover for staff, and due to a long history of being denied medical and subjected to retaliation by medical, and the recent problems Plf was having with being denied his chronic care thyroid treatment (also see ex. C-7, C-8, C-9, C-10, C-11)

Plf made sure to document facts. (See ex. B-11) These facts allowed Plf to prove that medical staff were lying and Plf submitted a grievance as the result. The medical grievance # BAXXX-18251 dated 2-8-2019 exposes medical's lies (see ex. C-1 - C-16) The Def. Warden, as is the normal pattern/custom, ignored the facts/proof and refused to remedy the wrongs against Plf. (See ex. B-1-B-12, C-1-C-16) Plf also filed/submitted a special kinds of problems grievance form complaint to Def. Schnurr per K.A.R. 44-15.201 (see ex. H-1) which is not processed as a normal grievance, but instead goes directly to the warden, which Plf outlines facts, times dates which expose medical staff's lies and Def. retaliation and the warden refused to do anything about Plf's rights being violated, including holding staff accountable for violating Plf's rights. (See ex. D-1-D-18) Def intentionally allows misconduct/abuse, assault/battery, and other illegal acts/behaviors from staff to continue so a prisoner's problem are compounded and Plf is overwhelmed with serious problems as a retaliatory tactic to punish Plf/prisoners for filing grievances/lawsuits as it what continues to take place now.

(PAGE-2-of-2)

(EXHIBIT-A9)

RE: CAUSE OF ACTION ATTACHMENT (B)

B) (1) COUNT II: PLAINTIFF AS DEFENDANT PETTIJOHN LISTENED TO AND WATCHED DEFENDANT SWENSON UNNECESSARILY, MALICIOUSLY, SADISTICALLY AND REPEATEDLY SUBJECT PLAINTIFF BROWN TO UNAUTHORIZED, RETALIATORY ASSAULT, BATTERY, AGGRAVATED BATTERY, AND EXCESSIVE USE OF FORCE, VIOLATING PLAINTIFF BROWN'S EIGHTH AMENDMENT RIGHT TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT UNDER THE UNITED STATES AND KANSAS CONSTITUTIONS. (IN SUPPORT TO ALL PLF CLAIMS SEE PLF DECLARATION IS SUPPORT)

(2) SUPPORTING FACTS: PLAINTIFF INCORPORATES ALL DOCUMENTS AND/OR INFORMATION ATTACHED INTO THE COUNTS AS IF THE SAME WAS ALL RESTATED FULLY HEREIN. PLAINTIFF REPORTED TO DEFENDANT PETTIJOHN THAT DEFENDANT SWENSON WAS UNPROFESSIONAL, DISRESPECTFUL, USING PROFANE LANGUAGE WHEN SPEAKING TO PLAINTIFF, AND THREATENED PLAINTIFF. DEFENDANT PETTIJOHN KNEW THERE WAS CONFLICT BETWEEN PLAINTIFF AND DEFENDANT SWENSON BEFORE DEFENDANT SWENSON'S ATTACK. PLAINTIFF REPORTED TO DEFENDANT PETTIJOHN THAT DEFENDANT SWENSON THREW PLAINTIFFS CUP ON THE FLOOR IN RETALIATION FOR PLAINTIFF SAYING HE'S WRITING DEFENDANT SWENSON UP. PLAINTIFF REPORTED TO DEFENDANT PETTIJOHN THAT DEFENDANT SWENSON WAS DENYING PLAINTIFF PART OF HIS DINNER. PLAINTIFF REPORTED TO DEFENDANT PETTIJOHN THAT DEFENDANT SWENSON WAS DENYING PLAINTIFF DINNER. PLAINTIFF BEGGED DEFENDANT PETTIJOHN TO COME HERE, AND PLAINTIFF SAID IT'S AN EMERGENCY. AND PLAINTIFF REPORTED TO DEFENDANT PETTIJOHN THAT DEFENDANT SWENSON SMACKED PLAINTIFF'S ARM AND HAND WITH THE FOOD PASS DOOR. DEFENDANT PETTIJOHN HAD NUMEROUS OPPORTUNITIES TO INTERVENE AND PREVENT THE SITUATION FROM ESCALATING. DEFENDANT PETTIJOHN HAD NUMEROUS OPPORTUNITIES TO STOP DEFENDANT SWENSON ...

