```
            IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF KANSAS
```

**CHRISTOPHER DAVID BROWN,**

                         **Plaintiff,**

        **v.**                                              **CASE NO. 21-3105-SAC**

**WARDEN DAN SCHNURR, et al.,**

                         **Defendants.**

## NOTICE AND ORDER TO SHOW CAUSE

This matter is a civil rights action filed under 42 U.S.C. § 1983 by a prisoner in state custody. Plaintiff proceeds pro se, and the court grants leave to proceed in forma pauperis.

### Screening

A federal court must conduct a preliminary review of any case in which a prisoner seeks relief against a governmental entity or an officer or employee of such an entity. *See* 28 U.S.C. §1915A(a). Following this review, the court must dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from that relief. *See* 28 U.S.C. § 1915A(b).

In screening, a court liberally construes pleadings filed by a party proceeding pro se and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### The complaint

Plaintiff claims he was subjected to excessive force in an incident that occurred on September 13, 2018, and that he was not provided adequate medical attention for his injuries.

**Discussion**

The statute of limitations applicable to § 1983 actions is borrowed from the appropriate state statute of limitations and tolling principles. *See Hardin v. Straub*, 490 U.S. 536, 539 (1989). "The forum state's statute of limitations for personal injury actions governs civil rights claims under both 42 U.S.C. § 1981 and § 1983.... In Kansas, that is the two-year statute of limitations in Kan. Stat. Ann. § 60-513(a)." *Brown v. Unified Sch. Dist. 501, Topeka Pub. Sch.*, 465 F.3d 1184, 1188 (10th Cir. 2006) (citations omitted).

In contrast, "the accrual date of a § 1983 cause of action is a question of federal law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Under federal law, the claim accrues "when the plaintiff has a complete and present cause of action." *Id.* (internal quotation marks and citation omitted). In other words, "[a] § 1983 action accrues when facts that would support a cause of action are or should be apparent." *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006) (internal quotation marks and citation omitted), *cert. denied* 549 U.S. 1059 (2006).

In this case, plaintiff states that he was injured in September 2018. However, he did not file the present action until April 15, 2021. Because this matter was filed more than two years after the incident and the alleged denial of medical care, the court will direct plaintiff to show cause why this matter should not be dismissed. The failure to file a timely response may result in the dismissal of this matter without additional notice.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff's motion for leave to proceed in forma pauperis (Doc. 3) is granted.

IT IS FURTHER ORDERED plaintiff is granted to and including **May 17, 2021,** to show cause why this matter should not be dismissed as time-barred.

**IT IS SO ORDERED.**

DATED:  This 16th day of April, 2021, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge