IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHRISTOPHER DAVID BROWN,

        Plaintiff,

vs.                            Case No. 21-3105-SAC

DANIEL L. SCHNURR, et al.,

        Defendants.

**O R D E R**

Plaintiff, <u>pro se</u>, has filed this action alleging violations of his constitutional rights in relation to his incarceration at the Hutchinson Correctional Facility (HCF). Plaintiff brings this case pursuant to 42 U.S.C. § 1983.[1] This case is before the court to evaluate plaintiff's response to a show cause order (Doc. No. 4) and to further screen plaintiff's complaint pursuant to 28 U.S.C. § 1915A.

I. <u>Nature of plaintiff's complaint</u>

Plaintiff claims violations of his Eighth Amendment rights. Plaintiff's complaint alleges that he was the victim of excessive force on September 13, 2018 at HCF when defendant Todd Swenson, an HCF officer, purposely closed a food pass door against plaintiff's

---

[1] Title 42 United States Code Section 1983 provides a cause of action against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . . causes to be subjected, any citizen of the United States . . . to the deprivation of by rights, privileges, or immunities secured by the Constitution and laws [of the United States]."

hand or arm causing injury and pain. Plaintiff alleges that defendant Jeffrey Pettijohn, also an HCF officer, witnessed what happened and was called by plaintiff to help, but did not intervene to interrupt the alleged excessive force. Plaintiff also sues defendant Carmen Baynhami, a nurse at HCF, claiming that Baynhami denied plaintiff medical care. Finally, plaintiff alleges that defendant Daniel Schnurr, the HCF warden, did not properly train staff and otherwise take actions which would have prevented the violation of plaintiff's constitutional rights. Plaintiff filed this action on April 15, 2021.

II. <u>Response to show cause order</u>

The court issued a show cause order (Doc. No. 4) that directed plaintiff to show cause why this case should not be dismissed as untimely filed. The court noted in the order that there is a two-year statute of limitations that governs the claims plaintiff makes in the complaint.

Plaintiff has filed a response to the show cause order (Doc. No. 5) and a motion to amend the response (Doc No. 6). The motion to amend shall be granted and the court shall consider both pleadings. Plaintiff contends in both pleadings that the time from September 21, 2018, when he submitted an administrative claim for damage, loss or personal injury, until April 17, 2019, when he received a final response to the claim, the running of the statute of limitations was tolled. This is 208 days.

It has been held that the time for a Kansas inmate to exhaust administrative remedies required by 42 U.S.C. § 1997e before litigating a § 1983 claim will not be counted toward the running of the limitations period.  See Sellers v. Cline, 2015 WL 1262895 *4 (D.Kan. 3/19/2015).  Here, plaintiff alleges that time is 208 days.  Doc. No. 6, p. 3.

Adding 208 days to September 13, 2018 produces the date of April 9, 2019.  Therefore, with the tolling period claimed by plaintiff, he was required to file his complaint within two years of April 9, 2019.  Plaintiff states, however, that he submitted the complaint for filing on April 14, 2021 and it was filed on April 15, 2021.  Doc. No. 5, p. 2.  Therefore, it appears that this case was untimely filed.

III. Failure to state a claim

A. Standards

When screening a complaint, the court determines whether the complaint is frivolous, malicious or fails to state a claim upon which relief may be granted.  A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers."  Erickson v. Pardus, 551 U.S. 89, 94 (2007).  But, a pro se litigant is not relieved from following the same procedural rules as any other litigant.  See Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992). The court "will not supply additional factual allegations to round out a plaintiff's

complaint or construct a legal theory on plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997). However, "if the court can reasonably read the pleadings to state a valid claim on which the [pro se} plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority [or] his confusion of various legal theories." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

When deciding whether plaintiff's complaint "fails to state a claim upon which relief may be granted," the court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The court accepts the plaintiff's well-pled factual allegations as true and views them in the light most favorable to the plaintiff. United States v. Smith, 561 F.3d 1090, 1098 (10th Cir. 2009). The court may also consider the exhibits attached to the complaint. Id. The court, however, is not obliged to scour the exhibits for the legal theory or elements of a cause of action. See Askew v. USP Leavenworth, 2020 WL 3490232 *1 (D.Kan. 6/26/2020) (the court is not obliged to parse numerous exhibits for elements that plaintiff omitted from his complaint); Marks v. Bush, 2014 WL 28710 *1 n.2 (D.Kan. 1/2/2014)(same).

