IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHRISTOPHER DAVID BROWN,

          Plaintiff,

vs.                                          Case No. 21-3105-SAC

DANIEL L. SCHNURR, et al.,

          Defendants.

## **O R D E R**

Plaintiff has filed a § 1983 complaint alleging he was injured from the use of excessive force in violation of the Eighth Amendment at the Hutchinson Correctional Facility (HCF). Doc. No. 1. The court issued a screening order (Doc. No. 7) which indicated that the complaint might be untimely filed and that plaintiff had failed to state a plausible claim against two of the four named defendants. The court directed plaintiff to show cause why the case should not be dismissed or file an amended complaint. The court first imposed a deadline of November 19, 2021 and then extended the deadline at plaintiff's request to December 20, 2021.

Plaintiff has filed five pleadings since November 19, 2021. These pleadings assert that plaintiff has been subjected to harsh or unfair treatment in numerous ways, hindered in his efforts to litigate this case, and that this is retaliation for plaintiff filing this lawsuit or filing grievances against prison staff.

1

Each of the five pleadings is several pages long and two have exhibits attached.  Some of the pleadings are titled motions "to inform" or "to notify" the court.  Doc. Nos. 10, 11, and 15.  One is titled a motion for an order to show cause to defendants and other prison officers or entities to explain and justify their behavior.  Doc. No. 14.  Another pleading's title states that KDOC/HCF/EDCF is attempting to murder plaintiff.  Doc. No. 13.  Plaintiff has not filed a motion expressly asking for another extension of time to respond to the court's show cause order.

Upon review of the pleadings filed since the court's show cause order, the court concludes that plaintiff has failed to make an adequate response.  Nevertheless, the court shall not dismiss the entire action.

Statute of limitations

The court explained in the show cause order why it appeared that plaintiff's complaint was untimely filed.  Other judges in this district, however, have recently ruled that the limitations period has been tolled for § 1983 cases in Kansas because of state legislation passed in reaction to the COVID-19 pandemic.  The State of Kansas has passed legislation permitting the Chief Justice of the Kansas Supreme Court to issue an order extending or suspending "any deadlines or time limitations established by statute" when "the chief justice determines such action is necessary to secure the health and safety of court users, staff and judicial officers."

K.S.A. 20-172(a). In <u>Fullen v. City of Salina, Kansas</u>, 2021 WL 4476780 *7-8 (D.Kan. 9/30/2021) and <u>Tran v. County of Douglas</u>, 2021 WL 5505455 *5-6 (D.Kan. 11/24/2021), judges in this district have held that Administrative Orders 2020-PR-016 and 2020-PR-32 from the Kansas Supreme Court suspended the statute of limitations governing § 1983 actions from March 19, 2020 through April 15, 2021. Following these rulings, the court finds that plaintiff's complaint appears to be timely filed and that the claims against defendants Swenson and Pettijohn may go forward past screening.

<u>Schnurr</u>

At pp. 5-7 of the show cause order, the court explained that the original complaint failed to state a plausible cause of action against defendant Schnurr. The court found that plaintiff's factual allegations of a failure to train, supervise or discipline were conclusory and did not describe specific facts that would support a claim that defendant Schnurr's actions or failures to act caused plaintiff's injuries and were accompanied by a culpable state of mind. Cf., <u>Keith v. Koerner</u>, 707 F.3d 1185 (10th Cir. 2013)(sustaining denial of a motion to dismiss warden where much more specific factual allegations produced a plausible claim of deliberate indifference). The court further explained that a failure by Schnurr to respond in plaintiff's favor to grievances after September 13, 2019 did not cause the earlier alleged unconstitutional conduct. Nor did it demonstrate that defendant

3

Schnurr acted or failed to act with deliberate indifference on the date of or prior to plaintiff's injuries.

Plaintiff's pleadings (Doc. Nos. 10, 11, 13, 14 and 15) fail to demonstrate that the original complaint has stated a plausible claim against defendant Schnurr. They also do not adequately explain why the alleged actions taken against plaintiff have prevented him from describing how Schnurr's actions or inactions caused plaintiff harm, and how Schnurr's actions or inactions were taken with deliberate indifference to a substantial risk of harm.

Baynhami

At pp. 7-9 of the show cause order, the court explained that the original complaint failed to state a plausible cause of action against defendant Baynhami. The court found that plaintiff's few allegations directed at Baynhami were inadequate to describe deliberate indifference to a serious medical issue as opposed to a mere disagreement regarding course of treatment.

Again, plaintiff's pleadings (Doc. Nos. 10, 11, 13, 14 and 15) fail to demonstrate that the original complaint states a plausible claim against defendant Baynhami. They also fail to show that the alleged actions taken against plaintiff have prevented him from describing how Baynhami's actions or inactions were taken with deliberate indifference to a substantial risk of harm.

4

Conclusion

To summarize, the court has considered plaintiff's motions or notices at Doc. Nos. 10, 11, 13, 14 and 15. If plaintiff is seeking some relief from the court by these pleadings, that relief shall be denied. For the reasons stated above, the court shall dismiss plaintiff's claims against defendants Schnurr and Baynhami, but shall permit plaintiff's claims against defendants Swenson and Pettijohn to continue.

**IT IS SO ORDERED.**

Dated this 3rd day of January 2022, at Topeka, Kansas.

s/Sam A. Crow
U.S. District Senior Judge