# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS

CHRISTOPHER DAVID BROWN,

     PLAINTIFF,

             CASE NO 5:21-CV-03105-JAR-GEB

    VS.

DANIEL L. SCHNURR, et al,

     DEFENDANT(S),

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS MOTION TO DISMISS OR IN THE ALTERNATIVE MOTION FOR SUMMARY JUDGMENT

COMES NOW PRO SE PLAINTIFF CHRISTOPHER DAVID BROWN, IN THE ABOVE CAPTIONED CASE AND SUBMITS THIS OPPOSING RESPONSE TO DEFENDANTS MOTION TO DISMISS OR IN THE ALTERNATIVE MOTION FOR SUMMARY JUDGMENT. DEFENDANTS HAVE FAILED TO MEET THEIR BURDEN OF DEMONSTRATING THAT THERE IS NO DISPUTE AS TO ANY MATERIAL FACTS, AND NOT ENTITLED TO JUDGMENT AS A MATTER OF LAW BECAUSE THE FACTS SET FORTH IN PLAINTIFF'S STATEMENT OF MATERIAL FACTS, WITH THE ATTACHED/RE: TO EVIDENCE SHOW THAT DEFENDANTS VIOLATED PLAINTIFF'S CLEARLY ESTABLISHED STATE AND CONSTITUTIONAL RIGHTS.

                  THEREFORE, PLAINTIFF RESPECTFULLY REQUEST DEFENDANTS MOTION TO DISMISS OR IN THE ALTERNATIVE MOTION FOR SUMMARY JUDGMENT BE DENIED AND DISMISSED PURSUANT TO 12(b)(1), 12(b)(6) AND/OR IN THE ALTERNATIVE FED. R. CIV. P. 56.

        IN COMPLIANCE WITH D. KAN. LOCAL RULE 56.1(b)(1)(2)(a) PLAINTIFF'S OPPOSING MEMORANDUM IS FILED WITH THIS RESPONSE.

PURSUANT TO 28 U.S.C. §1746, I DECLARE UNDER PENALTY OF PERJURY THE FOREGOING IS TRUE AND CORRECT.

              RESPECTFULLY,

                    Christopher David Brown #57800

                    EL DORADO CORRECTIONAL FACILITY

                    P.O. BOX 311

                    EL DORADO, KANSAS

                    67042

                    A-2/259/R.H.U./O.S.R.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHRISTOPHER DAVID BROWN,
            PLAINTIFF,

        VS.                    CASE NO. 5:21-CV-03105-JAR-GEB

DANIEL L. SCHNURR, et al.,
            DEFENDANTS,


DECLARATION AND MEMORANDUM IN OPPOSITION TO DEFENDANTS
MOTION TO DISMISS OR IN THE ALTERNATIVE MOTION FOR SUMMARY
                        JUDGMENT


   IN COMPLIANCE WITH THE FULL TEXT OF FED. R. CIV. P. 56 AND
D. KAN. LOCAL RULE 56.1 (b) (i) (2) (a) PRO SE PLAINTIFF, CHRISTOPHER
DAVID BROWN SUBMITS THIS DECLARATION AND MEMORANDUM IN
OPPOSITION TO DEFENDANTS MOTION TO DISMISS, OR IN THE ALTERNATIVE
MOTION FOR SUMMARY JUDGMENT, AND STATES THE FOLLOWING IN SUPPORT...

   STATEMENT OF MATERIAL FACTS AS TO WHICH GENUINE ISSUES EXISTS.

1.) DEFENDANTS, (DEF'S) HEREAFTER, ALLEGE "OFFICER" SWENSON VIOLATED PLAINTIFF'S,
(PLF) HEREAFTER, EIGHTH AMENDMENT RIGHT BY "INJURING" HIM WITH A FOOD
PASS DOOR, AND "OFFICER" PETTI JOHN "DISPLAYED" DELIBERATE INDIFFERENCE
BY "FAILING TO INTERVENE. (SEE NATURE OF THE CASE PAGE 1) PLF. CONTROVERTS,
   DEF SWENSON WAS FIRED, FOR REASONS NOT RELATED TO THIS LAW SUIT, AND
IS NO LONGER AN "OFFICER." DEF SWENSON VIOLATED PLF'S EIGHTH AMEND-
MENT RIGHT BY INTENTIONALLY, UNNECESSARILY, MALICIOUSLY, SADISTICALLY,
AND REPEATEDLY SUBJECTING PLF TO UNAUTHORIZED, RETALIATORY ASSAULT,
BATTERY, AGGREVATED BATTERY AND EXCESSIVE USE OF FORCE (SEE COMPLAINT
DOC NO. 1, EX. A-4, EX. A-12, AND DECLARATION EX I-10 AT #118, #122, I-11 AT #132 AND I-12 -
AT #138.) WHEN DEF SWENSON USED A SOLID CHUNK OF STEEL (SEE EX I-10 AT # 118)
THAT'S RUSTY AND DIRTY, APPROX ¼" THICK, 17 LBS, 6"X 16", AS A WEAPON TO
ATTACK AND HARM PLF (SEE EX-I-9 AT #115 AND EX-I-9 -I-10 AT #118, EX- I-6
AT # 65 AND EX-A-4) CLEARLY PLF ALLEGED DEF SWENSON VIOLATED PLF'S RIGHTS
IN NUMEROUS WAYS AND NOT JUST SIMPLY BY INJURING PLF WITH A FOOD...
                    ( PAGE-1-OF-22 )

PASS DOOR, PLF. ALLEGED DEF. PETTLJOHN DIDN'T DISPLAY DELIBERATE INDIFFERENCE, BUT "WAS" DELIBERATELY INDIFFERENT, (SEE COMPLAINT EX-A6), WHEN DEF. PETTLJOHN REFUSED TO INTERVENE (SEE COMPLAINT EX-A-4) IN RETALIATION FOR PLAINTIFF WRITING DEF. PETTLJOHN UP (SEE COMPLAINT EX-A-9, A-10)

2) DEF.'S ALLEGE, PLF. CLAIMED DEF. SWENSON SPOKE TO PLF. DISRESPECTFUL, CRUSHED PLF'S HAND AND FINGERS REPEATEDLY IN THE FOOD PASS DOOR, THEN CLIMBED ON THE PRISON CELL RAIL TO USE HIS COMBAT BOOTS TO CONTINUE SMASHING PLF'S HAND (SEE NATURE OF THE CASE PAGE-1) PLF CONTROVERTS.

PLF CLAIMED MUCH MORE THAN DEF'S HAVE STATED, PLF CLAIMED DEF. SWENSON SOUGHT PLF OUT TO HARASS, MISTREAT AND ABUSE HIS AUTHORITY OVER PLF. PLF. CLAIMED DEF. SWENSON WAS CONFRONTATIONAL, DISRESPECTFUL, CUSSING, YELLING, AND THREATENING PLF., PLF CLAIMED HE TOLD DEF. SWENSON HE'S WRITING HIM UP AND IN RETALIATION DEF. SWENSON BECAME ENRAGED AND THREW PLF'S DRINKING CUP ON THE FLOOR, REFUSING PLF DINNER DRINKS IE. TEA AND COFFEE, THEN TOLD PLF HE'S NOT GETTING DINNER, THREATENED TO RIP PLF'S FUCKEN ARM OFF, THAT DEF. SWENSON USED A METAL FOOD PASS DOOR AS A WEAPON TO ATTACK PLF., SLAMMING IT AGAINST PLF'S HAND, WRIST, ARM, AND FINGERS; CAUSING PLF TO CRY OUT IN PAIN, THAT DEF. SWENSON ORDERED PLF NOT TO MOVE HIS HAND ONCE DEF STARTED ATTACKING PLF, THAT DEF. SWENSON ASSAULTED, BATTERED AND ATTACKED PLF WITH A WEAPON, THAT DEF. SWENSON CAUSED PLF TO CRY OUT G) EACH EACH TIME DEF. SWENSON WOULD CRUSH PLF'S HAND, FINGERS, WRIST AND ARM. EACH SLAM, BLOW BEING PAINFUL, THAT DEF SWENSON CUT, GASHED PLF WITH THE METAL WEAPON, THAT PLF WAS BLEEDING, CRYING FOR HELP, BEING REFUSED HELP FROM DEF PETTLJOHN, THAT DEF SWENSON CLIMBED ON THE RAILING IN FRONT OF PLF'S CELL TO BETTER AID HIM IN HIS ATTACK AGAINST PLF, SO HE COULD USE HIS BODY WEIGHT, LEG, FOOT, COMBAT BOOT, TO HARM PLF. (SEE COMPLAINT DOC No. 1 EX. A-4 NATURE OF THE CASE)

3) DEF.'S ALLEGE PLF. CLAIMED PRIOR TO THE "INCIDENT" PLF INFORMED UNIT TEAM PETTLJOHN OF SWENSON'S DISRESPECTFUL BEHAVIOR, AND THAT WHILE SGT. SWENSON WAS CARRYING OUT HIS ALLEGED ATTACK, U.T. PETTLJOHN SAW AND HEARD IT, BUT DID NOTHING TO STOP IT. (NATURE OF CASE, PAGE 2, DOC 26) PLF CONTROVERTS

PLF DOES NOT "ALLEGE" PLF CLAIMS, AND PLF DOES NOT REFER SOLELY TO SGT SWENSONS "ATTACK" AS AN "INCIDENT," BUT INSTEAD AS ASSAULT, BATTERY, AND AN ATTACK WITH A WEAPON (SEE PLF'S COMPLAINT DOC. 1, A-4) AND PLF REFERS TO THE ATTACK AS AN ATTACK (SEE PLF'S COMPLAINT DOC. 1, A-6 AT B) (2) - SUPPORTING FACTS) PLF ALSO REFERS TO THE ATTACK AS, UNNECESSARILY, MALICIOUSLY, SADISTICALLY, UNAUTHORIZED, RETALIATORY, ASSAULT, BATTERY, AGGRAVATED BATTERY, AND EXCESSIVE USE OF FORCE. (SEE DOC. 1, A-9, AT B) (1) COUNT II) PLF CLAIMS THE ATTACK WAS A "VICIOUS ATTACK" (SEE PLF'S DECLARATION DOC. 1 EXH I-5 AT #51) PLF ALSO DOES NOT JUST

(PAGE-2-OF-32)

CLAIM HE INFORMED DEF. PETTIJOHN OF DEF. SWENSON'S DISRESPECTIVE BEHAVIOR, BUT INSTEAD PLF INFORMED DEF. PETTIJOHN THAT DEF SWENSON WAS UNPROFESSIONAL, DISRESPECTFUL, USING PROFANE LANGUAGE, THREATENED PLF, THREW PLF'S DRINKING CUP ON THE CELL FLOOR IN RETALITATION FOR PLF SAYING HE'S WRITTING SWENSON UP, THAT DEF. SWENSON WAS DENYING PLF PART OF HIS DINNER, THEN PLF'S DINNER, ALL BEFORE DEF STRUCK THE FIRST BLOW (SEE PLF'S ~ COMPLAINT DOC. 1, A-9 AT B)(2) SUPPORTING FACTS) PLF ALSO REPORTED TO DEF. PETTIJOHN DEF SWENSON WAS HARASSING PLF (SEE DECLARATION OF PLF DOC 1 EXH. I-2 AT #19) PLF INFORMED DEF PETTIJOHN THAT DEF SWENSON WAS CUSSING AND THREATENED PLF ( SEE PLF DECLARATION DOC. 1 EXH I-2 AT # 22) PLF TOLD DEF PETTIJOHN DEF. SWENSON THREW PLF'S DRINKING CUP ON THE FLOOR REFUSING TO GIVE PLF DINNER DRINKS e.g. TEA/COFFEE, BECAUSE PLF TOLD DEF SWENSON PLF IS GOING TO WRITE HIM UP. ( SEE PLF'S DECLARATION DOC. 1 EXH. I-4 AT # 41 AND # 43) PLF TOLD DEF PETTIJOHN DEF WAS DENYING PLAINTIFF DINNER, AND PLF ALSO INFORMED DEF. ITS AN EMERGENCY AND TO PLEASE COME TO PLF'S CELL. (SEE PLF'S DECLARATION DOC. 1 EXH. I-4 AT # 43 AND #46) PLF DOES NOT JUST CLAIM DEF. PETTIJOHN SAW AND HEARD DEF. SWENSON ATTACK PLF, WHILE DEF PETTIJOHN DID NOTHING TO STOP IT, PLF CLAIMS. DEF PETTIJOHN WAS SLOWLY WALKING AWAY AS DEF. SWENSON ATTACKED PLF., WHICH PISSED DEF. SWENSON (SEE PLF DECLARATION DOC. 1 EXH. I-11 AT #126) PLF ALSO CLAIMS DEF PETTIJOHN NOT ONLY DID NOTHING TO STOP DEF. SWENSON'S ILLEGAL ATTACK AGAINST PLF, BUT ALSO MADE SURE NOONE ELSE STOPPED DEF SWENSON'S VIOLENT ATTACK AGAINST PLF BY REFUSING TO PUSH THE PANIC BUTTON) REFUSING TO CALL A CODE. ( SEE PLF'S DECLARATION DOC. 1. EXH. I-11 AT # 127, #136, #128) PLF CLAIMS DEF PETTIJOHN ALSO REFUSED TO WALK OVER TO PLF'S CELL TO PREVENT PLF'S ATTACK FROM TAKING PLACE AND TO STOP THE ATTACK. (SEE PLF'S DECLARATION DOC. 1 EXH. I-12 AT #134/ EXH. I-4 AT #46, #43) PLF ALSO CLAIMS DEF. PETTIJOHN REFUSED TO TELL DEF. SWENSON NOT TO HARM PLF WITH A PIECE OF METAL (SEE DECLARATION DOC. #1, EXH. I-5 AT #62) THE FACTS SHOW PLF CLAIMS DEF PETTIJOHN DID NOTHING TO PREVENT OR STOP DEF. SWENSON ATTACK, BUT ALSO DEF PETTIJOHN DID A LOT TO ENSURE PLF WAS ATTACKED AND THAT DEF SWENSON CONTINUED HIS ATTACK. (SEE PLF'S DECLARATION DOC. #1 EXH I-1 — I-13)

4) DEF'S ALLEGE DEF. SCHNURR SHOWED "DELIBERATE INDIFFERENCE TO PLF'S SUFFERING" (SEE DOC. #26 NATURE OF THE CASE PAGE 2) PLF CONTROVERTS PLF CLAIMS DEF. SCHNURR HAD A DUTY TO ENSURE THE HEALTH AND SAFEKEEPING OF PLF BY STATUTE, AND PLF CLAIMS DEF SCHNURR FAILED TO PROTECT PLF DUE TO HIS UNWRITTEN POLICY TO GIVE GUILTY STAFF IMMUNITY FOR THEIR ILLEGAL ACTS/BEHAVIORS (SEE PLF'S COMPLAINT DOC. #1 EXH. A-3 AT 2) AND EXH A-4 AT B. NATURE OF THE CASE 1) PLF ALSO CLAIMS DEF DID SHOW" BUT "WAS" DELIBERATELY INDIFFERENT TO PLF. (SEE COMPLAINT DOC. #1 EXH. A-6 AT 1) A) (1) COUNT 1') PLF ALSO CLAIMS...

