# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT of KANSAS

CHRISTOPHER DAVID BROWN,

PLAINTIFF,

CASE No. 5:21-cv-03105-JAR-GEB

VS

DANIEL L. SCHNURR, et al.,

DEFENDANT(S),

## PLAINTIFF'S SUPPLEMENTAL, OR IN THE ALTERNATIVE AMENDED RESPONSE IN OPPOSITION TO DEFENDANTS MOTION TO DISMISS, OR IN THE ALTERNATIVE MOTION FOR SUMMARY JUDGMENT

COMES NOW, PRO SE PLAINTIFF CHRISTOPHER DAVID BROWN IN THE ABOVE CAPTIONED CASE AND SUBMITS THIS SUPPLEMENTAL, OR IN THE ALTERNATIVE AMENDED RESPONSE ▮▮▮▮▮▮ IN OPPOSITION TO DEFENDANTS MOTION TO DISMISS, OR IN THE ALTERNATIVE MOTION FOR SUMMARY JUDGMENT.

PLAINTIFF REMINDS THE COURT THAT HE IS NOT ONLY A PRO SE PLAINTIFF, BUT A PRO SE PLF PRISONER, WHO IS ON ADMINISTRATIVE SEGREGATION STATUS; O.S.R. (OTHER SECURITY RISK) WHICH K.D.O.C. CLASSIFIES EVERYONE UNDER, INCLUDING ▮▮DEATH ROW PRISONERS WHO ARE GETTING DAY ROOM▮▮, ▮▮▮▮▮▮▮▮▮▮ ALLOWED TO BE PORTERS, ▮▮▮▮▮▮▮, UNCUFFED AROUND CUFFED PRISONERS, ▮▮▮ MALE AND FEMALE STAFF. CLEARLY K.D.O.C.'S SECURITY RISK ARE QUESTIONABLE, TO SAY THE LEAST. BUT HE IS NOT ALLOWED TO BE OUT OF HIS CELL UNCUFFED, NOR CAN PLF VISIT THE LAW LIBRARY, AND PLF DOESN'T HAVE ANYONE TRAINED IN THE LAW TO HELP PLF. PLF MUST REQUEST LAW MATERIALS BY A FORM-9, WHICH STAFF HAVE (10) DAYS TO ANSWER AND RETURN, IF THE FORM-9's PROCESSED. PLF IS STILL HAVING ISSUES WITH RECEIVING LAW LIBRARY MATERIAL REQUEST TO DATE, BUT PLF JUST RECENTLY RECEIVED SOME CASE LAW, DEFENDANTS REFER TO IN THEIR MOTION FOR SUMMARY JUDGMENT, AND PLF HAS NEW INFORMATION TO USE IN PLF'S RESPONSE IN OPPOSITION TO DEF.'s

( PAGE-1-of-8 )

MOTIONS DOC. NO. (25, 26, AND 27) PLF WISHES TO **ADD** THESE FACTS, EVIDENCE, INFORMATION AND ARGUMENTS TO PLF'S RESPONSE DOC. NO. 30 ALREADY FILED WITH THIS COURT. PLF STATES THE FOLLOWING:

1. PLAINTIFF FILED HIS §1983 ACTION/COMPLAINT ON 4-15-2021

2.) DEFENDANTS REFER TO CASE LAW THAT WAS NOT DECIDED UNTIL AFTER PLF'S FILING DATE (SEE ~~~~~~~~~~~ Tran v. County of Douglas, No. 21-2310-KHV, 2021 WL 5505455 at *5 (D. Kan. Nov. 24, 2021); PAGE-6 OF DOC NO. 26) (SEE Rigney v. Tropf, No. 20-3106-SAC, 2021 WL 5833932, at *4 (Kan. Dec. 9, 2021); PAGE-9, AT DOC. NO. 26). BECAUSE THESE CASES WERE NOT AVAILABLE TO PLF, AND THE LEGAL RULINGS WERE NOT IN EFFECT WHEN PLAINTIFF FILED HIS LAWSUIT, PLAINTIFF MOVES TO STRIKE THE CASE LAW, THE LEGAL RULINGS, DEFENDANTS ARGUMENTS AND AUTHORITY USING THESE CASES BE STRUCK DOWN AND NOT ALLOWED AS PART OF THE DEF'S MOTIONS.

