IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **CHRISTOPHER DAVID BROWN,** | |
| **Plaintiff,** | |
| v. | Case No. 21-CV-3105-JAR-GEB |
| **DANIEL L. SCHNURR, ET AL.,** | |
| **Defendants.** | |

# ORDER

Before the Court are the following recent filings by Plaintiff Christopher Brown, a Kansas prisoner who proceeds *pro se* and *in forma pauperis*: (1) a June 17, 2022 Motion for Extension of Time to File Sur-Reply related to Defendants' Motion to Dismiss (Doc. 35); (2) a June 17, 2022 Notice (Doc. 36) requesting confirmation that his June 17 Motion for Extension of Time and supporting documents were e-filed in this case; (3) a June 30, 2022 Motion for Extension of Time to File a Sur-Reply (Doc. 37); and (4) a June 30, 2022 Notice (Doc. 38) requesting confirmation that his June 17 and June 30 motions for extension of time and supporting documents were e-filed in this case.

"Under D. Kan. Rule 7.1(c), briefing on motions is limited to the motion (with memorandum in support), a response, and a reply. Sur-replies are not typically allowed."[1] Because sur-replies are not provided for under the rules, a party who wishes to file one must seek leave of court.[2] Under that rule, the moving party is required to attach the proposed sur-reply to the motion for leave to file. Such motions are only granted under "rare circumstances."[3]

---

[1] *COPE v. Kan. State Bd. of Educ.*, 71 F. Supp. 3d 1233, 1238 (D. Kan. 2014) (citation omitted).

[2] *See* D. Kan. R. 15.1.

[3] *COPE*, 71 F. Supp. 3d at 1238 (citation omitted).

Nonetheless, the nonmoving party on summary judgment "should be given an opportunity to respond to new material raised for the first time in the movant's reply."[4]  Alternatively, the Court can disregard new material raised in the reply when reaching its decision.[5]  New "material" includes both evidence and legal arguments.[6]

Because Plaintiff proceeds *pro se*, the Court must construe his filings liberally and hold them to a less stringent standard than formal pleadings drafted by attorneys.[7]  However, Plaintiff's *pro se* status does not excuse him from complying with federal and local rules.[8]  Plaintiff concedes in his motions for extension of time that he is unsure whether he is entitled to file a "reply" to Defendants' reply on the motion to dismiss in this case.  The motions set forth detailed reasons why Plaintiff requires more time to file.  As set forth above, Plaintiff is not entitled to file a sur-reply without showing that one is necessary in order to respond to new evidence or legal arguments in Defendant's reply.  The Court notes that Plaintiff has already submitted an untimely "Amended Response" after the time passed for Defendant to file a reply.  Because there is no right to file a sur-reply, Plaintiff's motions for extension of time to file such a document are denied as moot.  To the extent Plaintiff seeks to file a sur-reply, he must file a motion for leave of court to do so, setting forth the "rare circumstances" that necessitate the filing, and he shall attach his proposed sur-reply to the filing.

---

[4] *Green v. New Mexico*, 420 F.3d 1189, 1196 (10th Cir. 2005) (citing *Beaird v. Seagate Tech., Inc.*, 145 F.3d 1159, 1164 (10th Cir. 1998)).

[5] *Id.*

[6] *Id.*

[7] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)).

[8] *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)); *see* D. Kan. Local Rule 83.5.4(g) ("Any party appearing on his or her own behalf without an attorney is expected to read and be familiar with the Rules of Practice and Procedure of this court [and] the relevant Federal Rules of Civil Procedure . . . .").

Plaintiff also filed two notices questioning whether prison officials submitted his motions for extension of time to the Court for filing because he did not receive Notices of Electronic Filing confirming they were filed. As stated above, these filings were received by the Court. The Clerk is directed to include copies of the Notices of Electronic Filing for Docs. 33 through 39 when it sends this Order to Plaintiff by mail.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Extension of Time to File Sur-Reply related to Defendants' Motion to Dismiss (Doc. 35) and Motion for Extension of Time to File a Sur-Reply (Doc. 37) are **denied as moot**. The Clerk is directed to send copies of the Notices of Electronic Filing for Docs. 33 through 39 when it sends this Order to Plaintiff by mail.

**IT IS SO ORDERED.**

Dated: July 6, 2022

S/ Julie A. Robinson<br>
JULIE A. ROBINSON<br>
UNITED STATES DISTRICT JUDGE