IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **CHRISTOPHER DAVID BROWN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case. No. 21-3105-JAR-GEB |
| | ) |
| **DANIEL L. SCHNURR,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

### RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR A SHOW CAUSE ORDER REGARDING WHY A PRELIMINARY INJUNCTION OR PROTECTIVE ORDER SHOULD NOT BE ISSUED

Defendants Jeffrey Pettijohn and Todd Swenson ("Defendants") submit, through Assistant Attorney General Matthew L. Shoger, this response to Plaintiff's Motion Requesting the Court Issue an Order to Show Cause why KDOC Officials/Employees Continue to Subject Plaintiff to Numerous Forms of Retaliation for Plaintiff Exercising his First Amendment Rights, and to Explain Why the Court Shouldn't Issue a Temporary Preliminary Injunction and/or Protective Order (ECF No. 42) (hereinafter "Motion for a Show Cause Order"). Defendants respectfully request that this motion be denied and state the following in support.

When a motion for injunctive relief strays from the underlying claims and the character of the requested relief in the complaint, the motion should be denied. *Hicks v. Jones*, 332 F. App'x 505, 508 (10th Cir. 2009) (quoting *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945)) ("The district court did not abuse its discretion in denying a preliminary injunction or TRO [when the plaintiff] sought relief 'on a matter lying wholly outside the issues in his suit.'"); *see also Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 637

(9th Cir. 2015) ("the court properly denied the motion [for injunctive relief] because it was unrelated to the underlying complaint").

> The purpose of a preliminary injunction is to preserve the status quo pending the litigation of the merits. *Penn v. San Juan Hosp., Inc.*, 528 F.2d 1181, 1185 (10th Cir. 1975). A preliminary injunction is appropriate to grant intermediate relief of the same character as that which may be finally granted, and *relief is not proper when requested on matters lying wholly outside the issues in suit*. *De Beers Consol. Mines v. U.S.*, 325 U.S. 212, 220 (1945). To obtain preliminary injunctive relief, the party "must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); see also *Penn*, 528 F.2d at 1185 ("The burden is, of course, on the movant to establish his right to such relief. He must do so by clear proof that he will probably prevail when the merits are tried, so to this extent there is a relation between temporary and permanent relief.")

*Hooks v. Yandell*, No. 18-399, 2020 WL 5898782, at * 7 (E.D. Okla. Oct. 5, 2020) (emphasis added).

Here, Plaintiff's motion for injunctive relief strays from the underlying claims and the character of the requested relief in the complaint, and therefore the Court should deny the motion. Although the Plaintiff's motion only directly requests a show cause order, it indirectly requests injunctive relief, as the suggested show cause order would require Defendants "to explain why the court shouldn't issue a temporary preliminary injunction and/or protective order." (Pl.'s Mot. for a Show Cause Order, 1, ECF No. 42.). In Plaintiff's request for injunctive relief, Plaintiff fails to establish a relationship between the injury claimed in his motion and the conduct asserted in the complaint. In fact, Plaintiff does not even mention in his motion any conduct asserted in the complaint. Rather, the motion relates to grievances filed well after the complaint surrounding an entirely different matter (denial of requested changes in housing arrangements, including requests for a change of cellmate and a change in classification) from

the facts alleged in the complaint (an officer allegedly using a food pass door to injure Plaintiff's hand). Plaintiff also fails to specify with particularity how the specific defendants in this case are the cause of the unrelated injury claimed in his motion.

What is more, because Defendants already have their <u>Motion to Dismiss, or in the Alternative, for Summary Judgment</u> (ECF No. 25) pending before this Court, it would prejudice Defendants to require Defendants to respond to brand new claims in this wholly unrelated lawsuit. If Plaintiff wishes to bring new claims, those claims should go through the screening process required by the Prisoner Litigation Reform Act (28 U.S.C. § 1915A) as part of a new, separate lawsuit. Plaintiff should not be allowed to bypass the initial screening requirement by making a motion regarding new claims on an unrelated case that has already survived initial screening.

WHEREFORE, for the reasons set forth above, Defendants request that this Court enter an Order denying Plaintiff's <u>Motion for a Show Cause Order</u>, and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

OFFICE OF ATTORNEY GENERAL
DEREK SCHMIDT

<u>/s/ Matthew L. Shoger</u>
Matthew L. Shoger, KS No. 28151
Assistant Attorney General
120 SW 10th Avenue, 2nd Floor
Topeka, Kansas 66612-1597
matt.shoger@ag.ks.gov
(785) 296-2215
Fax: (785) 291-3767
*Attorney for Defendants*

## CERTIFICATE OF SERVICE

       I hereby certify that on this 13th day of July, 2022, a copy of the foregoing document was served via first-class mail, postage prepaid to:

Christopher David Brown #57800
El Dorado Correctional Facility
P.O. Box 311
El Dorado, Kansas 67042
*Plaintiff, pro se*

                                      /s/ Matthew L. Shoger
                                      Matthew L. Shoger
                                      Assistant Attorney General