(PAGE-1-OF-2)

(EXHIBIT-A-10)

RE: CAUSE OF ACTION ATTACHMENT (B)

FROM ATTACKING PLAINTIFF (WITH A WEAPON) WHEN NO FORCE WAS NEEDED. EMPLOYEE RULES OF CONDUCT POLICY IMPP 02-118D STATES IN RELEVANT PARTS, "THE DEPARTMENT IS COMMITTED TO HAVE A WORK ENVIRONMENT FREE OF BEHAVIORS THAT ARE VIOLENT, THREATENING, DISRUPTIVE, HARASSING, DISHONEST, UNETHICAL OR VIOLATE ANY PROVISIONS OF THE RULES OF CONDUCT... WHILE ON DUTY EMPLOYEES SHALL BE COURTEOUS, RESPECTFUL, AND PROFESSION AT ALL TIMES IN DEALING WITH OFFENDERS,... EMPLOYEES SHALL NOT USE INDECENT, ABUSIVE, PROFANE LANGUAGE,... EMPLOYEES SHALL NOT PARTICIPATE IN VIOLENT CONFRONTATIONS, ASSAULTIVE ACTS OR THREATS, BATTERING BEHAVIOR, OR CREATING A HOSTILE WORK ENVIRONMENT." (IN SUPPORT SEE EXHIBITS G-1-G-6) CLEARLY, DEFENDANT PETTIJOHN KNEW AND UNDERSTOOD DEFENDANT SWENSON WAS OUT OF CONTROL AND DEFENDANT PETTIJOHN NEEDED TO INTERVENE AND PROTECT PLAINTIFF. DEFENDANT PETTIJOHN'S REFUSAL TO INTERVENE CAUSED PLAINTIFF TO SUFFER SEVERE AND EXCRUCIATING PAIN, WHICH PLAINTIFF SUFFERS FROM TO DATE. DEFENDANT PETTIJOHN REFUSED TO INTERVENE DUE TO AN UNWRITTEN POLICY TO GIVE GUILTY STAFF IMPUNITY, AND IN RETALIATION FOR PLAINTIFF WRITING DEFENDANT PETTIJOHN UP. UPON INFORMATION AND BELIEF, DEFENDANT ~~[redacted]~~ THE INJURY CLAIM INVESTIGATOR ON THIS ATTACK AGAINST PLAINTIFF, ADMITS EXCESSIVE FORCE WAS USED, AND BY DOING SO, ALSO ADMITS TO THE FACT THAT DEFENDANT PETTIJOHN HAD A DUTY (IN SUPPORT SEE EXHIBITS - B-1-B-12, I-1-I-) TO INTERVENE AND DID NOT DO SO. DEFENDANT PETTIJOHN TOLD PLAINTIFF HE WITNESSED THE WHOLE ATTACK. DEF. PETTIJOHN TOLD PLAINTIFF IF HE WAS THE INJURY CLAIM INVESTIGATOR HE WOULD APPROVE THE INJURY CLAIM. PLF DID NOT RECEIVE A DISCIPLINARY REPORT. DEF'S CONTINUE DESTROYING PLF'S FORM-9'S/OFFICIAL/LEGAL PAPERS REGARDING THIS INCIDENT AS A RETALIATORY ACT AGAINST PLAINTIFF. OFFICIALS ADMIT PLF WAS SUBJECTED TO ILLEGAL FORCE, BUT THEN DENYS PLF'S CLAIM, CLAIMING PLF WASN'T HURT ENOUGH, BECAUSE (ALLEGEDLY) THERE WASN'T BLOOD, WHICH IS UNTRUE, AS THERE WAS BLOOD, AND I'D LIKE TO SEE ANYONE REPEATEDLY BEAT WITH A CHUNK OF METAL, AND THEN TOLD THEY WERE NOT HARMED. ITS CORRUPTION, LIES, AND STAFF ATTEMPTING TO COVER FOR STAFF'S WRONG DOING.