Also, the court is not required to accept legal conclusions alleged in the complaint as true. Iqbal, 556 U.S. at 678; Hall, 935 F.2d at 1110. "Thus, mere 'labels and conclusions' and 'a formulaic recitation of the elements of a cause of action' will not suffice" to state a claim.  Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting Twombly, 550 U.S. at 555).

    B. Schnurr

    "A plaintiff must satisfy 'three elements ... to establish a successful § 1983 claim against a defendant based on his or her supervisory responsibilities: (1) personal involvement; (2) causation; and (3) state of mind.'" Estate of Booker v. Gomez, 745 F.3d 405, 435 (10th Cir. 2014)(quoting Schneider v. City of Grand Junction Police Dept., 717 F.3d 760, 767 (10th Cir. 2013)). "Personal involvement" can be alleged by stating that:  1) the supervisor personally participated in the alleged violation; 2) the supervisor exercised control or direction over the alleged illegal acts, or the supervisor's failure to supervise caused the alleged illegal acts; 3) the supervisor knew of the violation and acquiesced in its continuance; or 4) the supervisor promulgated, created, implemented or utilized a policy that caused the alleged deprivation of constitutional rights.  Dodds v. Richardson, 614 F.3d 1185, 1195 (10th Cir. 2020).  A "causal connection" is alleged by claiming that a supervisor defendant set in motion a series of

events that the defendant knew or reasonably should have known would cause others to deprive plaintiff of his constitutional rights. Id. at 1195-96. A culpable "state of mind" requires proof that a supervisor acted knowingly or with deliberate indifference that a constitutional violation would occur. Id. at 1196.

The Tenth Circuit has held that a warden's response to grievances may signify nothing more than a reasonable reliance on the judgment of prison staff. Phillips v. Tiona, 508 Fed.Appx. 737, 744 (10th Cir. 2013)(warden may rely on the judgment of prison medical staff); Arocho v. Nafziger, 367 Fed.Appx. 942, 956 (10th Cir. 2010)(same); see also, Allen v. Reynolds, 475 Fed.Appx. 280, 284 (10th Cir. 2012)(notice of dispute given to prison warden does not show his personal participation in unconstitutional conduct); Jovel v. Berkebile, 2015 WL 4538074 *4 (D.Colo. 7/28/2015)(same); Karsten v. Davis, 2013 WL 2120635 *11-12 (D.Colo. 4/26/2013)(awareness of plaintiff's complaints does not constitute personal participation in constitutional violation).

Plaintiff alleges that defendant Schnurr failed to supervise, discipline or train prison officers. His complaint is conclusory in this regard, however, and does not describe specific facts that would support a claim that defendant Schnurr's actions or failures to act caused plaintiff's injuries and were accompanied by a culpable state of mind. Cf., Keith v. Koerner, 707 F.3d 1185 (10th Cir. 2013)(sustaining denial of a motion to dismiss warden where

much more specific factual allegations produced a plausible claim
of deliberate indifference).  A failure to respond in plaintiff's
favor to his grievances after September 13, 2019 did not cause the
earlier alleged unconstitutional conduct.  Nor does it demonstrate
that defendant Schnurr acted or failed to act with deliberate
indifference on the date of or prior to plaintiff's injuries.