DEF SCHNURR WAS SUED FOR REFUSING TO REMEDY THE WRONGS AGAINST PLF OVER AND OVER AGAIN; DUE TO HIS UNWRITTEN POLICY TO GIVE GUILTY STAFF IMMUNITY (SEE PLF'S COMPLAINT DOC #1 EXH. A-4 AT B) NATURE OF THE CASE 1) ) AND PLF SUED DEF SCHNURR FOR 1) FAILURE AND REFUSAL TO TRAIN STAFF TO INTERVENE WHEN WITNESING OTHER STAFF USING ILLEGAL, UNAUTHORIZED, EXCESSIVE FORCE, 2) PROPERLY TRAIN STAFF TO INTERVENE WHEN THEY WITNESS OTHER STAFF ASSAULT/BATTER AN INMATE WITH A WEAPON WHEN NO FORCE WAS NEEDED, 3) TO ACT ON INFORMATION INDICATING PLF'S RIGHT WERE VIOLATED AND ATTEMPTING TO REMEDY THE WRONGS, 4) REMOVE STAFF WITH A HISTORY OF ABUSIVE ACTS/BEHAVIORS FROM POSITIONS WHERE THEY HAVE POWER, CONTROL, AND AUTHORITY OVER INMATES LIVES, 5) TO DISCHARGE HIS DUTY TO DISCIPLINE STAFF INVOLVED IN ILLEGAL, UNNECESSARY EXCESSIVE FORCE PERMITTING A PATTERN OF EXCESSIVE FORCE TO DEVELOPE AND PRESIST, 6) END AN UNWRITTEN POLICY/CUSTOM TO GIVE GUILTY STAFF IMMUNITY FOR THE WRONG DOING, 7) TO CORRECT THE CORRUPT, BIASED, RETALIATORY, RUBBER STAMP REPLY, COUNTERPRODUCTIVE, BROKEN GRIEVANCE SYSTEM AND INJURY CLAIM PROCESS. (SEE PLF'S COMPLAINT DOC #1 EXH A-7 AT A)(6) COUNT I.)

5) DEF'S ALLEGE PLF BROUGHT HE'S LAW SUIT UNDER 42 U.S.C. §1983 PLF CONTROVERTS
              PLAINTIFF BROUGHT HIS/THIS LAW SUIT UNDER 28 U.S.C. §1343(3), 42 U.S.C. §1983, 42 U.S.C. §1983 1331 AND 1343 (a) (3), 28 U.S.C §2201 AND 2202, 28 U.S.C. §1983 2283, 2284, AND RULE 65 OF THE FED. R. OF CIV. P., K.S.A. §75-5252, U.S. AND KANSAS CONSTITUTIONS, FED. RULE OF CIV. P. 38(b), 28 U.S.C. §1367(a), IMPP 9-2-118 D. B) II.A.NO2., K.A.R. 44-15-104(a), K.S.A. §60-513 AND PENDENT JURISDIC-TION/SUPPLEMENTAL JURISDICTION. (SEE PLF'S COMPLAINT DOC #1 EXH. A-4 AT 4)) CLEARLY PLF BROUGHT THIS LAW SUIT UNDER FAR MORE THAN DEF'S ALLEGE.

6) DEF'S ALLEGE PLF ASK FOR A DECLARATORY JUDGMENT STATING THE UNNECESSARY, EXCESSIVE USE OF FORCE BY DEF SWENSON VIOLATED PLF'S RIGHT TO BE FREE OF CRUEL AND UNUSUAL PUNISHMENT AND CONSTITUTED ASSAULT AND BATTERY UNDER KANSAS STATE LAW AND CONSTITUTION (SEE DOC #26 NATURE OF THE CASE AT PAGE 2) PLF CONTROVERTS
              PLF CLAIMS FIVE RELIEF REQUEST WERE MADE WHICH ARE (1) A DECLARATORY JUDGMENT STATING THAT THE UNNECESSARY, EXCESSIVE USE OF FORCE AGAINST PLF BY DEF. SWENSON VIOLATED PLF'S RIGHT TO BE FREE OF CRUEL AND UNUSUAL PUNISHMENT UNDER THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION/KANSAS CONSTITUTION, AND CONSTITUTED ASSAULT AND BATTERY UNDER KANSAS STATE LAW AND CONSTITUTION. (SEE PLF'S COMPLAINT DOC #1 EXH. A-14 AT 2) REQUEST FOR RELIEF 1) ) NOT JUST ASSAULT AND BATTERY UNDER KANSAS STATE LAW AND CONSTITUTION AS DEFENDANTS ALLEGED. 2) AN ORDER STATING DEF'S PAY COMPENSATORY, PUNITIVE, AND NOMINAL DAMAGES TO PLF.,

3) A ORDER STATING DEF'S PAY REASONABLE ATTORNEY FEE'S AND COST, 4) GRANT OTHER JUST AND EQUITABLE RELIEF THIS COURT DEEMS NECESSARY, DEF'S ARE SUED JOINTLY AND SEVERALLY (WHEN APPROPRIATE, 5) ANY SPOLIATION OF EVIDENCE ISSUES COST #10,000 "SEPERATELY". (SEE PLF'S COMPLAINT DOC.#1, EXH. A-14, 2) REQUEST FOR RELIEF 1).) AND APPROX 75,000 (SEE PLF COMPLAINT DOC 1 EX A1)

7) DEF'S ALLEGE PLF FAILED TO TIMELY ALLEGE ANY STATE LAW CLAIMS AND THEY SHOULD BE DISMISSED. PLF CONTROVERTS (DOC #26 PAGE-2)

PLF MADE SEVERAL STATE OF KANSAS CLAIMS AGAINST DEF. SWENSON AND DEF PETTIJOHN AND DID SO TIMELY, JUST AS PLF MADE SEVERAL CLAIMS AGAINST DEFENDANTS ████████ FOR VIOLATING PLF'S UNITED STATES CONSTITUTIONAL RIGHTS, PLF MADE CLAIMS THAT DEF SWENSON RETALIATED AGAINST PLF AND ATTACKED PLF FOR TELLING DEF SWENSON PLF IS GOING TO WRITE HIM UP, AND DEF SWENSON YELLED AT PLF, CUSSED PLF, THREATENED PLF, DENIED PLF DINNER DRINKS, DENIED PLF DINNER, THROUGH PLF'S DRINKING CUP ON PLF'S CELL FLOOR, ASSAULTED PLF, BATTERED PLF, USED A PIECE OF STEEL AS A WEAPON TO ATTACK PLF, USED COMBAT BOOTS TO FURTHER ATTACK AND HARM PLF (SEE PLF'S COMPLAINT DOC #1 EXH A-4 AT B. NATURE OF THE CASE 1) PLF ALSO CLAIMS DEF SWENSON SUBJECTED PLF TO AGGRAVATED BATTERY, UNDER KANSAS CONSTITUTION (SEE PLF'S COMPLAINT DOC. #1 EXH. A-5 AT DEFENDANT SWENSON) PLF ALSO POINTS OUT THAT THERE IS A TWO (2) YEAR STATUTE OF LIMITATIONS TO BRING A KANSAS INJURY LAWSUIT. (SEE DOC.#20 EXH. G3, AND OR 2019 STATUTE 60-513(a) ATTACHED AND LABELED EXHIBIT G3)(EXHIBIT-G)

8) DEF'S CLAIMED PLF. ALLEGED DEF SWENSON VIOLATED PLF'S EIGHTH AMENDMENT RIGHT TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT, AS WELL DEF PETTIJOHN AND ALTHOUGH PLF ALREADY CONTROVERTED DEF. CLAIMS ON THIS IS IN NUMBER 6,) PLF WILL ADD THE FACT THAT PLF ALSO CLAIMS DEF'S SWENSON AND PETTIJOHN VIOLATED PLF'S FIRST AMENDMENT RIGHTS FOR RETALIATING AGAINST PLF FOR EXERCISING PLF'S FIRST AMENDMENT RIGHT TO PETITION THE GOVERNMENT FOR A REDRESS OF HIS GRIEVANCES. (SEE PLF'S COMPLAINT DOC #1 EXH'S A-12 AND A-13) FOR DEF. SWENSON, AND (SEE PLF'S COMPLAINT DOC. #1 EXH A-10 AT LINE 15) FOR DEF PETTIJOHN.

9) DEF'S ALLEGE THE COURT SHOULD ████████ GRANT SUMMARY JUDGMENT FOR DEF'S BECAUSE THEY ALLEGE PLF ███████ FAILED TO EXHAUST ADMINISTRATIVE REMEDIES. PLF CONTROVERTS (DOC #26 PAGE-2)

PLF DID IN FACT EXHAUST ADMINISTRATIVE REMEDIES (SEE COMPLAINT DOC #1 EXH. B-1 THROUGH B-7) THE KDOC'S ADMINISTRATIVE REMEDIES PROCESS FOR PROPERTY AND INJURY IS DONE WITH THE FORM PLF USED AND EXHAUSTED PLF'S ADMINISTRATIVE REMEDIES. AND DEF'S KNOW THIS, BUT AS USUAL ARE PLAYING THEIR

(PAGE-5-OF-32)

RETALIATORY GAMES, LYING, HARASSING, BEING UNPROFESSIONAL, AND CAUSING PLF. AND THIS COURT UNNECESSARY TIME AND WORK. (SEE PLF'S COMPLAINT DOC. NO. 1 EXH. D-1, AT UNIT TEAM RESPONSE) UNIT TEAM GRAFF POINTS OUT K.A.R. 44-15-101 STATES THE GRIEVANCE PROCEDURE IS NOT TO BE USED AS A SUBSTITUTE FOR OR PART OF THE INJURY CLAIM PROCESS/ PROCEDURE. DEF. SCHNURR STATES PLF'S INJURY CLAIM WENT THROUGH THE ENTIRE PROCESS, WAS HANDLED PROPERLY AND WENT THROUGH EVERY LEVEL, AND THERE IS NOTHING ELSE PLF. CAN DO IN THE MATTER. (SEE PLF'S COMPLAINT DOC NO. 1 EXH. B-23) DEF. SCHNURR ALSO RESPONDED TO PLF'S INMATE REQUEST TO STAFF MEMBER/FORM-9 DATED 5-31 2019, AND STATES K.A.R. 44-15-101a PROVIDES THAT THE GRIEVANCE PROCEDURE SHALL NOT BE USED IN ANY WAY AS A SUBSTITUTE FOR, OR AS PART OF, THE INMATE DISCIPLINARY PROCEDURE, THE CLASSIFICATION DECISION-MAKING PROCESS, OR THE PROPERTY LOSS OR PERSONAL INJURY CLAIMS PROCEDURE... (SEE PLF'S COMPLAINT DOC. NO. 1, EXH D-18) PLF ALSO REFERS TO THE INMATE RULE BOOK PAGE 71, 44-15-101a.[B].[2] WHICH STATES IN RELEVANT PART, "THE GRIEVANCE PROCEDURE SHALL NOT BE USED IN ANY WAY AS A SUBSTITUTE FOR, OR AS PART OF... PERSONAL INJURY CLAIMS." PER K.D.O.C.'S OWN RULES, REGULATION AND POLICY PLF EXHAUSTED HIS ADMINISTRATIVE REMEDIES, AS WELL BY THE WARDEN'S DIRECTION, AND DEFENDANTS MOTION(S) TO DISMISS AND/OR IN THE ALTERNATIVE MOTION FOR SUMMARY JUDGMENT SHOULD BE DENIED.

10) PLAINTIFF STATES FOR THE RECORD WHEN PLF REFERS TO PLF.'S COMPLAINT, PLF'S COMPLAINT IS IN FACT A VERIFIED COMPLAINT AND APPROPRIATE TO BE USED IN SUMMARY JUDGMENT. (SEE HERNANDEZ V. VELASQUEZ, 522 F.3d 556, 561 (5TH CIR. 2008) AND PLF'S COMPLAINT DOC NO. 1 EXH A-15)

11.) DEFENDANTS MAKE NUMEROUS ALLEGATIONS IN THEIR STATEMENT OF MATERIAL FACTS AS TO WHICH NO GENUINE ISSUE EXISTS, THAT PLAINTIFF OPPOSES, BECAUSE THERE ARE IN FACT MATERIAL FACTS AS TO WHICH GENUINE ISSUES EXIST. IN SUPPORT PLAINTIFF STATES THE FOLLOWING:

12) DEF'S CLAIM AN INCIDENT "OCCURRED ON 9-13-2018 ALLEGED BY PLF. (SEE P.2) PLF. OPPOSES. DEFENDANTS CONTINUE TO ATTEMPT TO DOWN PLAY THE EVIL, UNNECESSARY, VIOLENT, ILLEGAL, UNPROFESSIONAL, ASSAULT, BATTERY, EXCESSIVE USE OF FORCE DEF SWENSON SUBJECTED PLF TO. IT WAS CRIMINAL AND VERY SERIOUS! (SEE PLF'S COMPLAINT DOC No. 1, EXH. A-4, A-5, A-6, A-9, A-10, A-11, A-12)

13) DEF'S ALLEGE PLF SUBMITTED A PERSONAL INJURY CLAIM FORM RELATED TO PLF'S 9-13-2018 "INTERACTION" WITH DEF. SWENSON. (SEE PAGE-2 DOC. 26) PLF OPPOSES PLF SUBMITTED AN INJURY CLAIM TO BE PROCESSED AND A COPY.

(PAGE-6-OF-32)

TO BE RETURNED TO PLF, SO PLF SUBMITTED TWO INJURY CLAIM FORMS (SEE PLF's COMPLAINT, DOC. NO. 1, EXH B-19) AND PLF DIDNT SUBMIT THE INJURY CLAIM FORMS RELATED TO A 9-13-2018 INTERACTION, BUT INSTEAD PLF SUBMITTED TWO INJURY CLAIM FORMS, DUE TO DEF. SWENSON'S ILLEGAL, VIOLENT, UNNECESSARY, ASSAULT, BATTERY, AGGRAVATED BATTERY, AND EXCESSIVE USE OF FORCE (SEE PLF's COMPLAINT, DOC NO. 1, EXH. I-9 AT #115) AGAINST PLF, IT WAS AN ILLEGAL ATTACK.

14) DEF'S ALLEGE PLF'S INJURY CLAIM NOTED ONLY THAT DEF. PETTIJOHN "SAW" DEF SWENSON'S ACTIONS (SEE DOC NO. 26, PAGE 1-2 NUMBER 3.) PLF OPPOSES. PLF STATES SEVERAL INMATES HEARD CSI SWENSON CALL ME PUNK, BITCH, TOL ME HE WAS GOING TO RIP MY FXXX EN HAND OFF, ETC. IN A-2 CELLHOUSE INMATES ARE BEHIND SOLID METAL DOORS, AND THEY COULD HEAR, AND UNIT TEAM/DEF PETTIJOHN WAS ONLY A COUPLE CELLS AWAY, AND PLF IMPLIES DEF PETTIJOHN HEARD DEF. SWENSON AND PLF. BROWN (SEE COMPLAINT DOC. NO. 1, EXH B-4 AND EXH. I-1-I-16) IT BEARS MENTION DEF. PETTIJOHN DOES NOT USE A HEARING AID.