3.) DEF'S REFER TO AND/OR RELY ON Redford v. Kan. ex rel. Dept of corr. 295 P. 3d 1054, 2013 WL 781102, at *6 (Kan. ct. App. Mar. 1, 2013); (SEE DOC NO. 26 AT PAGE-11) PLF POINTS OUT TO THE COURT, THAT ~~~~~ KDOC/HCF HAS A HISTORY WITH OTHER PRISONERS OF DESTROYING THEIR LEGAL/OFFICIAL PAPERS. IN THIS CASE DEF'S RELY ON, ~~~~~ HUTCHINSON CORRECTIONAL FACILITY; (H.C.F) OFFICIALS DESTROYED THE PLAINTIFFS' INJURY CLAIM AND THEN THE PLAINTIFFS GRIEVANCE. IT IS A PATTERN OF BEHAVIOR OF K.D.O.C/H.C.F., STAFF/OFFICIALS TO DESTROY PRISONERS LEGAL/OFFICIAL PAPERS AND LIKE THE CASE DEF'S RELY ON HERE, PLF'S CASE IS SIMILAR. IN THAT K.D.O.C./H.C.F. STAFF/UNIT TEAMS/DEF'S DESTROYED PLF'S FORM-9'S AND GRIEVANCES (SEE EXHIBITS L, L-1, L-2) THESE ARE EXHIBITS PLF HAS NOT ENTERED INTO THE RECORD UNTIL NOW, BUT PLF STILL WANTS ALL OF PLF'S DOC. NO. 30. EXHIBITS, INFORMATION, PLEADINGS, DOCUMENTS, ARGUMENTS (EVERYTHING) TO BE PLF'S RESPONSE. PLF IS JUST **ADDING** THESE ISSUES, EXHIBITS, DOCUMENTS, INFORMATION, AND INCORPORATES IT WITH HIS FIRST RESPONSE.

4) ALSO, IN THIS CASE DEF'S RELY ON, JUDGE TIMOTHY J. CHAMBERS ISSUED AN ORDER, REGARDING **PLF REDFORD'S** EXHAUSTION OF ADMINISTRATIVE REMEDIES, AND ORDERED A HEARING REFERRED TO AS THE "PRISON DOCKET," AND THE ISSUE WOULD BE WHETHER **PLF REDFORD** MET THE REQUIREMENT OF EXHAUSTION OF HIS →

(PAGE-2-OF-8)

ADMINISTRATIVE REMEDIES BY MAKING A GOOD FAITH EFFORT TO DO SO, AND BEING PREVENTED IN DOING SO BY ACTIONS OF KDOC EMPLOYEES. IT SEEMS DEF'S ARE REQUESTING SUCH A HEARING, BUT PLF HAS SUBMITTED MORE THAN ENOUGH DOCUMENTATION/EVIDENCE TO SHOW AND/OR PROVE DEF'S DESTROYED PLF'S FORM-9'S AND GRIEVANCES OVER AND OVER AGAIN, AND PLAINTIFF BROWN STILL CONTINUED TO RESUBMIT FORM-9'S AND GRIEVANCES AGAIN, AND AGAIN, AND AGAIN, AND AGAIN, AND AGAIN. WHICH SETS PLF APART FROM PLF REDFORD, IN THE CASE DEF'S RELY ON. (SEE EXHIBITS B-27-B-36, B-82, B-83, B-84, B-85, B-86, E-1-E-20, ▮▮▮/ A-A-3/, L-L-2/). PLF IS WILLING TO HAVE SUCH A HEARING.