(PAGE-2-OF-2)

(EXHIBIT-A-11)

C) (1) Count III: <u>DEFENDANT SWENSON SUBJECTED PLAINTIFF BROWN TO CRUEL AND UNUSUAL PUNISHMENT IN VIOLATION OF THE EIGHTH AMENDMENT TO THE UNITED STATES AND KANSAS CONSTITUTIONS WHEN...</u> → SEE ATTACHED

(2) Supporting Facts: <u>PLAINTIFF INCORPORATES ALL DOCUMENTS AND/OR ATTACHED INFORMATION INTO THE COUNTS AS IF THE SAME WAS RESTATED FULLY HEREIN. DEFENDANT SWENSON'S ACTIONS/BEHAVIORS WERE ILLEGAL ~~ORDERS WERE NOT ISSUED~~, WHICH HIS ACTIONS SUPPORT. NO FORCE WAS NEEDED, BUT IF ANY FORCE WAS NEEDED THE FORCE...</u> → SEE ATTACHED

SEE EXHIBIT I-14 AT 154. FOR COUNT IV

D. PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF

1) Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action ~~or~~ NO / otherwise relating to the conditions of your imprisonment? YES

Yes ☐  No ☒ . If your answer if "Yes", describe each lawsuit. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.) <u>IN THE LAST FIVE YEARS I'VE FILED ONE LAWSUIT BUT WAS DISMISSED WITH A REASON THAT I COULDN'T PUT SEVERAL ISSUES (ALLEGEDLY) UNRELATED IN THE SAME LAWSUIT.</u>

a) Parties to previous lawsuit:

Plaintiffs: <u>DAVID BROWN</u>

Defendants: <u>JAMES HEIMGARTNER et. al. (100 DEFENDANTS)</u>

b) Name of court and docket number <u>U.S. DISTRICT COURT FOR THE DISTRICT OF KANSAS CASE NO. 5:16-CV-03132-SAC-DJW</u>

c) Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?) <u>CASE WAS DISMISSED, I APPEALED, CASE WAS DISMISSED WITHOUT PREJUDICE.</u>

d) Issues raised <u>TEN (10) ISSUES: SEXUALLY EXPLICIT POLICY, GUARDS EXCESSIVE FORCE, RETALIATION FOR FILING GRIEVANCES, NURSE'S EXCESSIVE FORCE STABBING ME (4) TIMES WITH NEEDLE, SEXUAL ASSAULT/HARASSMENT, DENIED AREA PROTECTIONS, LIMITED CONTACT CELLS ILLEGAL CONDITIONS OF CONFINEMENT,</u>

XE-2 8/82                CIVIL RIGHTS COMPLAINT §1983                    4

(EXHIBIT-A-12)

RE: CAUSE OF ACTION ATTACHMENT (C)

C)(1) **COUNT III**: ... HE UNNECESSARILY, MALICIOUSLY, SADISTICALLY AND REPEATEDLY SUBJECTED PLAINTIFF TO UNAUTHORIZED, RETALIATORY ASSAULT, BATTERY, AGGRAVATED BATTER, AND EXCESSIVE USE OF FORCE, FOR PLF SAVING HE'S WRITING DEF SWENSON UP (GRIEVANCE) ALSO VIOLATING PLF 1ST AMENDMENTS RIGHT TO PETITION THE GOV. FOR A REDRESS OF HE'S GRIEVANCES.