    C. Baynhami

    The Tenth Circuit recounted the standards for stating a claim
for deliberate indifference to serious medical needs in Strain v.
Regalado, 977 F.3d 984, 989-90 (10th Cir. 2020):

> To state a cognizable claim, Plaintiff "must allege acts
> or omissions sufficiently harmful to evidence deliberate
> indifference to serious medical needs." McBride v. Deer,
> 240 F.3d 1287, 1289 (10th Cir. 2001) (quoting Estelle v.
> Gamble, 429 U.S. 97, 106, 97 S.Ct. 285 (1976)). This
> standard includes both an objective component and a
> subjective component. Clark v. Colbert, 895 F.3d 1258,
> 1267 (10th Cir. 2018). To establish the objective
> component, "the alleged deprivation must be
> 'sufficiently serious' to constitute a deprivation of
> constitutional dimension." Self v. Crum, 439 F.3d 1227,
> 1230 (10th Cir. 2006) (quoting Farmer v. Brennan, 511
> U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994)).
> "A medical need is [objectively] serious if it is one
> that has been diagnosed by a physician as mandating
> treatment or one that is so obvious that even a lay
> person would easily recognize the necessity for a
> doctor's attention." Clark, 895 F.3d at 1267 (alteration
> in original and citation omitted). The subjective
> component requires Plaintiff to establish that a medical
> "official knows of and disregards an excessive risk to
> inmate health or safety; the official must both be aware
> of facts from which the inference could be drawn that a
> substantial risk of serious harm exists, and [s]he must
> also draw the inference." Mata v. Saiz, 427 F.3d 745,
> 751 (10th Cir. 2005) (alteration in original) (quoting
> Farmer, 511 U.S. at 837, 114 S.Ct. 1970).

"[A] prisoner who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation." Self v. Crum, 439 F.3d 1227, 1231 (10th Cir. 2006)(quotation omitted). Chronic and substantial pain is an indication of a "serious" medical need. Hayes v. Snyder, 546 F.3d 516, 522-23 (7th Cir. 2008). However, "[n]ot every twinge of pain suffered by a prisoner places a medical professional under a constitutional obligation to act." Tennyson v. Raemisch, 638 Fed.Appx. 685, 690 (10th Cir. 2015).

The complaint contains very few factual allegations regarding defendant Baynhami. Perhaps plaintiff is relying upon the court to sift through the 160 pages of exhibits he filed with the complaint. As the court has already noted, that would be a mistake. The court assumes that plaintiff has alleged an objectively serious medical issue requiring treatment. Plaintiff's bare allegations, even bolstered by material in the complaint's exhibits, however, do not plausibly show the subjective component to an Eighth Amendment violation. A generally stated disagreement between plaintiff and Baynhami regarding the type of pain medication or bandaging plaintiff received is not sufficient to state a plausible Eighth Amendment violation for the denial of adequate medical care. See Arriaga v. Roberts, 2020 WL 2037218 *1 (10th Cir. 4/28/2020)(disagreement over medication);

8

Morris v. Fallin, 798 Fed.Appx. 261, 270 (10th Cir. 2020)(disagreement over need for foam wedge or mattress); Dawson v. Archambeau, 763 Fed.Appx. 667, 672 (10th Cir. 2019)(disagreement over hepatitis C treatment); Rascon v. Douglas, 718 Fed.Appx. 587, 591 (10th Cir. 2017)(disagreement over pain medication); Gee v. Pacheco, 627 F.3d 1178, 1192 (10th Cir. 2010)(same).

IV. Conclusion

In conclusion, the court grants plaintiff's motion to amend his response to the show cause order (Doc. No. 6) and has considered Doc. No. 5 and Doc. No. 6 in writing this order. The court further finds that plaintiff's allegations indicate that this case is untimely filed. The court also finds that plaintiff's complaint fails to state a plausible claim under § 1983 against defendants Schnurr and Baynhami. The court shall grant plaintiff time until November 19, 2021 to show cause why this case should not be dismissed or to file an amended complaint which corrects the deficiencies found in the complaint. An amended complaint should be printed on forms supplied by the Clerk of the Court which may be supplemented. An amended complaint should also contain all the claims upon which plaintiff wishes to proceed in this case. Failure to respond to this order may result in the dismissal of this case.

**IT IS SO ORDERED**.

Dated this 25th day of October 2021, at Topeka, Kansas.

s/Sam A. Crow
U.S. District Senior Judge