15.) DEF'S ALLEGE DEF PETTIJOHN SIGNED THAT HE RECEIVED PLF'S PERSONAL INJURY CLAIM FORM ON 9-24-2018. (SEE DOC NO. 26 AT NO 4, PAGE-3) PLF OPPOSES. PLF SUBMITTED (2) PERSONAL INJURY CLAIM FORMS ON 9-21-2018, WHICH IS WHEN DEF. PETTIJOHN WAS HANDED THE CLAIM FORMS BY CSI SMITH, SO DEF PETTIJOHN LIED TO SIGN THAT HE RECEIVED THE CLAIM FORM ON 9-24-2018 INSTEAD OF 9-21-2018. (SEE PLF'S COMPLAINT EXH B-1)

16) DEF'S ALLEGE DEF SCHNURR, H.C.F.'S WARDEN AT THE TIME, RECEIVED PLF'S INJURY CLAIM ON 10-1-2018, AND INJURY CLAIMS ARE GOVERNED BY CHAPTER 44, ARTICLE. (SEE DOC NO 26, AT #5.) PLF OPPOSES, PLF CAN NOT KNOW WHEN DEF. SCHNURR RECEIVED PLF'S INJURY CLAIM

17) DEF'S ALLEGE PLF FILE A GRIEVANCE ON 4-25-2019 ATTEMPTING TO GRIEVE THE DENIAL OF PLF'S INJURY CLAIM (SEE DOC NO 26 AT #9) PLF = OPPOSES. PLF SUBMITTED A SPECIAL KINDS OF PROBLEMS COMPLAINT ON A GRIEVANCE FORM PER K.A.R. 44-15-201 (SEE COMPLAINT DOC NO. 1 EXH. D-1) WHICH HAS SPECIAL KINDS OF PROBLEMS WROTE AT THE TOP OF THE GRIEVANCE FORM, AND PER K.A.R. 44-15-201 THIS TYPE OF PROCEDURE IS TO BRING A PROBLEM TO A HIGHER AUTHORITY WITHOUT GOING THROUGH THE GRIEVANCE PROCEDURE (SEE COMPLAINT DOC NO. 1 EXH H-4 AT (4)) HOWEVER, ALTHOUGH PLF COMPLIED WITH THE SPECIAL KINDS OF PROBLEMS PROCEDURE BY PUTTING THE SPECIAL KINDS OF PROBLEMS GRIEVANCE FORM IN A ENVELOPE, SEALING IT, WRITING OFFICIAL/LEGAL MAIL ON THE OUTSIDE, AND ADDRESS TO H.C.F.'S WARDEN DAN SCHNURR, BUT K.D.O.C./H.C.F. STAFF/OFFICIALS IGNORE THEIR OWN RULES, REGULATIONS, AND ARTICLES AND REFUSED TO PROCESS MY SPECIAL KINDS OF PROBLEMS GRIEVANCE REPORT FORM UNDER K.A.R. 44-15-201, AND

(PAGE-7-OF-32)

RETURNED MY GRIEVANCE REPORT FORM TO ME AFTER I MAILED IT TO THE WARDEN. DEF. SCHNURR AS CAN BE SEEN IN THE 4-19-2019 LETTER TO UNIT TEAM MANAGER NICKELS FROM ELIZABETH SMITH. (SEE PLF'S COMPLAINT DOC NO. 1, EXH. D-15) CLEARLY VIOLATING K.A.R.'s SPECIAL KINDS OF PROBLEMS PROCEDURE. UNIT TEAM NICKELS SENT THE SPECIAL KINDS OF PROBLEMS GRIEVANCE REPORT FORM TO UNIT TEAM GRAFF WITH A NOTE ALLEGING PLF CAN NOT GRIEVE A PROPERTY CLAIM RESPONSE, AND PLF WAS NOT DOING THAT. (SEE PLF'S COMPLAINT DOC NO. 1 EXH. D-15 AT BOTTOM) UNIT TEAM GRAFF THEN SENT THE SPECIAL KINDS OF PROBLEMS GRIEVANCE REPORT FORM BACK TO PLF ON 5-28-2019 WITH A UNIT TEAM RESPONSE ALLEGING THE GRIEVANCE PROCEDURE IS NOT TO BE USED AS A SUBSTITUTE FOR OR PART OF THE INJURY CLAIMS PROCEDURE (SEE COMPLAINT DOC NO. 1 EXH. D-1) PLF EVEN MADE SURE TO MAKE CLEAR IN THE COMPLAINT THAT PLF'S COMPLAINT IS THAT PLF WAS SUBJECTED TO UNNECESSARY EXCESSIVE USE OF FORCE BY C.S.I SWENSON AND THE INCIDENT WAS WITNESSED BY INMATES AND STAFF AND ITS ON CAMERA. (SEE COMPLAINT DOC NO. 1 EXH D-1 AND D-2) PLF ALSO STATE'S THE COMPLAINT IS DUE TO U.T. PETTIJOHN RETALIATING AGAINST PLF IN SEVERAL WAYS (SEE PLF'S COMPLAINT EX D-3) FINALLY PLF STATES PLF IS NOT ABLE TO FILE A GRIEVANCE ON A INJURY CLAIM, SO PLF SAID LET PLF BE CLEAR, PLF'S COMPLAINT ISNT ABOUT PLF'S INJURY CLAIM, BUT INSTEAD ABOUT U.T. PETTIJOHN RETALIATING AGAINST PLF IN SEVERAL WAYS (SEE PLF'S COMPLAINT DOC NO. 1 EXH D-4) ALTHOUGH DEF. SCHNURR, UNIT TEAM GRAFF, UNIT TEAM MANAGER NICKELS, AND ELIZABETH SMITH REFUSED TO PROCESS THE COMPLAINTS PROPERLY, PLF NEVERTHELESS EXHAUSTED THE GRIEVANCE REPORT FORM. (SEE PLF'S COMPLAINT DOC NO. 1 EXH'S D-1 - D-18)

18) DEF.'S ALLEGE THE 4-25-2019 GRIEVANCE FORM STATES PER K.A.R. 44-15-101 THE GRIEVANCE PROCEDURE IS NOT TO BE USED AS A SUBSTITUTE FOR OR PART OF THE INJURY CLAIMS PROCEDURE, AND PLF CAN NOT GRIEVE THE PROPERTY CLAIM RESPONSE (SEE DOC NO 26 AT # 10.)

PLF OPPOSES PLF DID NOT SUBMIT A GRIEVANCE, BUT INSTEAD A COMPLAINT USING A SPECIAL KINDS OF PROBLEMS PROCEDURE PROCESS, WHICH H.C.F. OFFICIAL REFUSED TO ALLOW PLF TO UTILIZE THE SPECIAL KINDS OF PROBLEMS PROCEDURE, AND AS PLF STATED IN NUMBER 17) ABOVE, PLF RESTATES THE SAME AND INCORPORATES THE SAME HEREIN AS IF IT WAS RESTATED FULLY HERE IN. PLF WAS NOT USING THE GRIEVANCE PROCEDURE TO SUBSTITUTE OR USE FOR OR WITH THE INJURY CLAIM REPLY. (SEE PLF'S COMPLAINT DOC NO. 1 EXH.S D-1 - D-18).

19.) DEF.'S ALLEGE ON 5-3-2019 DEF. SCHNURR INFORMED PLF HIS INJURY CLAIM WENT THROUGH THE ENTIRE PROCESS, WAS DISAPPROVED BY CENTRAL OFFICE, PLF RECEIVED A COPY OF THE INJURY CLAIM FROM UNIT TEAM STAFF...

. PLF OPPOSES, DEF'S WERE SPEAKING ABOUT A SPECIAL KIND OF PROBLEMS GRIEVANCE
REPORT FORM DATED 4-25-2019, ~~████~~ (SEE DOC NO. 26 AT #10 ) AND NOW DEF'S
ARE SPEAKING ABOUT DEF. SCHNURR'S REPLY DATED 5-3-2019 TO PLF.'S
FORM-9 DATED 4-12-2019 (SEE DOC. NO. 26 AT #11, AND PLF'S COMPLAINT DOC NO. 1
EXH B-18-B-23) ~~████~~

20) DEF'S ALLEGE DEF SCHNURR RESPONDED TO PLF'S ATTEMPT TO GRIEVE THE DENIAL
OF PLF'S INJURY CLAIM ON 6-17-2019 INFORMING PLF HE DID NOT FOLLOW THE PROPER
GRIEVANCE PROCEDURE PER K.A.R. 44-15-102 AND THE ISSUE PLF BROUGHT UP
CONCERNING PLF'S INJURY CLAIM IS A NON-GRIEVABLE ISSUE PER K.A.R.
44-15-101a (SEE DOC NO. 26 AT #12)                    PLF OPPOSES FIRST OF ALL, PLF SUBMITTED A
~~████~~ OFFENDER REQUEST TO STAFF MEMBER/FORM-9 TO DEF SCHNURR MAKING A
COMPLAINT ABOUT THE SPECIAL KINDS OF PROBLEMS, GRIEVANCE FORMS UNDER (SEE DOC NO. 1 EXH D-16)
K.A.R. 44-15-201 THAT PLF MAILED TO THE WARDEN/DEF. SCHNURR THAT SUPPOST TO
BE RESPONDED TO BY THE WARDEN/DEF SCHNURR, OR THE STAFF THAT ALLEGE
ITS NOT A SPECIAL KIND OF PROBLEM WAS SUPPOST TO SAY IT WASN'T AND
STATE WHY, BUT IT WAS NOT DONE, AND INSTEAD THE GRIEVANCE I HAD
ATTACHED TO THE FORM-9 WAS SENT BACK TO UNIT TEAM MANAGER
NICKELS (SEE COMPLAINT DOC NO. 1 EX D-15) BY ELIZABETH SMITH, AND SHE
DIRECTED THE U.T.M. THAT IF THE GRIEVANCE IS NOT RESOLVED AT THE U.T.
LEVEL TO SEND IT BACK WITH THE WARDENS RESPONSE (SEE COMPLAINT DOC 1,
EXH. D-15) PLAINTIFF ALSO MADE THE COMPLAINT THAT THE GRIEVANCE
WAS NOT A COMPLAINT ABOUT THE PROPERTY CLAIM/INJURY CLAIM, BUT
WAS ABOUT UNIT TEAM PETTIJOHN'S RETALIATION AGAINST PLAINTIFF,
BECAUSE PLF WROTE DEF PETTIJOHN UP. (SEE COMPLAINT DOC NO. 1 EXH D-17)
BECAUSE PLF WAS NOT SATISFIED WITH THE UNIT TEAM (GRADE) REPLY
PLAINTIFF MARKED NOT SATISFIED ON THE GRIEVANCE FORM
DATED IT, 5-28-2019, AND TURNED IT BACK IN TO BE PROCESSED AND
GO TO THE NEXT STAGE (SEE COMPLAINT DOC 1, EX D-1) THE GRIEVANCE
WAS RETURNED RIGHT BACK TO PLF THAT NIGHT, SO PLF MAILED IT TO THE
WARDEN/DEF SCHNURR THAT NIGHT. (SEE COMPLAINT DOC 1, EXH D-1) AND (SEE
COMPLAINT DOC NO. 1 EXH D-17) PLF ALSO INFORMED DEF SCHNURR THAT
KDOC/HCF STAFF/OFFICIALS DID NOT FOLLOW THE PROPER PROCEDURE
IN PROCESSING THE SPECIAL KINDS OF PROBLEMS COMPLAINT, WROTE ON
A GRIEVANCE FORM. (SEE COMPLAINT DOC 1, EXH D-16, D-17)

21.) DEF'S ALLEGE PLF DID NOT FILE A GRIEVANCE AGAINST DEF SWENSON AND
DEF PETTIJOHN ~~████~~ REGARDING THEIR "INTERACTION" WITH PLF ON 9-13-2019. (DOC NO. 26
AT #13)
        PLF OPPOSES, DEFENDANTS ARE LIARS! PLF FILES MORE FORM-9'S,
GRIEVANCES, AND GRIEVANCE APPEALS THAN ANYONE ELSE PLF KNOWS OF,
THAT ARE ALL TRUTHFUL, DETAILED, PROFESSIONAL LEGALLY JUSTIFIED...
                            ( PAGE-9-OF-32 )

AND SERIOUS ISSUES, BECAUSE PLF REFUSES TO PHYSICALLY BEAT UP STAFF, BECAUSE PLF REFUSES TO STAB STAFF, BECAUSE PLF BELIEVES IN DUE PROCESS OF LAW, THE U.S. CONSTITUTION, CIVIL RIGHTS, AND BECAUSE PLAINTIFF WANTS TO FIGHT CORRUPTION, EVIL GUARDS, ABUSIVE STAFF, ILLEGAL AND INHUMANE CONDITIONS OF CONFINEMENT, AND OVER THE LAST (29) YEARS PLF HAS LOST COUNT HOW MANY TIMES K.D.O.C. STAFF/ OFFICIALS HAVE DESTROYED PLF'S OFFICIAL/LEGAL PAPERS. IT'S HAPPEND RECENTLY AT THIS FACILITY, BUT HUTCHINSON CORRECTIONAL FACILITY HAS ALWAYS BEEN THE MOST CORRUPT AND DISHONEST WHEN IT COMES TO DESTROYING PLF'S OFFICIAL/LEGAL PAPERS. (SEE ATTACHED EXH. B - B-52) ANOTHER EXAMPLE IS A GRIEVANCE PLF EXHAUSTED DATED 9-25-2019 (56) FORM-9 DATED 9-12-2019 (56), FORM-9 RECEIPT DATED 2-5-2019, U.T. REPLY DATED 10-4-2019, WARRENS REPLY DATED 10-28-2019, AMEN DATED 11-18-2019, AND SECRETARY'S REPLY DATED 11-22-2019. IT'S IMPORTANT TO UNDERSTAND DEF'S ARE ATTEMPTING TO CONFUSE THE COURT BY REFERRING TO PLF'S GRIEVANCE AND LYING BY SAYING PLF DIDN'T FILE A GRIEVANCE UNTIL 9-25-2019 REGARDING DEF SWENSON'S ATTACK AND RELATED CLAIMS, BECAUSE PLF FILED A FORM-9 ON 2-5-2019 (SEE PLF COMPLAINT DOC. No. 1 EXH E-12) AND THAT IS HOW K.D.O.C.'S GRIEVANCE PROCEDURE IS STARTED. BUT DEF'S/KDOC STAFF REFUSED TO PROCESS THAT FORM-9 AND INSTEAD DESTROYED IT, WHICH PLF SUBMITTED A GRIEVANCE COMPLAINT ON, WHICH IS THE GRIEVANCE (DEF. REFER TO IN DOC 26, PAGE 4, # 13. (SEE PLF'S COMPLAINT DOC. No 1, EXH. E-1 - E-20) PLF FILED MORE FORM-9'S AND GRIEVANCES, BUT BY LAW PLF EXHAUSTED ADMINISTRATIVE REMEDIES THAT WERE AVAILABLE TO HIM

22) DEF'S CLAIM UNIT TEAM GIRAFF SENT PLF A MEMO SAYING PLF'S GRIEVANCE WOULD BE RETURNED TO HIM WITHOUT A RESPONSE BECAUSE PLF FILED OUTSIDE THE TIME FRAME FOR FILING GRIEVANCES (SEE DOC. NO 26 AT #14)

  PLF OPPOSES. DEF'S ARE ALLEGING PLF DIDN'T FILE THE GRIEVANCE WITHIN THE TIME FRAM TO FILE A GRIEVANCE, WHICH IS A JOKE WHEN YOU CONSIDER DEF'S/KDOC/HCF OFFICIALS DESTROYED PLF'S FORM-9 AS KDOC OFFICIALS USUALLY DO WHEN THEY DON'T WANT TO RESPOND TO A COMPLAINT, AND IS WHY PLF SUBMITTED THIS GRIEVANCE. (SEE DOC No 1 EXH E-1 - E-20) AS U.T. GRAFF POINTS OUT K.A.R. 44-15-101b STATES THAT GRIEVANCES SHALL BE FILED WITHIN (15) DAYS FROM THE DATE OF DISCOVERY OF THE EVENT GIVING RISE TO THE GRIEVANCE, AND WHEN PLF DISCOVERED THAT KDOC/HCF STAFF/UNIT TEAMS HAD ONCE AGAIN DESTROYED AND NOT RETURND UNIT OF PLF'S FORM-9'S, PLF SUBMITTED A GRIEVANCE WITHIN 15 DAYS OF DISCOVERY OF THE EVENT BY STAFF DESTROYING PLF'S FORM-9. (AGAIN) AND AS USUAL, KDOC/HCF UNIT TEAM(S) IGNORE THAT COMPLAINT, AS THEY DONT WANT TO ADDRESS

AND CORRECT THE LONG STANDING ISSUE/PROBLEM. (SEE PLF'S COMPLAINT DOC. NO. 1, EXHIBITS E-1–E-20) ALSO U.T. GRAFF SENT A GRIEVANCE REPLY NOT MEMO.