5) ON APPEAL THE APPEALS COURT AFFIRMED IN PART, REVERSED IN PART AND REMANDED. THE APPEALS COURT RULED THAT PLF REDFORD DID IN FACT EXHAUST HIS ADMINISTRATIVE REMEDIES BY FILING/SUBMITTING THE IMPP 01-118 CLAIM/ INJURY CLAIM, WHICH WAS LATER DESTROYED BY KDOC STAFF. NOW, PLAINTIFF BROWN ALSO FILED/SUBMITTED THE K.D.O.C.'S IMPP 01-118 INJURY CLAIM, BUT PLF'S CLAIM WAS PROCESSED/EXHAUSTED, AND IF PLF REDFORD EXHAUSTED HIS ADMINISTRATIVE REMEDIES WITH A INJURY CLAIM THAT WAS NEVER PROCESSED/EXHAUSTED, THEN SURELY PLF BROWN'S PROCESSED/EXHAUSTED INJURY CLAIM SATISFIES PLF. BROWNS OBLIGATION TO EXHAUST HIS ADMINISTRATIVE REMEDIES, BASED ON DEF'S RELIANCE OF THIS CASE, DEF'S AGREE THAT PLF. BROWN DID IN FACT EXHAUST HIS ADMINISTRATIVE ▮ REMEDIES, JUST BY EXHAUSTING THE INJURY CLAIM PLF SUBMITTED.

6.) PLF WANTS THE COURT TO SEE THAT PLF HAS GONE WELL BEYOND THE NORMAL LIMITS TO EXHAUST PLF'S ADMINISTRATIVE REMEDIES. PLF WANTS THE COURT TO UNDERSTAND THAT BECAUSE PLF CHOOSES TO HANDLE CIVIL RIGHTS VIOLATIONS, MISTREATMENT, DISTRESS, ABUSE, SEXUAL ASSAULT/HARASSMENT, ASSAULT, BATTERY, AGGRAVATED BATTERY, RETALIATION, HATE, SLANDER, JUST EVIL..., FROM KDOC STAFF/OFFICIALS, PLAINTIFF IS PUNISHED TO EXTREME LEVELS, STAFF PUT HITS ON PLF FOR GOD'S SAKE! STAFF SPIT IN PLF'S FOOD FOR GOD'S SAKE, STAFF GIVE PLF'S MAIL FROM LOVED ONES/FAMILY, KIDS, TO OTHER INMATES TO USE THE LETTERS AND ADDRESSES TO EXTORT PLF AND BLACKMAIL PLF AND THE COURTS NEED TO DO SOMETHING ABOUT KDOC'S PRISON SYSTEMS PLAYING GAMES, DESTROYING PRISONERS/PLF'S OFFICIAL/ LEGAL PAPERS, AND PREVENTING PLF FROM EXHAUSTING ADMINISTRATIVE →

(PAGE-3-OF-8)

REMEDIES, __PLF__ SHOULD NOT HAVE TO FILE SEVERAL FORM-9's AND SEVERAL GRIEVANCES AND JUST BECAUSE KDOC OFFICIALS DESTROY THESE DOCUMENTS A PRISONER IS ALLEGED NOT TO HAVE EXHAUSTED HIS ADMINISTRATIVE REMEDIES. __PLF__ BELIEVES THE COURT CAN SEE PLE HAS EXHAUSTED KDOCS __AVAILABLE__ ADMINISTRATIVE REMEDIES, NUMEROUS TIMES, AND __PLE__ HAS, EVEN WHEN FACED WITH EXTRAORDINARY CIRCUMSTANCES, OF STAFFS EVIL, LYING, CORRUPT, GAMES OF MISPLACING, LOSING, AND DESTROYING __PLF'S__ FORM-9's, GRIEVANCES, GRIEVANCE APPEALS.