2) **SUPPORTING FACTS**: ... USED WAS COMPLETELY OUT OF PROPORTION FOR THE NEED OF FORCE. A LESSER DEGREE COULD OF BEEN USED (e.g. TALKING/BEING PROFESSIONALLY/RESPECTFULLY, ASKING DEFENDANT PETTIJOHN FEET AWAY TO MIC AND ASSIST, OR MACING PLF, IF FORCE WAS REALLY THOUGHT TO OF BEEN NECESSARY. THERE WAS NO EMERGENCY, NO ALARM WAS CALLED, NO SPLIT SECOND DECISIONS HAD TO BE MADE. DEF. SWENSON WAS LOOKING FOR TROUBLE, WAS DISRESPECTFUL, UNPROFESSIONAL, AND THREATENING PLF, LEFT, CAME BACK TAUNTING AND THREATENING PLF MORE. DEFENDANT SWENSON THROWING PLF'S DRINKING CUP ON THE CELL FLOOR, DENYING PLF DINNER DRINKS, CUSSING, LYING, YELLING, AND THREATEN PLF ARE NOT ACTIONS/BEHAVIORS BY A PROFESSIONAL MAKING A GOOD EFFORT ATTEMPT TO MAINTAIN/RESTORE DISCIPLINE/ORDER, BUT INSTEAD ACTIONS/BEHAVIORS BY DEF. SWENSON SEEKING OUT CONFRONTATION. (IN SUPPORT SEE EXHIBITS B-3/4, D-3, E-1,2,8,9,10, G-1,2,3,4,5,6, I-1, -I-          )
PLAINTIFF POINTS OUT ALTHOUGH HE INITIALLY REFUSED ORDERS FROM DEF.'S SWENSON AND PETTIJOHN TO PUT HIS ALUMINUM BACK IN, PLF'S REFUSAL WAS BECAUSE KDOC/HCF STAFF OFTEN REFUSE PLF/PRISONERS FOOD/DRINKS AS A FORM OF RETALIATORY PUNISHMENT AND PLF WAS HUNGRY AND JUST WANTED THE DINNER DRINKS AND FOOD PLF IS SUPPOSE TO RECEIVE. (IN SUPPORT SEE EXHIBITS J-1, -J-40) 
) EVEN SO, ONCE DEF. SWENSON STRUCK PLF A COUPLE TIMES WITH THE FOOD PASS DOOR, PLF ATTEMPTED TO PUT HIS HAND/ARM IN THE CELL, BUT DEF. SWENSON IMMEDIATELY ORDERED PLF NOT TO MOVE HIS HAND, WHICH PLF OBEYED, AND DEF. SWENSON CONTINUED HIS ATTACK, TO HARM PLF.

(PAGE-1-OF-2)

(EXHIBIT-A-13)

RE: CAUSE OF ACTION ATTACHMENT (C)

... K.J.O.C.'S REGULATION K.A.R. 44-12-304. DISOBEYING ORDERS a.) STATES IN RELEVANT PART: "THE LAST ORDER GIVEN IS TO BE OBEYED." (SEE EXHIBIT 4-3 IN SUPPORT). THE FACT IS PLF. WAS COMPLYING EARLY ON, EVEN WHEN SUCH COMPLIANCE WAS CAUSING PLF. SEVERE AND EXCRUCIATING PAIN AND SUFFERING. ITS IMPORTANT TO REMEMBER DEFENDANTS HAVE ALREADY ADMITTED THAT PLF. WAS IN FACT SUBJECTED TO EXCESSIVE USE OF FORCE (IN SUPPORT SEE EXHIBIT B-7) YET DEF'S FALSELY CLAIM PLF.'S INJURIES WERE MINOR/DE MINIMIS AND DIDN'T WARRANT PLF.'S REQUESTED RELIEF. HOWEVER, EVEN DE MINIMIS FORCE/INJURIES VIOLATE THE 8TH AMENDMENTS CRUEL AND UNUSUAL PUNISHMENT CLAUSE WHEN FORCE USED IS REPUGNANT TO THE CONSCIENCE OF MANKIND. FOR DEF. SWENSON TO TELL PLF. "DON'T MOVE YOUR HAND NOW, PUNK", "HOW'S THAT FEEL, BITCH", "I TOLD YOU...", "IT'S NOT ALRIGHT.", DURING THE WHOLE TIME HE'S ATTACKING PLF. WITH A PIECE OF METAL, IS SURELY REPUGNANT TO THE CONSCIENCE OF MANKIND. FURTHERMORE, DEF. PETTIJOHN AND MEDICAL STAFF CLAIMING HE WASN'T BLEEDING, IN AN ATTEMPT TO SUPPORT MINOR/DE MINIMIS INJURIES, FAILS, AS PLF. DOCUMENTED HIS INJURIES AND THE FACT THAT HE WAS BLEEDING, AS WELL HIS MEDICAL VISITS. (IN SUPPORT SEE EXHIBITS: B-3,7,11, C-1-16, I-1-I-  ) THE NURSES THAT FIRST SAW PLAINTIFF, IN A2 CELLHOUSES MEDICAL/MULTI PURPOSE ROOM, CLEANED THE BLOOD AND OPEN GASH, PUT A BANDAGE ON IT AND TOOK PHOTO'S. THE PHOTO'S WILL VERIFY SUCH FACTS. (IN SUPPORT SEE EXHIBITS C-1-C-16, B-11, I-1-I-  , D-1-D-18) ALTHOUGH, THERE MAY BE A SPOLIATION ISSUE WITH THE PHOTOS OF PLF INJURIES AND WITH THE VIDEO OF THE ACTUAL ATTACK UPON INFORMATION AND BELIEF. IT IS ALSO A FACT PLAINTIFF RECEIVED NO D.R. (DISCIPLINARY REPORT) AND DEF. SWENSON INSTEAD ASSUMED HE COULD SUPPLEMENT PLF'S OFFICIAL PUNISHMENT WITH A VIOLENT ATTACK WITH WEAPONS. PLAINTIFF'S 1ST AMENDMENT RIGHT TO PETITION THE GOVERNMENT WAS VIOLATED WHEN DEF SWENSON RETALIATED AGAINST PLF FOR SAYING HE'S GOING TO EXERCISE HIS 1ST AMENDMENT RIGHT BY WRITING A GRIEVANCE AGAINST DEF.