23) DEF.'S ALLEGE THE WARDEN SENT PLF A "LETTER" SAYING THE ITEMS PLF BRING UP IN THE GRIEVANCE HAVE BEEN ADDRESSED, OR PLF IS ATTEMPTING TO ADDRESS OUTSIDE THE TIME FRAME ALLOWED FOR FILING GRIEVANCES. (SEE DOC NO 26 AT #15)

PLF OPPOSES, THE WARDEN/DEF SCHNURR DID NOT SEND PLF A LETTER, BUT INSTEAD A GRIEVANCE RESPONSE, ALTHOUGH DEF SCHNURR ATTEMPTED TO MAKE THE REPLY ABOUT A PREA COMPLAINT, AND THIS GRIEVANCE HAS NOTHING TO DO WITH A PREA e.g. SEXUAL ASSAULT OR SEXUAL HARASSMENT (SEE PLF'S COMPLAINT DOC. NO. 1, EXH E-14) THEN PLF MAKES THE SAME ARGUMENT AS IN #22 IN THAT WITHIN 15 DAYS OF PLF DISCOVERING DEF'S, K.D.O.C./H.C.F. STAFF/OFFICIALS DID NOT ANSWER/RETURN ANOTHER ONE OF PLF'S FORM-9S, PLF FILED A GRIEVANCE, BUT K.D.O.C./H.C.F. OFFICIALS, AS USUAL, MISUSE AND ABUSE THE GRIEVANCE PROCEDURE.

24) DEF'S CLAIM THE SECRETARY OF CORRECTIONS RESPONSE TO PLF'S APPEAL WAS THAT PLF FILED A GRIEVANCE WAS UNTIMELY FILED. (SEE DOC. NO 26 AT 17)

PLF OPPOSES THE GRIEVANCE PROCEDURE IS A RUBBER STAMP REPLY SYSTEM, AND THE SECRETARY DID NOT TO PLF'S APPEAL, BUT INSTEAD THE SECRETARY DESIGNEE DOUGLAS W. BURRIS DID.

25) DEF PRESENTED QUESTIONS I, II, AND III.

PLF OPPOSES – PLF CLAIMS THE ANSWERS ARE NO FOR ALL THREE (3) QUESTIONS.

26) DEFS ALLEGE THEY ARE ENTITLED TO DISMISSAL OF PLF'S STATE ASSAULT AND BATTERY CLAIMS BECAUSE THEY ARE UNTIMELY CLAIMS. (SEE DOC. NO. 26, AT PAGE 6, I.)

PLF OPPOSES FIRST, PLF POINTS OUT DEF'S ALLEGE PLF ASKED FOR A DECLARATORY JUDGMENT STATING THE UNNECESSARY, EXCESSIVE USE OF FORCE AGAINST PLF BY DEF SWENSON CONSTITUTED ASSAULT AND BATTERY UNDER KANSAS STATE LAW AND CONSTITUTION, BUT THAT'S NOT CORRECT. DEF'S ARE LEAVING PARTS OUT AND CHANGING PLF'S REQUEST, WHICH STATES, "A DECLARATORY JUDGMENT STATING THE UNNECESSARY, EXCESSIVE USE OF FORCE AGAINST PLF. BY DEF. SWENSON VIOLATED PLF'S RIGHT TO BE FREE OF CRUEL AND UNUSUAL PUNISHMENT UNDER THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION/KANSAS CONSTITUTION, AND CONSTITUTED ASSAULT AND BATTERY UNDER KANSAS STATE LAW AND CONSTITUTION." (SEE PLF'S COMPLAINT DOC NO. 1 AT EXH. A-14) NEXT, DEF'S ATTEMPT MISLEAD THE COURT WITH THE WRONG DATES TO CALCULATE THE...

(PAGE-11-OF-32)

STATUTE OF LIMITATIONS TIME PERIODS, DEF.'S ATTEMPTED TO USE PLF'S INJURY DATE OF 9-13-2018 AND ~~AND~~ THE DATE PLF FILED THIS ACTION/COMPLAINT ON 4-15-2021, NUMBER ONE AS THE DEF.'S KNOW PLF MUST EXHAUST HIS ADMINIS-TRATIVE REMEDIES BEFORE FILING A LAW SUIT. PLF'S ADMINISTRATIVE REMEDIES FOR INJURY IS DONE WITH A INJURY CLAIM, WHICH PLF SUBMITTED ON 9-21-2018 AND DEF.'S FIC EXHUSTED THE PROCESS AND DID NOT COMPLETE THE PROCESS AND RETURN THE INJURY CLAIM TO PLF UNTIL 4-17-2019 (SEE PLF'S COMPLAINT DOC. NO. 1 AT EX B-1) NUMBER TWO, STATE LAW GOVERNS TOLLING ISSUES, AND KANSAS TOLLING PRINCIPLES SUSPEND THE RUNNING OF THE LIMITATIONS PERIOD FOR THE TIME DURING WHICH THE PLF. IS EXHAUSTING ANY ADMINISTRATIVE REMEDIES HE'S REQUIRED TO USE BEFORE BRINGING SUIT (SEE BLOOM v. MCPHERSON, 346 FED. APXX. 368, 371 (10TH CIR. 2009). SO WE MUST TOLL THE TIME IN WHICH PLF EXHAUSTED HIS ADMINISTRATIVE REMEDIES AND THAT BRINGS US TO 4-17-2019 AND THAT IS THE STARTING DATE. NUMBER THREE, FROM 4-17-2019 TO 12-31-2019 WE HAVE 258 DAYS AGAINST THE 365 DAYS IN A YEARS STATUTE OF (LIMITATION PERIOD. WHEN WE TAKE THOSE 258 DAY AWAY FROM THE 365 DAYS WE ARE LEFT WITH 107 DAYS. THEN FROM 1-1-2020 TO 3-19-2020 WE HAVE 79 DAYS. WHEN WE TAKE THOSE 79 DAYS FROM THE 107 DAYS WE HAD LEFT WE END UP WITH 28 DAYS FROM A YEARS TIME FRAME. AND FINALLY THE KANSAS SUPREME COURT SUSPENDED THE STATUTE OF (LIMITATIONS GOVERNING §1983 ACTIONS FROM 3-19-2020 THROUGH 4-15-2021 (SEE ADMINISTRATIVE ORDERS 2020-PR-016 AND 2020-PR-32) (SEE K.S.A. 20-172(a))(SEE FULLEN v. CITY OF SALINA, KANSAS, 2021 WL 4476780 * 7-8 (D. KAN. 9/30/2021)) THEREFORE, PLF IS WITHIN THE FILING OF A ONE YEAR STATUTE OF LIMITATIONS PERIOD FOR KANSAS STATE LAW ASSAULT AND BATTERY CLAIMS AGAINST DEF (SWENSON). HOWEVER, PLF POINTS OUT THAT THERE IS MORE TIME THAT SHOULD BE TOLLED FOR THE RECORD. THIS TIME PLF SPEAKS OF IS DUE TO KDOC/ H.C.F. EMPLOYEES RETALIATION AGAINST PLF FOR EXERCISING PLF'S FIRST AMENDMENT RIGHTS, INCLUDING THE FILING/LITIGATING OF THIS §1983 COMPLAINT/ACTION, IN THAT H.C.F. STAFF TOOK ALL OF PLF'S PROPERTY, WITHOUT JUSTIFICATION, AND REFUSED TO RETURN PLF'S ALLOWABLE PROPERTY e.g. OFFICIAL/LEGAL PAPERS, PENDING CIVIL LAW SUIT AT THE TIME, ~~AND~~ PLF REFERS THE COURT TO DOC NO 20 AND ATTACHED EXH. IN SUPPORT) PLF'S DEADLINE TO FILE STATE LAW CLAIMS WAS NOT SEPTEMBER 2019 AS DEF.'S ALLEGE, BUT INSTEAD 28 DAYS FROM 4-15-2021 WHICH WOULD BE MAY 13TH 2021, (5-13-2021) PLF HAS STATED THE SAME BASIS FOR TOLLING THE STATUTE OF LIMITATIONS FOR PLF'S STATE CLAIMS AS WELL U.S. CONSTITUTIONAL CLAIMS, AND THE PLF'S CLAIMS ARE NOT TIME BARRED AND SHOULD NOT BE DISMISSED BUT INSTEAD RULED ON IN PLF'S FAVOR AS THE RECORD SUPPORT.

27) DEF'S ALLEGE AS A MATTER OF LAW PLF'S §1983 CLAIMS AGAINST DEF'S IN THEIR "OFFICIAL CAPACITIES" ARE BARRED BY THE ELEVENTH AMENDMENT (SEE DOC NO 26 AT PAGE-7, II.)

PLF OPPOSES ONCE AGAIN, DEF'S HAVE ATTEMPTED TO MISLEAD THE COURT BY OUT RIGHT LYING AND MAKING UP LEGAL ARGUMENTS THAT HAVE NOTHING TO DO WITH THIS LAW SUIT. FIRST OF ALL PLF DID NOT SUE DEFENDANTS IN THEIR "OFFICIAL CAPACITIES", BUT INSTEAD IN THEIR "INDIVIDUAL CAPACITY" (SEE PLF'S COMPLAINT DOC NO. 1 EXH'S A-3, A-4, A-5) CLEARLY PLF HAS NOT SUED ANY DEFENDANTS IN ANY OTHER CAPACITY OTHER THAN WHAT PLF WROTE IN THE ABOVE EXHIBITS, WHICH IS PLF SUED DEFENDANTS IN THEIR "INDIVIDUAL CAPACITIES". DUE TO THIS TRUTH/ FACT DEFENDANTS ARGUMENTS ARE IRRELEVANT, AND DO NOT HAVE ANY STANDING OR WEIGHT ▓▓▓▓ DEF'S ARE CLAIMING PLF MADE A REQUEST FOR "RETROSPECTIVE RELIEF", BECAUSE PLF ASKED THE COURT FOR A "DECLARATORY JUDGMENT", PLF DOESN'T KNOW WHAT "RETROSPECTIVE RELIEF" IS OR "PROSPECTIVE INJUNCTIVE RELIEF." PLF ONLY ASKED FOR A "DECLARATORY JUDGMENT" ▓▓▓▓▓ AND NOT SUING DEF'S IN THEIR OFFICIAL CAPACITIES, BUT ONLY FOR A "STATEMENT" THAT, THE UNNECESSARY, EXCESSIVE USE OF FORCE AGAINST PLF BY DEF. SWENSON" VIOLATED PLF'S EIGHTH AMENDMENT TO THE UNITED STATE'S CONSTITUTION/KANSAS CONSTITUTION, AND CONSTITUTED ASSAULT AND BATTERY UNDER KANSAS STATE LAW AND CONSTITUTION. (SEE PLF'S COMPLAINT DOC. NO. 1, ▓▓ EXH A-14 AT 1), 1.) PLF ALSO INFORMS THE COURT THAT PLF REQUESTED FROM THE E.D.C.F. PRISONS LAW LIBRARY INFORMATION TO EXPLAIN THESE FORMS OF RELIEF BUT ONLY WAS GIVEN ONE CASE THAT DOESN'T GIVE PLF MUCH MORE OF AN UNDER- STANDING. (SEE ATTACHED EXHIBIT-C-C-13) ▓▓▓▓▓▓

28.) FOR THE RECORD, E.D.C.F LAW LIBRARY REFUSES TO SEND PLF THE BOOK, THE (FED. R. OF CIV. P.) BOOK, AND THEY ALSO REFUSE TO SEND PLF THE BOOK, THE (FED R. OF ▓▓ EVIDENCE) BOOK, AND INSTEAD EDCF LAW LIBRARY SEND ME THE ▓▓▓▓ TABLE OF CONTENTS (SEE EXHIBITS F-F-4) RUN AROUND GAMES

29.) DEFENDANTS ALLEGE PLF. ASSERTS DEF'S SWENSON AND PETTIJOHN IN THEIR ROLES AS KDOC EMPLOYEES-WERE "ACTING UNDER THE COLOR OF STATE LAW" AT THE TIME THE CLAIM(S) ALLEGED IN PLF'S COMPLAINT ABOVE AND THAT PLF ASKED THIS COURT FOR A DECLARATORY JUDGMENT STATING DEF SWENSON VIOLATED PLF'S CONSTITUTIONAL RIGHTS, WHICH IS A CLAIM ONLY FOR RETROSPECTIVE RELIEF AND THAT PLF. DOES NOT ASK FOR PROSPECTIVE INJUNCTIVE RELIEF, AND THAT PLF REQUESTED RELIEF IS BARRED BY THE ELEVENTH AMENDMENT, (SEE DOC NO- 26, PAGE-7, AT II. BOTTOM PARAGRAPH) ▓▓▓▓▓▓

PLF OPPOSES, PLF POINTS OUT TO THE COURT THAT PLF MADE A DECLARATORY JUDGMENT REQUEST FOR RELIEF, AND MENTIONS DEF SWENSON, NOT DEF PETTIJOHN AND DEF PETTIJOHN SHOULD NOT BE INCLUDED IN THIS MADE UP ARGUMENT. (SEE PLF'S COMPLAINT DOC. NO. 1, EX. A-14 AT 2) REQUEST FOR RELIEF. NEXT, PLF DOESN'T JUST ASK FOR A DECLARATORY JUDGMENT STATING PLF'S CONSTITUTIONAL RIGHTS WERE VIOLATED, BUT ALSO THAT PLF'S RIGHT TO BE FREE OF CRUEL AND UNUSUAL PUNISHMENT UNDER THE EIGHTH AMENDMENT TO THE U.S. CONST, AND KANSAS CONSTITUTION, AND CONSTITUTED ASSAULT AND BATTERY UNDER KANSAS STATE LAW AND CONSTITUTION. (SEE PLF'S COMPLAINT DOC. 1 AT EX. A-14 AT 2) REQUEST FOR RELIEF) THEN, DEF'S ALLEGING PLF REQUESTED RETROSPECTIVE RELIEF IS A LIE. AS A DECLARATORY JUDGMENT IS A FORM OF "PROSPECTIVE" RELIEF. (SEE ELLIS V. DYSON, 421 U.S. 426, 443-44, 95 S. CT. 1691 (1975), AND ALSO CANADIAN LUMBER TRADE ALLIANCE V. U.S., 517 F. 3d 1319, 1338 (FED. CIR. 2008).). BECAUSE PLF MADE A DECLARATORY JUDGMENT REQUEST AGAINST DEF SWENSON ONLY, AND SUED DEF SWENSON IN HIS INDIVIDUAL CAPACITY, AND BECAUSE DECLARATORY JUDGMENT IS A FORM OF PROSPECTIVE RELIEF AND NOT RETROSPECTIVE RELIEF AS DEF'S ALLEGE, DEF.(S) SWENSON IS NOT PROTECTED BY THE ELEVENTH AMENDMENT PLF'S CLAIMS/CASE SHOULD NOT BE DISMISSED, AND PLF'S REQUESTED PARTIAL RELIEF IS NOT BARRED BY THE ELEVENTH AMENDMENT.

30.) DEF'S ALLEGE THEY ARE ENTITLED TO SUMMARY JUDGMENT BECAUSE DEF'S ALLEGE PLF FAILED TO EXHAUST ADMINISTRATIVE REMEDIES PURSUANT TO THE PLRA. (SEE DOC. NO. 26 AT PAGE 8, III.) PLF OPPOSES, PLF HAS EXHAUSTED K.D.O.C.'S ADMINISTRATIVE REMEDIES OVER AND AGAIN, AND AGAIN! (SEE PLF'S COMPLAINT DOC. NO. 1, EXH. A-14, AT D.) DEF'S HAVE MADE SEVER UNTRUE, INCORRECT STATEMENTS WHICH PLF WILL ADDRESS IN TURN. DEF'S CLAIM PLF ONLY STATES THAT PLF FILED KDOC'S PERSONAL INJURY CLAIM ON 9-21-2018 AND THAT IT WAS EXHAUSTED ON 4-17-2019, AND THAT PLF DID NOT FILE A GRIEVANCE AGAINST SWENSON AND PETTIJOHN FOR THAT ACTIONS ON SEPTEMBER 13TH, 2018 UNTIL SEPTEMBER 25TH, 2019. (SEE DOC. NO. 26 AT III.) PLF OPPOSES ONCE AGAIN DEF'S ARE LYING AND ATTEMPTING TO MISLEAD THE COURT, IN THAT PLF REFERS TO SEVERAL GRIEVANCES PLF FILED/EXHAUSTED. PLF MENTIONS A GRIEVANCE FILED ON 4-25-2019, ONE FILED ON 2-8-2019, AND ANOTHER GRIEVANCE FILED ON 9-25-2019 (ABLED (3),(31) AND (56) AND THE INJURY CLAIM DATED 9-21-2018. (SEE PLF'S COMPLAINT DOC. NO. 1 EXH A-14 AT D, 1) CLEARLY PLF FILED GRIEVANCES.