7.) __PLAINTIFF__ POINTS OUT, "WHERE PRISON OFFICIALS PREVENT, THWART, OR HINDER A PRISONER'S EFFORTS TO AVAIL HIMSELF OF AN ADMINISTRATIVE REMEDY, THEY RENDER THAT REMEDY 'UNAVAILABLE' AND A COURT WILL EXCUSE THE PRISONER'S FAILURE TO EXHAUST." (SEE __LITTLE v. JONES__, 607 F. 3d 1245, 1250 (10TH CIR. 2010). __PLF__ ~~DOESNOT~~ HAVE THE __LITTLE V. JONES__ CASE YET, AS __PLF__ IS STILL WAITING ON THE LAW LIBRARY TO SEND THAT AND OTHER CASES TO __PLF__. __PLF__ DOES HAVE (__GILLINGS V. BANUELOS__, 650 Fed. APPX. 622 2016 U.S. APP. LEXIS 9760 TENTH CIRCUIT. PLF DID IN FACT EXHAUST __PLF'S__ ADMINISTRATIVE REMEDIES, BUT EVEN WITH THE FORM-9's AND GRIEVANCES AND LETTERS __PLF__ FILED/SUBMITTED THAT __DEF.'S__ DESTROYED, __PLF__ STILL IS CONSIDERED TO OF HAD EXHAUSTED BY CASE LAW. __DEFS__ RELY ON, AND/OR ACCORDING TO THE LAW.

8) __PLE__ ASK THIS COURT, HOW MANY FORM-9's, GRIEVANCES, GRIEVANCE APPEALS, PROPERTY CLAIMS, INJURY CLAIMS MUST A PRISONER FILL OUT/ SUBMIT, ONLY TO HAVE THE PAPER WORK DESTROYED, BEFORE THE COURTS SAYS, YEAH, __KDOC__ IS ANOTHER DOC SYSTEM ABUSING ITS POWER/AUTHORITY, BEING CORRUPT, USING THE LAW TO GET PRISONERS CASES DISMISSED BECAUSE DOC STAFF ARE LYING AND CORRUPT AND DESTROYING A PRISONER PAPER WORK?? QUESTION...

9) RIGHT NOW, __PLE__ PUT IN A FORM-9 DATED __4-6-2022__ THAT STILL TO DATE __5-18-2022__ HAS NOT BEEN ANSWERED OR RETURNED, AND THERE'S A (10) DAY TIME FRAME TO ANSWER AND RETURN THE FORM-9 IN. __KDOC'S__ GRIEVANCE PROCEDURE IS A RUBBER STAMP REPLY SYSTEM. ITS A JOKE. BUT ITS A __KDOC__ FACILITY WIDE PROBLEM FOR STAFF AND UNIT TEAMS AND WARDENS TO __DESTROY__ PRISONERS OFFICIAL/LEGAL/ADMINISTRATIVE PAPERS. PLF HAS BEEN SUBJECTED TO IT FOR (29) YEARS. ITS NOT __RIGHT!!!__ IT'S CORRUPTION! →

(PAGE-4-OF-8)

10) PLF NEXT ADDRESSES ANOTHER CASE DEF'S REFER TO IN THEIR MOTIONS.
(SEE DOC. NO. 26 AT PAGE-10, LEWIS V. CARRELL, NO. 12-CV-3112-DC-JPO, 2015-
WL 413640, AT *2-3 (D. KAN. JAN. 30, 2015)