(PAGE-2-OF-2)

(EXHIBIT-A-1A)

e) Approximate date of filing lawsuit  2016

f) Approximate date of disposition  2017

1) I have previously sought informal or formal relief from the appropriate administrative officials regarding the acts complained of in Part C Yes ☒ No ☐. If your answer is "Yes", briefly describe how relief was sought and the results. If you answer is "No", briefly explain why administrative relief was not sought.

MY INJURY CLAIM WAS EXHAUSTED ON 4-17-2019 SEE EXHIBIT B-1 I FILED KDOC'S PERSONAL INJURY CLAIM ON 9-21-2018. IT WAS DENIED BASED ON THE LIES MEDICAL STAFF TOLD ABOUT MY INJURIES. DENIED AND RETURNED TO ME ON 4-17-2019. IT WAS DENIED IN RETALIATION AND DUE TO THE UNWRITTEN POLICY TO GIVE GUILTY STAFF IMPUNITY. AND I GRIEVED THAT ON 4-25-2019 (31), IT WAS NOT PROCESSED PROPERLY BY KDOC/HCF (EXHIBIT D-1) OFFICIALS BUT EXHAUSTED ON 9-30-2019, I ALSO GRIEVED MEDICAL ON 2-5-2019 AND IT WAS EXHAUSTED 4-17-2019 AND I GRIEVED ALL RELATED ETHICS 9-25-2019 EXHAUSTED 11-22-2019, (3G)  2) REQUEST FOR RELIEF PLAINTIFF HAS EXHAUSTED HIS ADMINISTRATIVE REMEDIES WITH RESPECT TO ALL CLAIMS AND ALL DEFENDANTS

1) I believe that I am entitled to the following relief:

i.) A DECLARATORY JUDGMENT STATING THAT THE UNNECESSARY, EXCESSIVE USE OF FORCE AGAINST PLF. BY DEF. SWENSON VIOLATED PLF.'S RIGHT TO BE FREE OF CRUEL AND UNUSUAL PUNISHMENT UNDER THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION/KANSAS CONSTITUTION, AND CONSTITUTED ASSAULT AND BATTERY UNDER KANSAS STATE LAW AND CONSTITUTION 2) AN ORDER STATING DEF.'S PAY COMPENSATORY, PUNITIVE, AND NOMINAL DAMAGES TO PLF. 3) A ORDER STATING DEF.'S PAY REASONABLE ATTORNEY FEE'S AND COSTS, AND 4) GRANT OTHER JUST AND EQUITABLE RELIEF THIS COURT DEEMS NECESSARY. DEF.'S ARE SUED JOINTLY AND SEVERALLY WHEN APPROPRIATE, 5) ANY SPOLIATION OF EVIDENCE ISSUES COST $10,000 SEPERATELY.

__Pro Se Litigant.__
Signature of Attorney (if any)

__Signature of Plaintiff__

I'm pro se and don't have a attorney but not for lack of trying.
(Attorney's full address and telephone number)

XE-2 8/82                    CIVIL RIGHTS COMPLAINT §1983                    5

(EXHIBIT-A-19)

## VERIFIED COMPLAINT

PURSUANT TO 28 §1746, I DECLARE AND VERIFY UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT. EXECUTED ON   8-1-2020
                                                                                  (DATE)

_____
(SIGNATURE)

CHRISTOPHER DAVID BROWN #57800
(PRINT NAME)        (KDOC#)