NEXT, DEF'S ALLEGE PLF FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES BECAUSE HE FILED A TIME BARRED GRIEVANCE. (SEE DOC. NO. 26, PAGE-8, AT A.)

PLF OPPOSES. FIRST, PLF'S GRIEVANCES

(PAGE-14-OF-32)

ARE NOT TIME BARRED. DEF'S REFER TO THE GRIEVANCE PLF FILED ON
9-25-2019 FIRST AS BEING TIME-BARRED, AND ALLEGE PLF
DID NOT FILE A GRIEVANCE AGAINST DEF'S SWENSON AND PETTIJOHN
FOR THEIR ACTIONS ON 9-13-2018 UNTIL 9-25-2019 (SEE DOC NO. 26 PAGE 8 AT
III.) AND REPEAT THIS CLAIM AGAIN IN (PAGE-9 DOC. NO 26) ALLEGING PLF.
DID NOT FILE A GRIEVANCE AGAINST SWENSON AND PETTIJOHN
CONCERNING THEIR INTERACTION WITH PLF ON 9-13-2018, UNTIL OVER
A YEAR LATER ON 9-25-2019.) (SEE DOC. NO. 26, PAGE-9 PLF OPPOSES, PLF
WANT THE COURT TO UNDERSTAND DEF'S ARE ATTEMPTING TO MIS-
LEAD THE COURT BY SAYING PLF DIDN'T FILE A GRIEVANCE
UNTIL A YEAR LATER. THE FACT IS PLF FILED AN OFFENDER
REQUEST TO STAFF MEMBER ON 2-5-2019 THAT WAS
NOT ANSWERED OR RETURNED ('AGAIN) AS PLF FILED/SUBMITTED
A OFFENDER REQUEST TO STAFF MEMBER/FORM-9 COMPLAINT
AGAINST DEF. PETTIJOHN AND SWENSON PRIOR TO THE 2-5-2019
FORM-9, AND AFTER PLF FILED ANOTHER FORM-9 COMPLAINT AGAINST
DEF'S SWENSON AND PETTIJOHN ON 2-5-2019 AND NOT GETTING THAT
FORM-9 ANSWERED/RETURNED PLF FILED/SUBMITTED A FORM-9
COMPLAINT DATED 9-12-2019 (#) ABOUT PLF'S FORM-9'S/GRIEVANCES/
LEGAL/OFFICIAL DOCUMENTS BEING DESTROYED, WHICH IS WHAT
THE GRIEVANCE DATED 9-25-2019 IS ABOUT, IN PART. (SEE DOC. NO.1,
EXH'S E-12, E-5, E-6, E-7, E-8, E-9, E-10, E-11, E-1-E-2, E-3, E-4) K.D.O.C.'S
GRIEVANCE PROCEDURE STARTS BY A PRISONER FILING A FORM-9,
(SEE 44-15-101(b) PLF ATTEMPTED TO EXHAUST HIS ADMINISTRATIVE
REMEDIES, AND KDOC/DEF STAFF DESTROYED PLF'S FORM-9'S PREVENTING
PLF'S ATTEMPTS TO INVOKE THE GRIEVANCE PROCEDURE OVER AND OVER
AGAIN. ITS A PATTERN OF BEHAVIOR, KDOC PRACTICE TO DESTROY PLF'S
FORM-9'S, GRIEVANCES, MEDICAL/LEGAL PAPERS PLF HAS BEEN SUBJECTED
TO FOR YEARS, AND IS STILL SUBJECTED TO TO THIS DAY. (SEE ATTACHED-
EXHIBITS-B THROUGH B-89 AND E-16) SO ACTUALLY PLF ATTEMPTED TO START
EXHAUSTING KDOC'S/PLF'S ADMINISTRATIVE REMEDIES PRIOR TO
2-5-2019, AS PLF'S 2-5-2019 FORM-9 WAS NOT THE FIRST ATTEMPT AT
AN INFORMAL RESOLUTION, WHICH IS THE FIRST STEP IN INVOKING
KDOC'S GRIEVANCE PROCEDURE, AND CONTRARY TO DEF'S ALLEGATIONS PLF
INVOKED THE KDOC GRIEVANCE PROCEDURE IN FAR LESS THAN A YEARS
TIME. (SEE ATTACHED EXH E-1-E-20) HOWEVER PLF'S 9-25-2019 (GO)
EXHAUSTED GRIEVANCE AND COMPLAINS THAT KDOC OFFICIALS/STAFF
CONTINUE TO DESTROY PLF'S FORM-9/GRIEVANCES/LEGAL/OFFICIAL PAPERS AND
NOT BEING ABLE TO EXHAUST PLF'S ADMINISTRATIVE REMEDIES. (SEE ATTACHED
EXH E-7, E-6, E-9, E-15, E-17,) AND RETALIATION AND STATE CREATED STATE EMPLOYEE,
ETC. AND DEF'S ATTEMPTING TO MAKE PLF'S 9-25-2019 A GRIEVANCE AGAINST
SWENSON AND PETTIJOHN REGARDING THE 9-13-2018 ATTACK AGAINST
PLF IS WRONG, BUT THE 9-25-2019 GRIEVANCE DOES SHOW THE COURT THE

( PAGE-15-OF-32 )

ON GOING ISSUES OF K.D.O.C. STAFF DESTROYING PLF'S FORM-9'S/GRIEVANCES PREVENTING PLF'S ATTEMPT TO EXHAUST GRIEVANCES, (SEE ATTACHED EXH'S 1-4 THROUGH -20)

31.) DEF'S ALLEGE PLF'S §1983 CLAIM FALLS UNDER K.A.R. §44-15-101a (d) REGULATION BECAUSE PLF'S COMPLAINT STEMS FROM THE ACTIONS OF H.C.F. EMPLOYEES AND PLF REFER TO CASE LAW Rigney V Trapp, No.20-3106-SAC 2021 WL 5833932 at *4 (D.Kan. Dec. 9, 2021) (SEE DOC. № 26 AT PAGE -9 TOP PARAGRAPH)

        PLF OPPOSES. PLF'S §1983 IS NOT A CLAIM BUT INSTEAD AN ACTION, COMPLAINT, INJURY/LAW SUIT, AND PLF'S §1983 ACTION IS NOT/DOES NOT FALL UNDER K.A.R. §44-15-101a(d) BUT INSTEAD PLF'S §1983 ACTION FALLS UNDER K.A.R. §44-15-101a. (B) (2) WHICH STATES IN RELEVANT PART, "THE GRIEVANCE PROCEDURE SHALL NOT BE USED IN ANY WAY AS A SUBSTITUTE FOR, OR AS PART OF, THE INMATE DISCIPLINARY PROCEDURE, THE CLASSIFICATION DECISION-MAKING PROCESS, OR THE PROPERTY LOSS OR PERSONAL INJURY CLAIMS PROCEDURE, OR THE PROCEDURE FOR CENSORSHIP OF PUBLICATIONS SPECIFIED IN THE SECRETARY'S INTERNAL MANAGEMENT POLICY AND PROCEDURE." AND K.A.R. §44-16-104a. (SEE K.A.R. 44-16-104a AND K.A.R. 44-15-101a (B)(2) IN SUPPORT). PLF ~~EXHAUSTED HIS ADMINISTRATIVE REMEDIES~~ ~~UNDER~~ LAW/ IS INJURY ~~CLAIMS PROCEDURE~~/PROCESS, DEF.'S HAVE ALSO REFERRED TO CASE LAW FROM 12-9-2021, AND PLF POINTS OUT THIS CASE LAW HAD NO STANDING IN 2018 AND/OR 2019 WHEN PLF'S ATTACK OCCURED AND/OR WHEN PLF EXHAUSTED HIS ADMINISTRATIVE REMEDIES. PLF ALSO POINTS OUT THAT PLF'S §1983 ACTION FALLS UNDER FEDERAL STATUTES AND LAW AND UNDER THE UNITED STATES CONSTITUTION, AND THAT PLF'S §1983 LAW SUIT DOESN'T STEM FROM ACTIONS OF H.C.F. EMPLOYEES, BUT STEMS FROM THE UNNECESSARY, ILLEGAL RETALIATORY, ASSAULT, BATTERY, AGGRAVATED BATTERY, VIOLENT ATTACK AND EXCESSIVE USE OF FORCE VIOLATING PLF CRUEL RIGHTS, AND ALSO FROM INACTION OF H.C.F. DEF.'S.

32) DEF'S ALLEGE I.F. GRAFF, DEF. WARDEN SCHNURR, AND THE SECRETARY OF CORRECTIONS INFORMED PLF AREN'T HE WAS ATTEMPTING TO BREAK HIS GRIEVANCE OUTSIDE THE TIME FRAME ALLOWED FOR FILING A GRIEVANCE UNDER K.A.R. 44-15-101b.                    BECAUSE PLF DIDN'T FILE A GRIEVANCE, ALLEGEDLY AGAINST █████████████ DEF.'S SWENSON AND PETTIJOHN █████████████ CONCERNING THEIR INTERACTIONS WITH PLF ON 9-13-2018 UNTIL OVER A YEAR LATER ON 9-25-2019 (SEE DOC. NO. 26 AT PAGE-9)

        PLF OPPOSES. K.D.O.C OFFICIALS, STAFF, UNIT TEAMS, UNIT TEAM MANAGERS, GUARDS, MENTAL HEALTH, MEDICAL, ARAMARK, CAPTAINS, WARDENS, DEPUTY WARDEN HAVE ALL DESTROYED, MISPLACED, LOST, PLF'S OFFICIAL/LEGAL PAPERS OVER THE LAST (29) YEARS, AND IT CONTINUES TO BE A ISSUE TO DATE 2022. (SEE ATTACHED EXHIBITS B-THROUGH B-89 -.

IN SUPPORT/AND K.D.O.C OFFICIAL REFUSE TO TAKE CORRECTIVE ACTIONS REFUSE TO HOLD STAFF ACCOUNTABLE AND SUPPORT THIS ILLEGAL PATTERN OF BEHAVIOR, AND IT DENYS PRISONERS/PLF THE LEGAL RIGHT TO EXHAUST ADMINISTRATIVE REMEDIES. EVEN SO, DEF'S ARE LYING BY SAYING PLF DIDN'T FILE A GRIEVANCE AGAINST DEF'S REGARDING THE ATTACK AGAINST PLF ON 9-13-2018, UNTIL 9-25-2019. IN FACT (SEE ATTACHED GRIEVANCE FORM DATED 4-25-2019 EXH D-1 THROUGH D-24) AND ALSO, ATTACHED ARE THE APPEAL TO THE S.O.C. AND THE SECRETARY OF CORRECTIONS REPLY, ▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

(SEE EXHIBITS D-19-D-24)

FURTHERMORE, PLF ALSO INITIATED K.D.O.C'S GRIEVANCE PROCEDURE BEFORE THE 9-25-2019 D.'S REFER TO ABOVE (SEE ATTACHED GRIEVANCE FORM DATED ▮▮▮▮▮▮▮▮ 9-25-2019) THE GRIEVANCE HAS A FORM-9 RECEIPT ATTACHED AS SUPPORTING EVIDENCE (SEE ATTACHED EXH. E#12) THIS RECEIPT IS DATED 2-5-2019 SIGNED BY C/O BAKER IN A-2 CELLHOUSE AT H.C.F., AND PLF'S WRITES A SHORT SUMMARY OF WHAT EACH FORM-9 PLF TURNS IN AT THE TOP OF THE FORM-9 RECEIPTS, DUE TO STAFF DESTROYING PLFS FORM-9'S AND THE NEED TO HAVE A RECORD OF THE FORM-9 COMPLAINT. THE FORM-9 WAS IN FACT REGARDING DEF'S SWENSEN AND PETTIJOHN AND A REQUEST FOR THE CAMERA FOOTAGE TO BE SAVED AND STAFF GIVING STAFF IMPUNITY, ETC. ▮▮▮▮▮ ITS IMPORTANT THE COURT UNDERSTAND K.D.O.C'S GRIEVANCE PROCEDURE STARTS WITH SUBMITTING A FORM-9, AND IF STAFF WOULDN'T OF DESTROYED PLF'S FORM-9'S PLF'S GRIEVANCE WOULD OF BEEN EXHAUSTED IN APPROX A MONTH IN MARCH OF 2019, BUT INSTEAD KDOC/HCF DEF/STAFF DESTROYED PLF FORM-9 PREVENTING PLF'S COMPLAINT FROM BEING EXHAUSTED, AND THE FORM-9/GRIEVANCE KDOC/HCF DESTROYED BEFORE THAT TOO! NEXT PLF ALSO SUBMITTED A GRIEVANCE FORM COMPLAINT ON 4-25-2019. (SEE ATTACHED GRIEVANCE EXH D-1) AGAIN, THIS GRIEVANCE WAS SUBMITTED BEFORE DEF'S ALLEGE PLF FIRST FILED A GRIEVANCE ON 9-25-2019.

ALSO, IT BEARS MENTION DEF'S ARE AGAIN TRYING TO MISLEAD THE COURT BY GIVING THE ATTACK DATE OF 9-13-2018 AND PLF'S GRIEVANCE 9-25-2019 DATE BECAUSE FOR ONE PLF ATTEMPTED TO INVOKE KDOC'S GRIEVANCE PROCEDURE BEFORE THE 2-5-2019 FORM-9, AND BECAUSE PLF'S FORM-9 WAS DESTROYED PLF FILED/SUBMITTED ANOTHER ON 2-5-2019. BUT PLF SUBMITTED A INJURY CLAIM ON 9-21-2018, AND KDOC SLOW WALKED THAT PROCESS ▮▮▮▮ FROM 2018 TO 2019 FOR APPROX SEVEN PLUS MONTHS, AND

(PAGE-17-OF-32)

THEN DEF'S TRY TO MAKE IT SEEM LIKE PLF TOOK A YEAR TO FILE ANY
PAPER WORK, WHICH IS NOT TRUE!