PLF FINALLY RECEIVED (LEWIS V. CARRELL-
2015 U.S. DIST. LEXIS 10972 2015 WL 413640 FROM E.D.C.F.'S LAW LIBRARY WHICH
PLF CAN NOW USE TO SUPPORT PLF'S OPPOSITION TO DEF.'S MOTIONS. PLF FINDS THE
ABOVE CASE TO BE IMPORTANT AND BELIEVES DEF.'S ARE, ONCE AGAIN, ATTEMPTING
TO MISLEAD THIS COURT WITH THEIR ALLEGATIONS, STATEMENTS, AND/OR
ALLEGED FACTS. THE ABOVE CASE REFERS TO (SHARROCK V. STEPHENS, NO. 10-CV-3210-
CM/SAC, 2011 U.S. DIST. LEXIS 131273, 2011 WL 5526444, AT *1 (D. KAN. NOV. 14, 2011)
AND IN THAT CASE, JUDGE MURGUIA HELD THAT TWO (2) SETS OF
ADMINISTRATIVE PROCEDURES GOVERN EXHAUSTION IN KANSAS, AND FIRST
DESCRIBED THE ADMINISTRATIVE EXHAUSTION REQUIREMENTS CONTAINED
IN ARTICLE 15 OF THE KANSAS ADMINISTRATIVE REGULATIONS FOR CLAIMS
INVOLVING PRISON CONDITIONS. ID. THE COURT NEXT EXPLAINED THAT THE
"KANSAS REGULATIONS ALSO INCLUDE A PROCESS FOR A PERSONAL INJURY CLAIM"
UNDER ARTICLE 16. ID. (EMPHASIS ADDED) IN SHARROCK V. STEPHENS, THE PLF.
DID NOT EXHAUST EITHER ARTICLE 15 OR 16, AND AS A RESULT SUMMARY JUDGMENT
WAS GRANTED AGAINST PLF. THIS LAWSUIT IS DIFFERENT, IN THAT PLF BROWN
SUBMITTED KDOC'S INJURY CLAIM THAT WAS PROCESSED AND FINALLY EXHAUSTED
ON 4-17-2019 (SEE DOC NO. 1, EXHIBIT'S B-1 THROUGH B-7) PLF ALSO FILED AND
SUBMITTED FORM-9'S, GRIEVANCES AND GRIEVANCE APPEALS LETTERS IN AN ATTEMPT
TO EXHAUST ARTICLE 15 ADMINISTRATIVE REMEDIES BUT KDOC/H.C.F. EMPLOYEES
REFUSED TO PROCESS THEM, AND DESTROYED THEM (SEE ATTACHED EXHIBITS B-THROUGH
B-7, B-8'S AND B6, E-1 THROUGH E-20, H-THROUGH H-3, AND L-THROUGH L-2). PLF BROWN
ALSO FILED AND SUBMITTED FORM-9'S, GRIEVANCES AND GRIEVANCES APPEALS
COMPLAINTS DUE TO THE FACT THAT KDOC/H.C.F. EMPLOYEES DESTROYED
PLF'S FORM-9'S AND GRIEVANCES AND APPEAL LETTERS. (SEE ATTACHED EXHIBITS. E-1-
THROUGH E-20, L-THROUGH L-2) UNLIKE THE OTHER CASES PLF HAS READ, WHICH
DEF'S RELY ON, AND REFER TO PLF NEVER GAVE UP, AND CONTINUED TO DO HIS BEST
TO EXHAUST ADMINISTRATIVE REMEDIES IN ARTICLE 15 AND 16. GOING BACK TO
JUDGE MURGUIA, "INDEED JUDGE MURGUIA FIRST DESCRIBED ARTICLE 15'S
EXHAUSTION REQUIREMENTS, AND THEN EXPLAINED THAT THE KANSAS REGULATIONS
ALSO INCLUDE EXHAUSTION REQUIREMENTS FOR PERSONAL INJURY CLAIMS UNDER
ARTICLE 16. 2011 U.S. DIST. LEXIS 131273 [WL] AT *1. NOW IN LEWIS V. CARRELL
JUDGE DANIEL D. CRABTREE CONTINUES," THE COURT UNDERSTANDS
JUDGE MURGUIA'S USE OF THE WORD "ALSO" TO REINFORCE THAT THE TWO SETS
OF REGULATIONS ARE SEPARATE AND DISTINCT FROM ONE ANOTHER. THIS IS, OF COURSE, →

(PAGE-5-OF-8)