NEXT, DEF SCHNURR/WARDEN, U.T. GRAFF,
AND THE SECRETARY OF CORRECTIONS ARE ALL WRONG CLAIMING PLF WAS
ATTEMPTING TO FILE A GRIEVANCE OUTSIDE THE TIMEFRAME THATS
ALLOWED, BECAUSE PLF REALIZED/WROTE HIS 2-5-2019 FORMS HAD
NOT BEEN ANSWERED/RETURNED, AND WITHIN 15 DAYS OF THAT DISCOVERY
PLF FILED HIS 9-25-2019 GRIEVANCE, WHICH KDOC'S GRIEVANCE
PROCEDURE K.A.R. V4-15-101b ALLOWS AS DEF'S POINT OUT IN DOC NO. 26
PAGE-9 IT STATES IN RELEVANT PART, " INMATES HAVE 15 DAYS FROM THE
DATE OF DISCOVERY OF THE EVENT GIVING RISE TO THE GRIEVANCE,
EXCLUDING SATURDAYS, SUNDAYS, AND HOLIDAYS, IN WHICH TO FILE A
GRIEVANCE (SEE DOC. NO. 26 AT PAGE-9) PLF EVEN INFORMED U.T. GRAFF,
DEF/WARDEN SCHNURR, AND THE SECRETARY OF CORRECTION OF THIS. (SEE
ATTACHED GRIEVANCE EXH. E-13) THEREFORE DEF'S 9-25-2019 GRIEVANCE WAS
NOT UNTIMELY, AND KDOC/KDOC OF DEF/OFFICIALS INCORRECTLY, INTENTIONALLY
DENIED PLF DUE MOTTI, AND PREVENTED PLF FROM EFFECTIVELY, QUICKLY,
~~CORRECTLY~~ CORRECTLY EXHAUST ADMINISTRATIVE REMEDIES, AGAIN. PLF.
DID IN FACT FILE THIS 9-25-2019 GRIEVANCE CORRECTLY

NEXT, DEF.'S
REFER TO PLAINTIFFS 4-25-2019 GRIEVANCE FORM, AND AGAIN LIE TO THE
COURT AND ATTEMPT TO MISLEAD THE COURT BY SAYING PLF'S
GRIEVANCE IS A ~~(SEE DOC. NO. 26 AT PAGE 9 AND 9)~~ ATTEMPT TO GRIEVE THE DENIAL OF PLF'S
INJURY CLAIM, WHICH IT IS NOT, AND PLF STATES SO IN THE GRIEVANCE
(SEE ATTACHED GRIEVANCE EXH. D-4) PLF STATES WHAT THE COMPLAINT IS
ABOUT (SEE ATTACHED GRIEVANCE ~~XXXX~~ EXH D-1 THROUGH D-4)
AND DEF'S IGNORE PLF'S COMPLAINTS, AS USUAL AS A TACTIC TO NOT
~~XXXX~~ RESPOND TO THE COMPLAINTS AND NOT PROPERLY PROCESS THE
GRIEVANCE.

(FOR THE RECORD THIS IS THE ONLY PEN PLF HAVE AND ITS
ACTUAL US, SORRY COURT) I'LL GET ANOTHER PAPER)

DEF'S ALSO CLAIM PLF'S
GRIEVANCE DATED 4-25-2019 WOULD ALSO BE UNTIMELY IF THIS COURT
WERE SOMEHOW TO FIND IT CONSTITUTEN A PROPER GRIEVANCE
AGAINST DEF'S SWENSON AND PETTIJOHN REGARDING THE ATTACK AGAINST
PLF ON 9-13-2018, AND REFER TO THE K.A.R. ABOUT FILLING A GRIEVANCE IN
15 DAYS OF DISCOVERING THE EVENT. (SEE DOC. NO. 26 AT PAGES-9 AND 10)

PLF. OPPOSE
FIRST OF ALL THE GRIEVANCE DEF.'S REFER TO DATED 4-25-2019 IS NOT A
GRIEVANCE ~~XXXX~~ ATTEMPT TO GRIEVE THE DENIAL OF PLF'S INJURY CLAIM,
AND PLF STATES THAT IN THE GRIEVANCE (SEE ATTACHED GRIEVANCE DATED 4-25-2019
EXH. D-1 THROUGH D-24) AT D-1 PLF STATES IN RELEVANT PART, " MY COMPLAINT
IS THAT I WAS SUBJECTED TO UNNECESSARY EXCESSIVE USE OF FORCE BY...

(PAGE-18-OF-32)

... CSI. TODD E. SWENSON... (EXH D-1)... AND REASON MY CLAIM SHOULD OF BEEN DENIED OTHER THAN STAFF GIVING STAFF IMMUNITY, AND STAFF RETALIATING AGAINST ME (EXH D-2) PLF STATES DEF PETTIJOHN DENIED PLF'S INJURY CLAIM IN RETALIATION FOR PLF WRITING DEF PETTIJOHN UP FOR REFUSING TO PROCESS PLF'S PREA COMPLAINTS, NOT ANSWERING AND RETURNING PLF'S FORM-9'S AND GRIEVANCES, NOT ALLOWING PLF TO USE THE PHONE TO MAKE PREA COMPLAINTS, (AT D-3) PLF STATES "MY COMPLAINT IS DUE TO U.T. PETTIJOHN RETALIATING AGAINST ME, AND FOR LYING, AND FABRICATING THE RECORD... (AT D-3) AND ITS VERY CLEAR WHEN PLF STATE, IN RELEVANT PART," IM NOT ABLE TO FILE A GRIEVANCE ON A INJURY CLAIM SO LET ME BE CLEAR, MY COMPLAINT ISNT ABOUT MY INJURY CLAIM, BUT INSTEAD ABOUT U.T. PETTIJOHN RETALIATING AGAINST ME FOR WRITING HIM UP IN FORM-9'S AND GRIEVANCES..." (SEE EXH. D-4).

NEXT, DEF. PETTIJOHN TOLD PLF IF HE WAS THE ONE TO PROCESS PLF'S INJURY CLAIM REGARDING THE 9-13-2018 ATTACK ON PLF, THAT DEF PETTIJOHN WOULD APPROVE THE CLAIM IN HIS RECOMMENDATION. (SEE ATTACHED EXH D-3 AT LINE 13 AND 14), BUT PLF WAS UNDER THE IMPRESSION DEF PETTIJOHN WOULD OF APPROVED THE CLAIM IF HE WOULD OF PROCESSED, AND PLF RECEIVED THE EXHAUSTED INJURY CLAIM BACK ON 4-17-2019 AND AT THAT DATE PLF REALIZED AND/OR DISCOVERED DEF. PETTIJOHN LIED TO PLF, AND RETALIATED AGAINST PLF, AND PER K.A.R. § 44-15-101b PLF DRAFTED AND SUBMITTED PLF'S GRIEVANCE IN EIGHT (8) DAYS, WHICH IS WELL WITHIN THE (15) DAYS PLF HAD TO DRAFT AND SUBMIT PLF'S GRIEVANCE, (SEE ATTACHED EXH. D-1 SHOWING PLF SUBMITTED THE GRIEVANCE ON 4-25-2019)(AND SEE ATTACHED EXH. D-1 AND D-3 AT BOTTOM OF PAGE STATE WHEN PLAINTIFFS INJURY CLAIM WAS RETURNED TO PLF ON 4-17-2019) THEREFORE, PLF'S GRIEVANCE IS TIMELY, (PER K.D.O.C. GRIEVANCE PROCEDURE KAR § 44-15-101b) BECAUSE PLF DISCOVERED HE WAS LIED TO, RETALIATED AGAINST, DENIED RELIEF PLF SHOULD OF GOTTEN, RELIEF DEF PETTIJOHN TOLD PLF HED APPROVE IF HE WAS PROCESSING THE INJURY CLAIM, AND PLF'S GRIEVANCE AND ALL MATTERS MENTIONED ARE PROPERLY EXHAUSTED. (SEE ATTACHED GRIEVANCE EXH.'S D-1 THROUGH D-24).

**33)** DEF.'S ALLEGE PLF HAS NO EXCUSE FOR UNTIMELY GRIEVANCES, THAT PLF. HAS OFFERED NO EXCUSE FOR FAILURE TO FILE A GRIEVANCE ON TIME, THAT NO TOLLING OF REGULATORY DEADLINE IS WARRANTED, THAT PLF HAS UNDERSTANDS THE GRIEVANCE PROCESS DUE TO PLF'S 293 GRIEVANCE APPEALS TO THE SECRETARY OF CORRECTIONS, AND PLF CANNOT PLEAD EXCUSE OR IGNORANCE AS A RATIONALE FOR FAILING TO FILE TIMELY GRIEVANCES. (SEE DOC. NO. 26 AT PAGE-10 AT B.)

<u>PLF. OPPOSES.</u> FIRST PLF. DOES NOT OFFER EXCUSES, BUT PLF DOES STATE THE FACTS, AND PLF HAS NOT FAILED TO FILE TIMELY GRIEVANCES, BUT KDOC/KDF OFFICIALS/STAFF/DEF.'S ATTEMPT TO MAKE IT SEEM LIKE PLF HAS FAILED BY DESTROYING PLF'S FORM-9'S AND GRIEVANCES, WHICH PLF HAS...

(PAGE-19-OF-32)

BEEN SUBJECTED TO FOR YEARS (SEE ATTACHED EXH. B BOTTOM OF PAGE AND CONTINUE TO PAGE 2 EXH B-1), AND PLF HAS DONE HIS BEST TO DEAL WITH THIS EVIL, CORRUPT, ILLEGAL FORM OF RETALIATION AND DENIAL OF THE FIRST AMENDMENT, DUE PROCESS AND PREVENTING PLF FROM EXHAUSTING K.D.O.C.'S ADMINISTRATIVE REMEDIES. ALL ATTACHED EXHIBITS OF "B" ARE CONCERNING THIS ISSUE, PROBLEM, HANDICAP, AND K.D.O.C STAFF/OFFICIALS REFUSE TO ADDRESS, CORRECT, CHANGE, STOP IT. JUST LOOK AT THE (89) PAGES OF EXHIBITS IN "B" EXHIBITS, AND THATS NOT EVEN CLOSE TO ALL THE TIMES PLF HAS DELT WITH THIS ILLEGAL K.D.O.C. TACTIC. EVEN IN THIS LAW SUIT K.D.O.C DEF.'S, STAFF, OFFICIALS DESTROYED PLF'S FORM-9'S/GRIEVANCES PREVENTING PLF FROM EXHAUSTING K.D.O.C'S ADMINISTRATIVE REMEDIES WITH THE ORIGINAL COMPLAINTS THAT CONTAIN ALL THE DETAILS, FACTS, (SEE ATTACHED GRIEVANCE DATED 9-25-2019 (S6) EXH E-1 THROUGH E-20) SO PLF DOES NOT HAVE EXCUSES AS DEF.'S STATE, PLF. INSTEAD HAS FACTUAL REASONS FOR WHY IT SEEMS PLF FILED UNTIMELY GRIEVANCES, AND PLF DOES NOT OFFER AN EXCUSE FOR FAILING TO FILE A GRIEVANCE ON TIME, BECAUSE PLF DID, BUT K.D.O.C. DEFS, STAFF, AND/OR OFFICIALS DESTROY PLF'S PAPER WORK. ALSO, PLF. DOESN'T AGREE WITH THE NUMBER OF GRIEVANCE APPEALS TO THE S.O.C., BECAUSE DEF.'S STAFF, OFFICIALS DESTROY SO MANY OF PLFS PAPERS, OTHER WISE IT WOULD BE MORE THAN (293) DEF. PETTIJOHN HAS A LONG HISTORY OF DESTROYING PLF FORM 9'S/GRIEVANCES (SEE ATTACHED EXH.'s B-84, 85, 86, 87, 88, 89, 54...) (ALSO SEE DOC. NO. 1 EXH A-40) AND AS THE COURTS CAN SEE, EVERY TIME KDOC OFFICIALS REFUSE TO DO ANYTHING HELPFUL AND USE, AND MAKE EXCUSES AND GIVE STAFF IMMUNITY AND SUPPORT THE PATTERN OF BEHAVIOR & ILLEGAL PRACTICE. THE FACT OF THE MATTER IS PLF DRAFTED AND SUBMITTED FORM-9'S AND GRIEVANCES REGARDING THE 9-17-2018 ATTACK AGAINST PLF THAT WERE NEVER ANSWERED OR RETURNED TO PLF, AND PLF STILL CONTINUED TO FIGHT THE CORRUPTION AND FIGHT TO EXHAUST PLF'S ADMINISTRATIVE REMEDIES, BUT WHATS IMPORTANT TO UNDERSTAND IS THAT DEF. PETTIJOHN TOLD PLF TO FILE A INJURY CLAIM, AND THATS HOW PLF EXHAUST K.D.O.C.'S ADMINISTRATIVE REMEDIES, AND PLF FOLLOWED DEF. PETTIJOHN'S INSTRUCTIONS AND SUBMITTED THE INJURY CLAIM ON 9-21-2018 (SEE ATTACHED EXH. D-5)

34) DEF.'S ALLEGE PLF'S K.D.O.C. INJURY CLAIM DOES NOT SATISFY THE EXHAUSTION REQUIREMENT FOR §1983 CLAIMS UNDER THE P.L.R.A., THAT PLF DID NOT PROPERLY EXHAUST PLF'S ADMINISTRATIVE REMEDIES BY FILING THE INJURY CLAIM. (SEE DOC. NO. 26 AT PAGE-10 AT C.)

PLF. OPPOSES. DEF / UNIT TEAM PETTIJOHN IS THE ONE THAT TOLD PLF TO FILE KDOC'S INJURY CLAIM, WHICH PLF DID. (SEE ATTACHED EXH.D-5D3) ALSO PLF INCLUDED DEF. PETTIJOHN IN THE INJURY CLAIM (SEE ATTACHED EXH. D-7 ). PLF ALSO POINTS OUT THAT DEF. PETTIJOHN TOLD PLF IF HE WAS THE ONE PROCESS THE INJURY CLAIM HE'D APPROVE IT (SEE DOC. NO. 1 EXH. I-10 AT # 123) AND AS IT TURNED OUT DEF PETTIJOHN WAS WHO PROCESSED PLF'S INJURY CLAIM (SEE DOC. NO. 1. EXH. I-10, AT #124) ████████████ PLF. DOCUMENTED THE CONVERSATION HE HAD WITH DEF. PETTIJOHN IN DEF. →

PETTIJOHN'S UNIT TEAM OFFICE IN A-2 CELLHOUSE, ON 9-19-2018 (6) DAYS AFTER PLF WAS ATTACKED ( SEE DOC. NO. 1 EXH. I-11 AT #129 ) AND DURING PLF AND DEF PETTIJOHNS CONVERSATIONS, DEF. PETTIJOHN TOLD PLF. TO FILE AN INJURY CLAIM. ( SEE DOC. NO. 1 EXH. I-11 AT #131 ) DEF. PETTIJOHN TOLD PLF. TO FILE AN INJURY CLAIM AND IT WOULD BE TAKEN CARE OF, OR FILE A LAW SUIT. ( SEE DOC. NO. 1, EXH. I-11 AT #131 ) BECAUSE PLF WAS/IS ON ADMINISTRATIVE SEGREGATION, OSR, A LOCK DOWN STATUS, HCF STAFF MUST GIVE PLF OFFICIAL FORMS, AND PLF WAS GIVEN A INJURY CLAIM ON 9-19-2018 AND PLF SUBMITTED THE INJURY CLAIM (2) DAYS LATER, ALTHOUGH DEF.'S WOULD MAKE IT SEEM PLF WAITED ROUGHLY A WEEK AFTER THE ATTACK. ( SEE DOC. NO 26. PAGE-10 AT C.) PLF DID NOT FAIL TO PROPERLY EXHAUST K.D.O.C.'S AVAILABLE ADMINISTRATIVE REMEDIES. IF FACT PLF EXHAUSTED ALL AVAILABLE ADMINISTRATIVE REMEDIES THAT PLF COULD, ALL THE WHILE K.D.O.C./H.C.F. DEF.'S, STAFF, EMPLOYEES, OFFICIALS WERE DESTROYING PLF.'S FORM-9'S AND GRIEVANCES, DENYING PLF FLEX PEN, FORM-9'S GRIEVANCE, HARASSING PLF, RETALIATION AGAINST PLF. PLF WAS PURSUING THIS RIGHT DILIGENTLY DURING THE CONTINUED RETALIATION FROM H.C.F. STAFF. GENERALLY SPEAKING, EQUITABLE TOLLING IS RESERVED FOR CASES INVOLVING SOME AFFIRMATIVE MISCONDUCT OR DECEPTION ON THE PART OF THE ADVERSE PARTY ( SEE LAWRENCE V. FLORIDA, 421 F.3d 1221, 1226 (11TH CIR. 2005) ; ( SEE IRWIN V. DEPT OF VETERANS AFFAIRS, 498 U.S. 89, 96, 111 S. Ct. 453, 112 L. Ed. 2d 435 (1990). ( EQUITABLE TOLLING MAY BE APPROPRIATE IN CASES "WHERE THE CLAIMANT HAS BEEN INDUCED OR TRICKED BY HIS ADVERSARY'S MISCONDUCT INTO ALLOWING THE FILING DEADLINE TO PASS"). DEF PETTIJOHN, PLF.'S UNIT TEAM AT THE TIME, TOLD PLF TO FILE THE INJURY CLAIM, AND TOLD PLF THERE'S NO TIME LIMIT TO EXHAUST K.D.O.C.'S INJURY CLAIMS. ( SEE DOC. NO. 1. EXH'S - I-11 AT #131 AND EXH.E2 ) THAT IS WHY IT TOOK K.D.O.C. OFFICIALS FROM 9-21-2018 TO 4-17-2019 TO PROCESS/EXHAUST THE INJURY CLAIM PLF SUBMITTED, NOT BECAUSE PLF

WAS FAILING TO EXHAUST PLF'S ADMINISTRATIVE REMEDIES. NEXT, DEF'S

ALLEGE THERE'S TWO (2) PROCESSES FOR EXHAUSTING ADMINISTRATIVE REMEDIES

UNDER KANSAS LAW, ARTICLE 15 AND 16  CHAPTER 44. (SEE DOC NO. 26 PAGE-10-

AT C.)