EXACTLY WHAT THE KANSAS COURT OF APPEALS [*11] OPINED IN REDFORD. IN
ADDITION, SHARROCK'S USE OF THE TERM "ALSO" SUGGEST THAT PLAINTIFF
COULD HAVE SATISFIED THE EXHAUSTION REQUIREMENT IN ONE OF TWO WAYS-
EITHER BY EXHAUSTING THE PREREQUISITE FOR ASSERTING A CONSTITUTIONAL
CLAIM UNDER ARTICLE 15 OR "ALSO" BY SATISFYING THE EXHAUSTION
REQUIREMENT FOR A PERSONAL INJURY CLAIM UNDER ARTICLE 16. MOREOVER,
IF-AS DEFENDANT CONTENDS - A PLAINTIFF ASSERTING A § 1983 CLAIM
SEEKING TO RECOVER DAMAGES FOR A PERSONAL INJURY CAUSED BY
UNCONSTITUTIONAL CONDUCT MUST EXHAUST REMEDIES UNDER BOTH
ARTICLE 15 AND ARTICLE 16, JUDGE MURGUIA WOULD ONLY HAVE NEEDED
TO CONSIDER WHETHER PLAINTIFF HAD SATISFIED THE ARTICLE 16 REQUIRE-
MENTS AND WOULD HAVE DISMISSED THE PLAINTIFF'S CLAIM ON THAT BASIS
ALONE. BUT THAT IS NOT WHAT HAPPENED. INSTEAD, SHARROCK ANALYZED
WHETHER PLAINTIFF HAD EXHAUSTED ADMINISTRATIVE REMEDIES UNDER
EITHER ARTICLE 15 OR 16, CONCLUDED THAT HE HAD EXHAUSTED HIS
ADMINISTRATIVE REMEDIES UNDER NEITHER ALTERNATIVE, AND DISMISSED
PLAINTIFF'S CLAIM ON THAT BASIS. PLF UNDERSTANDS THIS TO MEAN PLF.
COULD HAVE EXHAUSTED ADMINISTRATIVE REMEDIES BY EXHAUSTING THE
GRIEVANCE PROCEDURE IN ARTICLE 15, OR BY EXHAUSTING THE INJURY
CLAIM IN ARTICLE 16. EVEN SO, PLF DID EXHAUST HIS AVAILABLE
ADMINISTRATIVE REMEDIES UNDER ARTICLE 15 AND ARTICLE 16. BUT
PLF ASK THE COURT TO REALIZE, CONSIDER, UNIT TEAM PETTIJOHN PROCESSED THE
INJURY CLAIM, THE WARDEN APPROVED THE RECOMMENDATIONS OF
UNIT TEAM PETTIJOHN, AND THE SECRETARY OF CORRECTION APPROVED THE
WARDEN'S RECOMMENDATIONS. THAT'S UNDER ARTICLE 16. UNDER ARTICLE
15, UNIT TEAM PETTIJOHN PROCESSES THE FORM 9, THE WARDEN SUPPORTS THE
UNIT TEAMS RESPONSE, THEN THE SECRETARY OF CORRECTIONS SUPPORTS
THE WARDENS RESPONSE. THE SAME K.D.O.C. STAFF/OFFICES REPLY TO
ARTICLE 15 AND ARTICLE 16. SO IT CRAZY TO MAKE A PRISONER
EXHAUST REMEDIES TWICE, EVEN SO PLF. BROWN DID JUST THAT,
NO, PLF. BROWN EXHAUSTED APPROX (8) TIMES, BUT STAFF KEPT
DESTROYING PLF'S PROPERTY/LEGAL/OFFICIAL PAPERS, WHICH IS A
PATTERN OF BEHAVIOR FOR KDOC STAFF/OFFICIALS, AND PLF HOPES
THE COURTS DO SOMETHING TO STOP KDOC EMPLOYEES FROM THIS
KDOC TACTIC TO CORRUPTLY END PRISONERS LAW SUITS BASED ON THE
EXHAUSTION ARGUMENTS. (SEE EXHIBITS B-THROUGH B-89, E THROUGH E-20, H THROUGH H-3,
AND L-THROUGH L-3.)
11.) PLAINTIFF WANTS TO MAKE CLEAR THAT PLF DID IN FACT EXHAUST THE