PLF OPPOSE: K.A.R. 44-13-101, ARTICLE 13. IS IN FACT A THIRD

(3RD) PROCESS FOR EXHAUSTING ADMINISTRATIVE REMEDIES UNDER KANSAS LAW.

(SEE CHAPTER 44 OF THE KANSAS ADMINISTRATIVE REGULATIONS IN ARTICLE 13.)

DEF'S ATTEMPT TO MISLEAD/LIE TO THE COURT HERE DUE TO THE FACT THAT IT

MAKES CLEAR THAT K.A.R. 44-15-101a. GRIEVANCE PROCEDURE DISTRIBUTION;

ORIENTATION; APPLICABILITY; REMEDIES; ADVISORY COMMITTEE; INVESTIGATION (a)

(B)(2) IS IN FACT  UNDISPUTED EVIDENCE THAT K.D.O.C'S PROPER COURSE OF

ACTION TO EXHAUST A INMATES ADMINISTRATIVE REMEDIES IS A INJURY

CLAIM; AS PLF WAS ATTACKED AND INJURED, AND BECAUSE DEF PETRO JOHN

DIRECTED PLF TO FILE THE INJURY CLAIM, ENSURING PLF THAT IT WOULD BE

TAKEN CARE OF AND IS HOW PLF'S REMEDIES ARE EXHAUSTED, AND AS KDOC'S

RULE BOOK STATES ON PAGE 71 AT 44-15-101a.(B)(2), "THE GRIEVANCE

PROCEDURE SHALL NOT BE USED IN ANY WAY AS A SUBSTITUTE FOR, OR AS PART

OF THE INMATE DISCIPLINARY PROCEDURE, THE CLASSIFICATION DECISION-

MAKING PROCESS, OR THE PROPERTY LOSS OR PERSONAL INJURY CLAIMS (CONTINUED

TO PAGE 72) PROCEDURE, OR THE PROCEDURE FOR CENSORSHIP OF PUBLICATIONS

SPECIFIED IN THE SECRETARY'S INTERNAL MANAGEMENT POLICY AND PROCEDURE."

WHEN A PRISONER GETS A DISCIPLINARY REPORT, THE PROPER COURSE OF ACTION

TO EXHAUST KDOC'S ADMINISTRATIVE REMEDIES IS DONE WITH THE DISCIPLINARY

PROCEDURES/AND REGULATIONS/RULES, POLICY SET FORTH IN CHAPTER 44-13-101/

ARTICLE 13. AND A GRIEVANCE IS PROHIBITED. EVEN SO, PLF MADE NUMEROUS

ATTEMPTS TO INVOKE THE GRIEVANCE PROCEDURE TO EXHAUST PLF'S ADMINISTRATIVE

REMEDIES EVERY WAY POSSIBLE, EVEN THOUGH K.D.O.C.'S POLICY, REGULATIONS,

PAGE 23

RULES (RULE Book GIVEN TO I/M'S STATES INJURY CLAIMS ARE EXHAUSTED UNDER ARTICLE 16/ CHAPTER 44-16-104 a. INMATE CLAIM'S FOR PERSONAL INJURY. (SEE 44-16-104a) DEF.'S RELY ON REDFORD v. Kan. ex rel. Dep't of Corr., 2013 Kan. App. unPub. LEXIS 159 (SEE DOC. NO. 26. PAGE-11) PLF POINTS OUT IN THIS CASE ANOTHER H.C.F. INMATE SUBMITTED AN INJURY CLAIM FOR INJURIES HE RECEIVED, AND H.C.F OFFICIALS DESTROYED THE I/M's PAPER WORK, AS IT'S A KDOC FACILITY WIDE PROBLEM, BUT VERY SERIOUS AT H.C.F. ~~(REDACTED)~~ (SEE REDFORD v. Kan. ex. rel Dept of CORR, 295 P. 3d 1054). ALSO, IN THIS CASE, IN CONCLUSION, UNDER K.S.A. 75-52,138, REDFORD WAS REQUIRED TO EXHAUST HIS ADMINISTRATIVE REMEDIES AS SET FORTH IN IMPP 01-118. THIS RULE ONLY OBLIGATED REDFORD TO NOTIFY PRISON OFFICIALS OF HIS PERSONAL INJURIES, REDFORD EXHAUSTED HIS ADMINISTRATIVE REMEDIES BY FILING HIS IMPP 01-118 CLAIM. REDFORD'S FAILURE TO RESUBMIT HIS CLAIM FORM AFTER WILSON LOST IT IS IRRELEVANT BECAUSE HIS INITIAL SUBMISSION OF THE FORM SATISFIED THE NOTIFICATION REQUIREMENT. ACCORDINGLY, WE REVERSE THE DISTRICT COURT'S DISMISSAL OF REDFORD I AND REMAND FOR FURTHER PROCEEDINGS." NOW, THE VERY CASE DEF RELY ON CLEARLY STATES THE I/M (REDFORD) EXHAUSTED HIS ADMINISTRATIVE REMEDIES BY FILING/SUBMITTING THE K.D.O.C'S INJURY CLAIM. AND IN PLF'S CASE PLF SUBMITTED THE INJURY CLAIM FORM AND IT WAS INVESTIGATED AND PROCESSED AND EXHAUSTED, UNLIKE REDFORDS CLAIM AS HIS WAS ACCIDENTLY LOST, BUT PLF'S WAS FULLY EXHAUSTED, AND NOTIFIED PRISON OFFICIALS PLF WAS INJURED, AND IF I/M REDFORD IS SAID TO HAVE EXHAUSTED HIS ADMINISTRATIVE REMEDIES WITHOUT HAVING HIS INJURY CLAIM PROCESSED AND RETURNED TO HIM, THEN SURELY PLF EXHAUSTED HIS ADMINISTRATIVE REMEDIES BY FILING, SUBMITTING, AND GETTING THE INJURY CLAIM BACK AFTER IT WAS EXHAUSTED. ~~(REDACTED)~~ DEF's ADMIT PLF's INJURY CLAIM WAS EXHAUSTED ALSO. (SEE PLF'S COMPLAINT DOC. NO. 1, EXH.'s B-14, B-16, B-23)

(PAGE-23-OF 32)

35.) "WHERE PRISON OFFICIALS PREVENT, THWART, OR HINDER A PRISONERS EFFORTS TO AVAIL HIMSELF OF AN ADMINISTRATIVE REMEDY, THEY RENDER THAT REMEDY 'UNAVAILABLE' AND A COURT WILL EXCUSE THE PRISONER'S FAILURE TO EXHAUST" (SEE LITTLE V. JONES, 607 F. 3d 1245, 1250 10TH — CIR. 2010) IT IS A FACT THAT K.D.O.C/H.C.F. DEF.'S OFFICIALS, STAFF, AND/OR EMPLOYEES DID PREVENT, THWART AND HINDER PLF'S EFFORTS TO EXHAUST HIS ADMINISTRATIVE REMEDIES. FROM DENYING PLF FLEX PEN, FORM-9'S, GRIEVANCES, LAW LIBRARY, TO RETALIATING AGAINST PLF BY DENYING PLF FOOD/MEALS, TOILET PAPER, TO WRITING FALSE DISCIPLINARY REPORTS, TELLING OTHER INMATES PLF IS A RAT/SNITCH, HARASSING PLF, AND SO MUCH MORE. BUT PLF'S FORM-9'S AND GRIEVANCES IS THE BIGGEST PROBLEM PLF FACED AND WHICH THE COURT NEEDS TO KNOW.(SEE ATTACHED EXH. H-1 THROUGH H-3) A NUMBER OF DECISIONS HAVE SAID THAT IF YOU DON'T GET A RESPONSE TO YOUR INITIAL GRIEVANCE, YOU HAVE EXHAUSTED; (SEE BRENGETTCY V. — HORTON, 423 F. 3d 674, 682 (7TH CIR. 2005)., NON-RESPONSE MADE REMEDY UNAVAILABLE)(SEE HILL V, TRUELOVE, 2010 WL 56144, #10 (W. D. OKLA., JAN. — 6, 2010) (SEE ATTACHED DECLARATION EXHIBIT H-2, AT #10)


35) ~~████████████~~ ANOTHER CASE DEF.'S RELY ON (AND PLF REMINDS THE COURT THAT THE ATTACK AGAINST PLF WAS ON 9-13-2018 AND DEF'S SHOULD NOT USE/REFER TO CASE LAW AFTER 9-13-2018. PLF IS UNABLE TO GET MORE THAN 3 CASES/REQUEST A WEEK,
FROM LAW LIBRARY,
AND PLF WAS NOT ABLE TO READ ALL THE CASE DEF'S REFER TO. BUT IF IT'S BAD LAW PLF OPPOSES, AND PLF OBJECTS.


36) DEF.'S ALLEGE H.C.F.'S WARDEN (SCHNURR) ALSO DEF. SCHNURR...

PAGE 25

INFORMED PLF. IN JUNE 2019, THAT PLF'S PERSONAL INJURY
CLAIM WAS RETURNED TO PLF'S UNIT TEAM BECAUSE PLF ALLEGEDLY
DIDN'T FOLLOW THE PROPER GRIEVANCE PROCEDURE ACCORDING TO
K.A.R. 44-15-102, AND DEF. SCHNURR/HCF WARDEN EMPHASIZED
TO PLF THAT THE DENIAL OF A INJURY CLAIM IS A NON-GRIEVABLE
ISSUE ACCORDING TO K.A.R. 44-15-101a., AND DEF'S ALLEGE EVIDENCE
IS UNDISPUTED AND PLF FAILED TO EXHAUST PLF'S ADMINISTRATIVE
REMEDIES REGARDED ALLEGATIONS IN PLF'S LAW SUIT, AND DEF'S
TELL THIS COURT ███████████████ IT SHOULD GRANT DEF'S
SUMMARY JUDGMENT. (SEE DOC. NO. 26 AT PAGE-11)

                                                    PLF OPPOSES

FIRST, IT'S A JUNE 17TH, 2019 FORM-9 RESPONSE DEF.'S REFER TO AS
THE JUNE 2019 DOCUMENT, AND THE DOCUMENT DOES NOT SAY
PLF'S "INJURY CLAIM" WAS RETURNED TO HER, BUT A "GRIEVANCE",
CONTRARY TO DEF.'S ALLEGATIONS, ████ (SEE PLF'S COMPLAINT ████-
DOC NO. 1, EXHIBIT D-18) NEXT, DEF'S MAKE A POINT TO STATE THAT
DEF SCHNURR EMPHASIZED TO PLF THAT A DENIAL OF A INJURY CLAIM
IS A NON-GRIEVABLE ISSUE, JUST AS PLF. EMPHASIZED THAT THE
GRIEVANCE DATED 4-25-2019(31) WAS NOT A COMPLAINT ON THE
INJURY CLAIM, (SEE DOC. NO. 1, EXH, D-1, AND D-3) DEF'S WANT IT
BOTH WAYS, THEY WANT TO SAY USE A INJURY CLAIM TO FILE A
COMPLAINT ABOUT AN INJURY, (SEE K.A.R. 44-16-104a. INMATE
CLAIMS FOR PERSONAL INJURY) AND (SEE DOC. NO. 1, PLF'S COMPLAINT, EXH
I-11, PAGE-██11, AT #131) WHERE DEF. PETTIJOHN TOLD PLF TO FILE A
INJURY CLAIM, AND ENSURED PLF. IT WOULD BE TAKEN CARE OF.
BUT DEF. PETTIJOHN LIED, AND IN RETALIATION RECOMMENDED PLF'S
CLAIM BE DENIED, NOT BECAUSE PLF FAILED TO EXHAUST HIS KDOC

                        (PAGE-25-OF 32)

ADMINISTRATIVE REMEDIES (SEE PLF'S COMPLAINT DOC. NO. 1, EXHIBITS D-9) THEN DEF'S WANNA CLAIM PLF IS NOT ALLOWED TO FILE A GRIEVANCE REGARDEN THE INJURY CLAIM, WHICH CONCERNS PLF'S ATTACK, AND DEF'S OVER AND OVER REFER TO K.A.R. 44-15-101a. (SEE ~~███████████~~ EXHIBITS; D-1, D-18, D-24, ATTACHED.) FINALLY, DEF'S ALLEGE UNDISPUTED EVIDENCE, BUT PLF HAS MADE CLEAR ALL OF DEF'S EVIDENCE, ARGUMENTS, LIES, ARE WRONG, DISPUTED, AND THEREFORE SUMMARY JUDGMENT IS NOT APPROPRIATE AND SHOULD BE DENIED BY THE TRUTH, FACTS, AND LAW. BECAUSE PLF DID IN FACT GO BEYOND TO NOT ONLY EXHAUSTED THE ADMINISTRATIVE REMEDIES KDOC UNIT TEAM EMPLOYEE, DEF. PETTIJOHN DIRECTED, BUT PLF ALSO ATTEMPTED TO FILE SEVERAL FORM 9'S AND GRIEVANCES TO EXHAUST PLF'S ADMINISTRATIVE REMEDIES THROUGH ANOTHER AND 2ND AVENUE. BUT THE FACT IS, ONCE PLF'S INJURY CLAIM WAS EXHAUSTED, THERE WAS NOTHING ELSE TO DO BECAUSE A KDOC INVESTIGATION WAS CONDUCTED, AND UPHELD BY H.C.F. WARDEN, DEF D. SCHNURR, H.C.F. INVESTIGATOR LLOYD JENSEN U.T.M., AND THE SECRETARY OF CORRECTIONS OFFICE. (SEE ATTACHED EXH.'S: D-5, D-5 PAGE-2, D-18, D-24; (DOUGLAS W. BURRIS))

**37)** IN SUPPORT OF PLF'S RESPONSE IN OPPOSITION TO DEFENDANTS MOTION TO DISMISS, OR IN THE ALTERNATIVE MOTION FOR SUMMARY JUDGEMENT PLF REFERS THE DEF'S/COURT TO PLF'S DECLARATION(S) ATTACHED. (SEE ATTACHED EXHIBITS H-H-3, I-1-I-16, J-J-1, D-5-D-9, AND PLF'S VERIFIED COMPLAINT DOC. NO-1 AND ALL ATTACHMENT.)