ADMINISTRATIVE REMEDIES K.D.O.C. EMPLOYEES, STAFF, AND/OR
DEFENDANTS ALLOWED. PLF BELIEVES HE SHOULDN'T HAVE TO WRITE
AND SUBMIT SEVERAL FORM-9'S, GRIEVANCES, GRIEVANCE APPEALS
BUT THAT'S WHAT PLF DID. "DUE DILIGENCE CAN NOT BE IGNORED.
DEFENDANTS CAN NOT HIDE PLF'S CONTINUED DUE DILIGENCE TO
EXHAUST HIS ADMINISTRATIVE REMEDIES. DEF'S REFUSED PLF.
INDIGENT COPY TICKETS, (SEE EXH. M THROUGH M-4) WHICH IS DUE
TO UNIT TEAMS KNOWING I'LL GET COPIES OF MY OFFICIAL/LEGAL
PAPERS AND U.T.'S/WARDENS/S.O.C. NOT WANTING ME TO, AND DUE TO
THEM SUPPORTING THE K.D.O.C. PRACTICE OF DESTROYING PRISONERS/
MY OFFICIAL/LEGAL FORMS/PAPERS, BUT THE COURT CAN SEE
MY "GOOD FAITH EFFORTS) TO EXHAUST MY/PLF'S ADMINISTRATIVE
REMEDIES, ALL ALONG ITS THE VERY KDX STAFF ANSWERING MY
COMPLAINTS THAT ARE DESTROYING MY COMPLAINTS, ITS CRAZY
BUT THE TRUTH. ▬▬▬▬
▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

12.) PLF WILL SUBMIT FURTHER SUPPORTING FACTS, INCIDENTS, AND
DOCUMENTATION TO PROVE TO THE COURT THAT PLF HAS SET HIMSELF
APART FROM ALL OTHER INMATES AND CASE LAW PLF'S REFER TO
IN THAT PLF'S GOOD FAITH EFFORTS TO EXHAUST PLF'S K.D.O.C.
ADMINISTRATIVE REMEDIES NEVER STOPS. PLF HAS REFUSED
TO GIVE UP AND THROW IN THE TOWEL, INSTEAD PLF WRITES
COMPLAINT AFTER COMPLAINT, DUE TO K.D.O.C. STAFFS KNOWINGINGLY
AND INTENTIONALLY UNPROFESSIONAL, ILLEGAL HINDERING PLF'S
ACCESS TO THE COURTS, DUE TO DEF'S DESTROYING PLF OFFICIAL/
LEGAL PAPERS/DOCUMENTS, DUE TO DEF.'S PREVENTING PLF
FROM EXHAUSTING K.D.O.C. REMEDIES BY REFUSING TO PROCESS
PLF'S FORM 9'S/GRIEVANCES AND INSTEAD DESTROYING THEM.
(SEE EXHIBITS-N THROUGH ▬▬▬ 23) PLF HAS SEVERAL OTHER
COMPLAINTS/DOCUMENTS ABOUT K.D.O.C. STAFF DESTROYING PLF'S FORM 9'S
AND GRIEVANCES AND PREVENTING PLF FROM EXHAUSTING KDOC'S
GRIEVANCE PROCEDURES, BUT PLF STILL MANAGED TO EXHAUST
PLF'S ADMINISTRATIVE REMEDIES EVEN WHEN FACED WITH So
MUCH RETALIATION, AND KDX EMPLOYEE GAMES AND HARASSMENT
AND PUNISHMENTS, WHICH THE COURT CAN SEE, AND CAN SEE
PLF MADE NUMEROUS AND EXTREME GOOD FAITH EFFORTS TO

( PAGE-7-OF-8 )

PLF'S ADMINISTRATIVE REMEDIES.

13.) PLF IS STILL WORKING ON LAW LIBRARY CASE LAW AND ANSWER TO QUESTION TO ADD PLF IN HIS ~~SUPPLEMENTAL REPLY TO~~ SUPPLEMENTAL REPLY TO DEF'S MOTION FOR DISMISSAL OR IN THE ALTERNATIVE MOTION FOR SUMMARY JUDGMENT BUT SUBMITS THIS NOW TO BE ADDED TO PLF'S FIRST REPLY.

DATE - 5-18-2022 / RESPECTFULLY,

C. David Brown 57800
EARLE. P.O. BOX 311
EL DORADO, KS. 67042

I, CHRISTOPHER DAVID BROWN being competent to make this declaration above and having personal knowledge of the above matters stated therein, declares pursuant to 28 U.S.C. §1746 under penalty of perjury that the foregoing is true and correct

Executed - 5-18-2022

christopher David Brown
(SIGNATURE)

(PAGE-8-OF-8)