**38)** ACTIONS OR CLAIMS IN FEDERAL COURT THAT ARE BASED ON STAT-

LAW NEED NOT SATISFY THE PLRA EXHAUSTION REQUIREMENT, BUT THEY MUST SATISFY ANY STATE LAW EXHAUSTION REQUIREMENT (SEE ARTIS-BEY v. DISTRICT OF COLUMBIA, 884 A. 2d 626, 631 (D.C. 2005). PLF'S CLAIMS ARE STATE AND FEDERAL LAW, AND SINCE PLF EXHAUSTED HIS KD.O.C. AVAILABLE ADMINISTRATIVE REMEDIES PLF'S CLAIMS MUST ALL GO FORWARD.

39.) "WHEN THERE IS NO POSSIBILITY OF ANY FURTHER RELIEF, THE PRISONER'S DUTY TO EXHAUST AVAILABLE ADMINISTRATIVE REMEDIES IS COMPLETE." (EMPHASIS ADDED). (SEE ROSS V. COUNTY OF BERNALILLO, 365 F. 3d 1181, 1186-87 10TH CIR. 2004). PLF FILED HIS INJURY CLAIM, AS DIRECTED TO, BY UNIT TEAM/DEF. PETTIJOHN ON 9-21-2018 (SEE ATTACHED EXHIBETS, D-5, AND I-11 AT #131) PLF FINALLY RECEIVED THE INJURY CLAIM BACK ON 4-17-2019, ONLY AFTER I SUBMITTED A FOAM-9 TO DEPUTY WARDEN T. WILLIAMS ON 4-16-2019; ~~[blacked out]~~ (SEE PLF'S COMPLAINT DOC NO. 1, EXHIBET B-18 THROUGH B-23) AND WHEN PLF RECEIVED THE EXHAUSTED INJURY CLAIM, WHICH H.C.F. WARDEN/DEF SCHNURR STATES (SEE PLF'S COMPLAINT DOC NO. 1, EXHIBET B-23) PLF KNEW THERE WOULD BE NO POSSIBILITY OF ANY OTHER RELIEF, AS THE CLAIM WAS INVESTIGATED, AND APPROVED AND UPHELD BY THE HIGHEST RANKING KD.O.C. OFFICIALS/POSITIONS. (SEE PLF'S COMPLAINT DOC. NO. 1. EXH. B-1, B-2, AND B-7.) EVEN SO, PLF STILL ATTEMPTED TO EXHAUST THE GRIEVANCE PROCEDURE ONLY TO BE DENIED THE GRIEVANCE PROCEDURE BY KD.O.C. STAFF FOR UNJUSTIFIED, FALSE, REASONS. BECAUSE KD.O.C./H.C.F. STAFF/UNIT TEAMS/DEFENDANTS ARE CORRUPT AND PLAY GAMES AND DESTROY PLF'S FORM-9'S AND GRIEVANCES, THEN CLAIM PLAINTIFF IS ATTEMPTING TO SUBMIT THE 2ND AND 3RD FORM-9'S OUT OF ALLOWABLE TIME FRAMES. (SEE PLF'S ATTACHED DECLARATION & EXHIBETS: H THROUGH H-3; E-THROUGH E-20, D-THROUGH-D-20)

PAGE ___28___

ALSO (SEE CAMP V. BRENNAN, 219 F.3d 279, 280 (3d CIR. 2000) (HOLDING THAT USE OF FORCE ALLEGATION REPORTEDLY INVESTIGATED AND REJECTED BY THE SECRETARY OF CORRECTIONS OFFICE NEEDED NO FURTHER EXHAUSTION). ALTHOUGH, THE SAME H.C.F. WARDENS OFFICE THAT UPHELD THE DENIAL OF PLF'S INJURY CLAIM, AND THE SAME KDOC SECRETARY OF CORRECTIONS OFFICE THAT UPHELD THE DENIAL OF PLAINTIFF'S INJURY CLAIM ARE THE SAME OFFICIALS/OFFICES THAT RULE ON THE GRIEVANCES, AND WOULD HAVE IF NOT FOR DEF'S DESTROYING PLF'S, PLF STILL MADE SEVERAL ATTEMPTS TO INVOKE AND EXHAUST THE GRIEVANCE PROCEDURE NO MATTER HOW REDUNDANT IT SEEMED/WAS.

40.) DEFENDANTS ALLEGE PLF DID NOT EXHAUST ~~GRIEVANCE~~ CORRECTLY WITH ~~THE~~ (INJURY CLAIM) ALONE, AND PLF HAD TO ALSO EXHAUST WITH A (GRIEVANCE). (SEE DOC. NO. 26., PAGE-11)

PLF. OPPOSES. FIRST PLF HAS ORDERED THE TWO CASE LAW DEF'S SUPPORT THEIR ALLEGATIONS WITH, BUT PLF HAS YET TO RECEIVE THE MATERIALS FROM THE LAW LIBRARY, AND BECAUSE PLF INFORMED UNIT TEAM ABLE PLF HAS LAW LIBRARY FORM-9'S IN THE DOOR THAT HAVE BEEN THERE SINCE THE LAST SHIFT, AND PLF NEEDS THESE FORM-9'S TAKEN AND PROCESSED PLF WAS (AGAIN) SUBJECTED TO ANOTHER FALSE RETALIATORY DISCIPLINARY REPORT. (SEE DISCIPLINARY REPORT ATTACHED EXH K)

EVEN SO, PLF WILL POINT OUT THAT IF THE INJURY CLAIM WOULD HAVE BEEN APPROVED, PLF WOULD NOT OF FILED THIS §1983 LAW SUIT. PLF WAS TOLD THE INJURY CLAIM SHOULD BE APPROVED, BUT PLF WAS LIED TO, AND THE CLAIM WAS DENIED. BUT PLF POINTS OUT THAT THE SUPREME COURT IN DISCUSSING CONGRESS

( PAGE-28-OF-32 )

PURPOSE IN REQUIRING EXHAUSTING, SAID THAT "CONGRESS AFFORDED CORRECTIONS OFFICIALS TIME AND OPPORTUNITY TO ADDRESS COMPLAINTS INTERNALLY BEFORE ALLOWING THE INITIATION OF A FEDERAL CASE (SEE PORTER V. NUSSLE, 534 U.S. 516, 525, 122 S. Ct. 983 (2002).) AS PLF MADE CLEAR ABOVE K.D.O.C. OFFICIALS IN THE HIGHEST POSITIONS/OFFICES HAD TIME AND OPPORTUNITY TO INVESTIGATE, REVIEW, DENY, AND UPHOLD THE DENIAL, THEREFORE THE EXHAUSTION REQUIREMENT WAS SATISFIED. HOWEVER, PLF STILL ATTEMPTED TO EXHAUST AVAILABLE ADMINISTRATIVE REMEDIES (GRIEVANCE PROCEDURE) BUT K.D.O.C./HCF STAFF/OFFICIALS REFUSED PLF THE RIGHT TO INVOKE THE GRIEVANCE PROCEDURE, BY DESTROYING PLF'S FORM-9'S/GRIEVANCES, AND CLAIMING PLF WAS FILING OTHER FORM-9'S/GRIEVANCES OUT OF TIME. (SEE ATTACHED EXHIBITS: - D-1, D-18, E-5, E-12, E-13, E-14, E-20, D-24, H THROUGH H-3) THE SECOND CIRCUIT FEDERAL APPEALS COURT HELD IF A PRISONER USES THE WRONG REMEDY THROUGH REASONABLE MISUNDERSTANDING OF THE RULES, THE PRISONER IS JUSTIFIED IN FAILING TO EXHAUST CORRECTLY, AND IF THE CORRECT ADMINISTRATIVE IS STILL AVAILABLE, THE PRISONER MUST TRY TO USE IT, BUT IF IT IS NO LONGER AVAILABLE, THE PRISONER'S CASE MAY GO FORWARD WITHOUT EXHAUSTION. (SEE GIANO V. GOORD, 38 F.3d 670, 678-80 (2ND CIR 2004) DUE TO THE FACT THAT PLF'S UNIT TEAM/DEF PETTIJOHN TOLD PLF TO FILE THE INJURY CLAIM, (SEE PLF'S DECLARATION = E-11 AT #131) IT'S REASONABLE PLF DIDN'T EXHAUST CORRECTLY. ALTHOUGH PLF BELIEVE PLF DID EXHAUST CORRECTLY, BUT IF THE INJURY CLAIM WAS NOT THE CORRECT AVENUE, IT IS DEF PETTIJOHN'S FAULT, AND KDOC/HCF'S CORRUPTION AND LIES THAT PREVENTED PLF'S ATTEMPTS TO TAKE OTHER AVENUES OF EXHAUSTION. BUT (SEE SHORT V. GREENE, 577 F. SUPP. 2d 790, 791-93 (2008). IF STATE LAW OR GRIEVANCE RULES SAY YOU CANNOT GET RELIEF FOR A PARTICULAR KIND OF CLAIM, THEN THE REMEDY IS NOT "AVAILABLE" AND YOU DON'T HAVE TO EXHAUST. CLEARLY, K.A.R. 44-15-101a(B)(2) IS A GRIEVANCE RULE/REGULATION THAT STATES THE INJURY CLAIM PROCESS

CANNOT BE GRIEVED, BUT PLF WASN'T GRIEVING THE INJURY CLAIM AND STILL

K.D.O.C/HCF OFFICIAL REFUSED PLF THE RIGHT TO INVOKE THE GRIEVANCE

PROCEDURE (SEE PLF'S GRIEVANCES ATTACHED EXHIBITS: D THROUGH D-24, AND

E-1 THROUGH E-20) ALSO (SEE OWENS V. KEELING, 461 F. 3d 763, 769 (6TH CIR 2006).

HOLDING AN ISSUE IS NOT "GRIEVABLE" UNDER THE GRIEVANCE RULES, YOU

DO NOT HAVE TO EXHAUST THE GRIEVANCE SYSTEM, BECAUSE ITS NOT AVAILABLE

FOR YOUR PROBLEM... (SEE MC GRATH V. JOHNSON, 67 F. SUPP. 2d 499, 510 - 11

(E.D. PA. 1999). HOLDING PRISONER NOT REQUIRED TO FILE GRIEVANCE ON

MATTER THE INMATE GRIEVANCE PROCEDURE WOULD NOT ADDRESS. EVEN SO, PLF.

NEVERTHELESS ATTEMPTED TO INVOKE THE K.D.O.C's PRISON GRIEVANCE

PROCEDURE, BUT K.D.O.C/HCF OFFICIALS REFUSED TO PROCESS PLAINTIFF'S

FORM 9S AND GRIEVANCES, MAKING THE GRIEVANCE PROCEDURE UNAVAILABLE

TO PLF FOR EXHAUSTING HIS COMPLAINTS/ISSUES. (SEE PLF'S ATTACHED EXH.'S !

D-1, D-7, D-18, D-24, E-5, E-13, ETC.) (SEE

JAMES V. DAVIS, 2006 WL 2171082, *1 (D.S.C., JULY 3, 2006)

(HOLDING THAT RETURN OF GRIEVANCES UNPROCESSED, ON THE GROUND THAT THE

PROBLEMS WERE TAKEN CARE OF AND THAT THE DAMAGES CLAIMS COULD NOT

BE GRIEVED, THWARTED PLAINTIFF'S ABILITY TO EXHAUST.) (SEE HOOKS V. RICH,

2006 WL 565909, *5 (S.D. GA, MAR. 7, 2006). ("THE EXHAUSTION REQUIREMENT

IS A GATEKEEPER, NOT A "GOTCHA" MEANT TO TRAP UNSOPHISTICATED PRISONERS

WHO MUST NAVIGATE THE ADMINISTRATIVE PROCESS PRO SE"). (SEE LAFAUCI V.

N.H. DEPT OF CORR, 2005 WL 419691, *14 (D.N.H. FEB. 23, 2005) (WHILE PROPER

COMPLIANCE WITH THE GRIEVANCE SYSTEM MAKES SOUND ADMINISTRATIVE SENSE,

THE PROCEDURES THEMSELVES, AND THE DIRECTIONS GIVEN TO INMATES SEEKING TO

FOLLOW THOSE PROCEDURES, SHOULD NOT BE TRAPS DESIGNED TO HAMSTRING

LEGITIMATE GRIEVANCES.")


41.) DEF'S ALLEGE PLF DID NOT EXHAUST HIS ADMINISTRATIVE REMEDIES...
(PAGE - 30 OF 32)

PAGE 31

BECAUSE PLF'S 4-25-2019 WAS UNTIMELY AND NOT WITHIN THE 15 DAY TIME PERIOD IN WHICH A GRIEVANCE MUST BE FILED IN (SEE DOC. NO. 26, PAGE 10)

PLF OPPOSES. PLF WAS UNDER THE IMPRESSION PLF'S INJURY CLAIM WOULD BE APPROVED, BUT PLF FOUND OUT, BY GETTING THE INJURY CLAIM BACK ON 4-17-2019 THAT THE CLAIM WAS DENIED, AND WHY. (SEE ATTACHED EXH.'S: D-1 THROUGH D-24)(15) DAYS FROM 4-18-2019 WOULD BE 5-2-2019. PLF SUBMITTED THIS GRIEVANCE BEFORE THE (15) DAY TIME BARRED. (SEE ATTACHED EXH D-1)

42.) DEF'S ALSO CLAIM PLF'S 9-25-2019 GRIEVANCE IS ALSO TIME-BARRED (SEE ATTACHED EXH. E-13)

　　　　　PLF OPPOSES, AGAIN, PLF DISCOVERED DEF'S DIDN'T ANSWER AND RETURN YET ANOTHER FORM-9 CONCERNING THE ATTACK AGAINST PLF ON 9-13-2018, AND WITHIN (15) DAYS OF PLF'S DISCOVERY OF THAT, PLF ATTACHED THE FORM-9 RECEIPT TO A GRIEVANCE AND SUBMITTED IT ON 9-25-2019. BUT IT BEARS MENTION PLF FIRST ATTACHED IT TO A FORM-9 AND SUBMITTED IT ON 9-12-2019 (SEE ATTACHED EXH.'S E-5 AND E-12)

　　　　　FREQUENTLY THE ACTUAL PRACTICE IN PRISON GRIEVANCE SYSTEMS DIVERGES FROM THE FORMAL WRITTEN PROCEDURE. COURTS HAVE HELD THAT A PRISONER WHO COMPLIES WITH THE INFORMAL PRACTICE HAS SATISFIED THE EXHAUSTION REQUIREMENT... (SEE CURTIS V. TIMBERLAKE, 436 F.3d 709, 712 (7th CIR. 2005) K.D.O.C.'S GRIEVANCE SYSTEM STARTS BY SUBMITTING A FORM-9 TO DOCUMENT THE PRISONERS INFORMAL RESOLUTION ATTEMP PER K.A.R. 44-15-101(b). PLF DID FOLLOW KAR 44-15-101 (b), AND K.D.O.C./HCF UNIT TEAM/OFFICIALS REFUSED TO PROCESS PLF'S GRIEVANCE INCORRECTLY AND/OR INTENTIONALLY, AS ITS A NORMAL PATTERN OF BEHAVIOR AND A K.D.O.C. FACILITY WIDE TACTIC TO IGNORE C/M'S COMPLAINTS, DESTROY DETAILED FACTS OF AN INCIDENT, OR ATTACK IN PLF'S CASE, AND DRAGS EVERYTHING OUT IN A FILE BUSTER; STAND STILL. BUT THE FACTS AND EVIDENCE IS CLEAR PLF HAS EXHAUSTED ALL HIS AVAILABLE ADMINISTRATIVE REMEDIES

CONCLUSION

DEFENDANTS MOTION TO DISMISS/MOTION FOR SUMMARY JUDGMENT SHOULD BE DENIED, AND DEF. ARE NOT ENTITLED TO SUMMARY JUDGMENT BECAUSE PLF EXHAUSTED HIS AVAILABLE REMEDIES TIMELY AND SUED DEF.'S IN THEIR INDIVIDUAL CAPACITIES ONLY.

PAGE - 32

RESPECTFULLY,

Christopher David Brown

(PAGE-32-0F32).